ORIGINAL

5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NETJUMPER, L.L.C.
a Michigan limited liability corporation,

        Plaintiff,

v.

GOOGLE INC.,
a California corporation

        Defendant.

Civil Action No. 04-70366-CV
Hon. Julian Abele Cook

Magistrate Judge R. Steven Whalen

DEMAND FOR JURY TRIAL

---

Andrew Kochanowski
Sommers, Schwartz, Silver & Schwartz, P.C.
2000 Town Center, Suite 900
Southfield, MI 48075

*Attorney for NetJumper, LLC*

Kathleen A. Lang (P34695)
L. Pahl Zinn (P57516)
DICKINSON WRIGHT PLLC
500 Woodward Avenue, Suite 4000
Detroit, MI 48226-3425
(313) 223-3500

Frank E. Scherkenbach
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA 02110-2804

Howard G. Pollack
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063

*Attorneys for Google Inc.*

FILED '04 MAR 26 P2:36 

## ANSWER AND AFFIRMATIVE DEFENSES, OF GOOGLE INCORPORATED TO NETJUMPER, L.L.C.'S COMPLAINT

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant, Google Incorporated ("Google"), hereby responds to the Complaint of Plaintiff NetJumper, L.L.C. ("NetJumper"), on personal knowledge as to its own activities and on information and belief as to the activities of others, as follows.

Google denies each and every allegation contained in the Complaint that is not expressly admitted below. Any factual allegation admitted below is admitted only as to the specific

admitted facts, not as to any purported conclusions, characterizations, implications, or speculations that arguably follow from the admitted facts. Google denies that NetJumper is entitled to the relief requested or any other relief.

## PARTIES

1. Google lacks sufficient information to admit or deny the allegations of paragraph 1, and, therefore, denies those allegations.

2. Google admits that it does business in Michigan. Google denies the remaining allegations of paragraph 2.

## JURISDICTION AND VENUE

3. Google admits that this action arises under the Patent Law of the United States, 35 U.S.C. § 271 et seq., and that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

4. Google admits the allegations of paragraph 4.

## THE PATENTS-IN-SUIT

5. Google admits that U.S. Patent No. 5,890,172 (the '172 patent) issued on March 30, 1999. Google admits that U.S. Patent No. 6,226,655 (the '655 patent) issued on May 1, 2001. Google admits that the '655 patent is entitled "METHOD AND APPARATUS FOR RETREIVING DATA FROM A NETWORK USING LINKED LOCATION IDENTIFIERS." Google denies the remaining allegations of paragraph 5.

6. Google lacks sufficient information to admit or deny the allegations of paragraph 6, and, therefore, denies those allegations.

## PATENT INFRINGEMENT

7. Google admits that it provides Web searching and other services through its website at http://www.google.com. Google admits that it makes available through its website at http://labs.google.com technology that can be used to augment Google's searching technology. Google admits that a browser add-on search tool called the Google Toolbar was made available for downloading. Google admits that the Google Toolbar contains a feature called "Web

buttons" that include a "Next & Previous" feature. Google admits that technology called the Google Viewer was made available. Google admits that the Google Viewer contains a "continuously scrolling slide show" feature. Google admits that portions of the Google Toolbar and the Google Viewer were made by Google. Google admits that the Google Toolbar and Google Viewer are offered and/or used by Google. Google denies the remaining allegations of paragraph 7.

8.  Google admits that prior to the institution of this litigation, NetJumper communicated with Google concerning potential uses of technology purportedly developed by NetJumper. Google denies the remaining allegations of paragraph 8.

## AFFIRMATIVE DEFENSES

Defendant Google, as its Affirmative Defenses to the Complaint of NetJumper, states as follows:

### First Affirmative Defense

1. Google does not infringe and has not infringed any claims of the '172 patent and/or the '655 patent (collectively the "patents-in-suit").

### Second Affirmative Defense

2. The patents-in-suit are invalid because each fails to satisfy the conditions for patentability specified in the Patent Law of the United States, including, *inter alia*, 35 U.S.C. §§ 101, 102, 103, and 112.

### Third Affirmative Defense

3. Plaintiff NetJumper is estopped, based on statements, representations, and admissions made during prosecution of the patent applications that resulted in the patents-in-suit and any related applications from asserting any interpretation of any claim of either of the patents-in-suit that would cover the Google Toolbar and/or Google Viewer.

### Fourth Affirmative Defense

4. The relief sought by Plaintiff NetJumper is barred in whole or in part by the doctrine of unclean hands.

**Fifth Affirmative Defense**

5. Google reserves the right to amend and/or supplement these Affirmatives Defenses.

By: /s/

Kathleen A. Lang (P34695)
L. Pahl Zinn (P57516)
DICKINSON WRIGHT PLLC
500 Woodward Avenue, Suite 4000
Detroit, MI 48226-3425
(313) 223-3500

Frank E. Scherkenbach
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA 02110-2804

Howard G. Pollack
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063

*Attorneys for Google Inc.*

March 26, 2004