## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail on September 28, 2004.

Joyce A. Ford

DETROIT 28133-1 836644

15



**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

NET JUMPER, L.L.C.
a Michigan limited liability corporation,

        Plaintiff,

   v.

GOOGLE INC.,
a California corporation

        Defendant.

Civil Action No. 04-70366-CV
Hon. Julian Abele Cook

Magistrate Judge R. Steven Whalen

_____/

Kathleen A. Lang (P34695)
L. Pahl Zinn (P57516)
DICKINSON WRIGHT PLLC
500 Woodward Avenue, Suite 4000
Detroit, MI 48226-3425
(313) 223-3500

Frank E. Scherkenbach
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA 02110-2804

Howard G. Pollack
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063

*Attorneys for Google Inc.*

_____/

**NOTICE OF DEPOSITION OF RAJAT BHATNAGAR**
**PURSUANT TO FED. R. CIV. P. 45 AND 30(B)(1)**

PLEASE TAKE NOTICE that Defendant Google Inc. ("Google") will take the deposition of Rajat Bhatnagar upon oral examination pursuant to Rules 45 and 30(b)(1) of the Federal Rules of Civil Procedure.

The deposition will commence at 9:00 a.m. on December 14, 2004, at the offices of Fish & Richardson, 45 Rockefeller Plaza, Suite 2800, New York, NY 10111, or at another time and place mutually agreed upon by the parties, or ordered by the Court. The deposition will continue

1

from day to day, if necessary, until completed.  The deposition will be taken before a notary
public or other officer authorized by law to administer oaths and recorded stenographically and
videographically.

Dated:  November 11, 2004                    FISH & RICHARDSON P.C.


By: _____
       Jason W. Wolff
Attorneys for Defendant
GOOGLE INC.


Google - Bhatnagar Depo Notice.doc

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served, via U.S. Mail, upon all counsel of record, as identified below, on November 11, 2004:

Andrew Kochanowski                          Attorneys for Plaintiff
Sommers, Schwartz, Silver & Schwartz, P.C.  NETJUMPER, L.L.C.
2000 Town Center, Suite 900
Southfield, MI 48075

Michael H. Baniak                           Attorneys for Plaintiff
Jeffrey A. Pine                             NETJUMPER, L.L.C.
Baniak Pine & Gannon
150 North Wacker Drive, Suite 1200
Chicago, IL 60606

_____
Jason W. Wolff

Google - Mathur Depo Notice.doc

AO 88 (Rev. 11/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

DISTRICT OF <u>Connecticut</u>

NetJumper, L.L.C.

## SUBPOENA IN A CIVIL CASE

v.

Google Inc.

Case Number: [1]  2:04CV70366
Eastern District of Michigan
Southern Division

TO:  Rajat Bhatnagar
     1 Arnold Drive
     Stamford, CT 06905

☐   YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Fish & Richardson P.C.<br>45 Rockefeller Plaza, #2800, New York, NY 10111 | December 14, 2004<br>9:00 a.m. |

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Schedule A.

| PLACE | DATE AND TIME |
|---|---|
| FedEx Kinko's<br>980 Highridge Rd.<br>Stamford, CT 06905-1601 | November 30, 2004<br>5:00 p.m. |

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| <u>Jason W. Wolff</u> Attorney for Defendant Google Inc | November 11, 2004 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
FISH & RICHARDSON P.C.,
12390 El Camino Real, San Diego, CA 92130  (858) 678-4719

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

AO 88 (Rev. 11/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to

the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

SCHEDULE A

## I. DEFINITIONS

As used below, the following terms have the meaning indicated:

A.      "You" and "Your" refer to Rajat Bhatnagar, including any agents, attorneys, or other acting or purporting to act on Your behalf.

B.      "NetJumper" refers to Plaintiff, NetJumper Software, L.L.C., NetJumper, L.L.C., NetJumper, Inc., Tenretni Dynamics, Inc., Gilbert Borman, its members, shareholders, management, owners, directors, employees, agents, consultants, attorneys and other acting or purporting to act on NetJumper's behalf.

C.      "Patents-in-suit" refers to U.S. Patent No. 5,890,172 and U.S. Patent No. 6,226,655, and the patent applications upon which the patents-in-suit are based, in which You are named as an inventor.

D.      "Technology" refers to something of a technical nature, such as software, source code, executable code, design documents, design specifications, functional specifications, schematics, and white papers.

E.      "Inventorship" refers to any issue concerning an individual named, not named, or later named as an inventor of the patents-in-suit, as that term is understood with respect to Title 35 of the United States Code, known as the Patent Law.

F.      "Named inventor" refers to any of the individuals listed as an inventor on the patents-in-suit, including Gilbert Borman, Rajat Bhatnagar, Arul Sebastian, Anup Mathur, Vinay Wadhwa, Makesh Kumar, or C. Vinay Kumar Singh.

G.      "Embodiments of the patents-in-suit" refers to any prototype or product that is described by the specification and/or claims of the patents-in-suit, including embodiments identified by NetJumper (such as the alleged first and second prototypes of Internet Buffet, NetJumper Lite, Linkgrabber '99, and NetJumper 2.5) or known to You.

H.      "Prior art" means any document or technology published, available, offered for sale, publicly used, or known prior to October 8, 1996 that is the same, similar to, or related to

1

what is described in the patents-in-suit, including work You independently developed, and/or products You used and/or were aware of, including at the time of filing the patents-in-suit.

I.    HCL means HCL Technologies or any related entity NetJumper (Tenretni Dynamics, Inc.) engaged or consulted with to conceive, design, and/or develop the technology described in the patents-in-suit.

J.    "Document" is used in its broadest sense to include everything that is contemplated by Rules 26 and 34 of the Federal Rules of Civil Procedure, including without limitation documents stored in electronic form, such as email, computer source code, object code, and microcode, and Documents stored on any media accessible by electronic means. A comment or notation appearing on any Document that is not part of the original text is to be considered a separate Document.

K.    "Thing" refers to any tangible object other than a Document.

L.    "Person" and "Individual" refers not only natural Persons, but also, without limitation, firms, partnerships, corporations, and other legal entities.

M.    "Entity" refers to a legal entity, but also includes a Person.

N.    "Concerning" means relating to, referring to, describing, evidencing, or constituting.

O.    "Relates to," "relating to," and "related to" mean describing, discussing, concerning, reflecting, comprising, illustrating, containing, embodying, constituting, analyzing, stating, identifying, referring to, dealing with, or in any way pertaining to.

P.    "Meetings" includes any in-person meetings, telephone calls, and exchanges of information.


II. INSTRUCTIONS

A.    When producing a Document or Thing, indicate the paragraph of this Schedule to which that Document or Thing is responsive.

B.      Electronic records and computerized information must be produced in an intelligible format or together with a description of the system from which it was derived sufficient to permit rending of the materials possible.

C.      In producing Documents and Things, furnish all Documents and Things known or within your custody, possession or control, including within the custody, possession or control of any of Your agents, representatives, or others acting on Your behalf.

D.      File folders with tabs or labels identifying Documents called for by Schedule must be produced intact with such Documents they hold or identify.

E.      The selection of Documents from the files and other sources and the numbering of such documents shall be performed in such a manner as to ensure that the source of each Document may be determined if necessary.

F.      Documents attached to each other must not be separated, for instance, if documents from an electronic mail system are produced, any attachments to a particular email must be produced immediately after that email in the order in which they are identified as attached to the email.

G.      Should You seek to withhold any Document or Thing based on the attorney-client privilege, work product immunity, or any other claim of protection, You must supply a list of the Documents and Things for which limitation of discovery is claimed indicating:

      a.      The identity of each Document or Thing's author(s), writers(s), sender(s), or initiator(s);

      b.      The identity of each Document or Thing's recipient(s), addressee(s), or party(ies) for whom it was intended;

      c.      The date of creation or transmittal indicated on each Document or Thing, or an estimate of the date, indicated as such, if no date appears on the Document;

      d.      The general subject matter described in each Document or Thing, or if no such description appears, then some other description sufficient to identify the Document or Thing;

3

e.    The claimed ground(s) for limitation of discovery, for example "attorney-client privilege" or "work product privilege."

H.    The written answer to each request for documents and things to be produced must repeat verbatim, immediately before each answer, the request to which it is responsive.

I.    Where a time period is not specified, the request call for the production of all responsive Documents and Things without regard to date or time.

J.    The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all Documents and Things that might otherwise be construed outside its scope.

K.    The use of the singular form of any word includes the plural, and vice versa.

L.    The use of the masculine form of any noun or pronoun shall embrace and be read as embracing the feminine and the neuter, except where circumstances clearly make such a reading inappropriate.


## III. DOCUMENTS AND THINGS TO BE PRODUCED

1.    All documents and things concerning Your work for NetJumper that lead to the technology described in the patents-in-suit.

2.    All documents and things concerning Your work on any technology described in the patents-in-suit, including but not limited to notebooks, invention disclosure forms, meeting notes, source code, executable code, engineering documents, design specifications, functional specifications, diagrams, schematics, flowcharts, user interface design documents, bug and/or error lists, and product schedules, calendars, meeting notes and/or agendas, and other documents and things that may be used to corroborate dates of conception and reduction to practice of any claims of the patents-in-suit.

3.    All documents and things concerning the inventorship of the patents-in-suit, including but not limited to correspondence concerning who should or should not be named as a an inventor of the patents-in-suit.

4

4.    All documents and things concerning any embodiment of the patents-in-suit.

5.    All documents and things concerning any prior art known to you concerning the patents-in-suit.

6.    All documents and things concerning any agreement among or between You, HCL and/or NetJumper concerning any services or work performed related to the patents-in-suit and/or this lawsuit, including but not limited to ownership or assignment of the patents-in-suit.

7.    All documents and things concerning Your communications with anyone, including NetJumper, its attorneys, or any other named inventor, concerning the patents-in-suit and/or this lawsuit.

8.    Documents and things sufficient to identify the contact information of the named inventors of the patents-in-suit, and/or any other individual You believe to be an inventor of the patents-in-suit.

Google - Bhatnagar Schedule A to Subpoena.doc



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NET JUMPER, L.L.C.
a Michigan limited liability corporation,

               Plaintiff,

    v.

GOOGLE INC.,
a California corporation

            Defendant.

Civil Action No. 04-70366-CV
Hon. Julian Abele Cook

Magistrate Judge R. Steven Whalen

_____/

Kathleen A. Lang (P34695)
L. Pahl Zinn (P57516)
DICKINSON WRIGHT PLLC
500 Woodward Avenue, Suite 4000
Detroit, MI 48226-3425
(313) 223-3500

Frank E. Scherkenbach
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA 02110-2804

Howard G. Pollack
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063

*Attorneys for Google Inc.*

_____/

## NOTICE OF DEPOSITION OF ANUP MATHUR ✓
## PURSUANT TO FED. R. CIV. P. 45 AND 30(B)(1)

    PLEASE TAKE NOTICE that Defendant Google Inc. ("Google") will take the deposition

of Anup Mathur upon oral examination pursuant to Rules 45 and 30(b)(1) of the Federal Rules of

Civil Procedure.

    The deposition will commence at 9:00 a.m. on December 21, 2004, at the offices of Fish

& Richardson, 500 Arguello Road, Suite 500, Redwood City, California 94063, or at another

time and place mutually agreed upon by the parties, or ordered by the Court.  The deposition will

continue from day to day, if necessary, until completed.  The deposition will be taken before a notary public or other officer authorized by law to administer oaths and recorded stenographically and videographically.

Dated:  November 11, 2004                    FISH & RICHARDSON P.C.

                                             By: _____
                                                  Jason W. Wolff
                                             Attorneys for Defendant
                                             GOOGLE INC.

Google - Mathur Depo Notice.doc

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served, via U.S. Mail, upon all counsel of record, as identified below, on November 11, 2004:

Andrew Kochanowski                          Attorneys for Plaintiff
Sommers, Schwartz, Silver & Schwartz, P.C.  NETJUMPER, L.L.C.
2000 Town Center, Suite 900
Southfield, MI 48075

Michael H. Baniak                           Attorneys for Plaintiff
Jeffrey A. Pine                             NETJUMPER, L.L.C.
Baniak Pine & Gannon
150 North Wacker Drive, Suite 1200
Chicago, IL 60606

_____
Jason W. Wolff

Google - Mathur Depo Notice.doc

3

AO 88 (Rev. 11/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

Northern   DISTRICT OF California

NetJumper, L.L.C.

v.

Google Inc.

### SUBPOENA IN A CIVIL CASE

Case Number: [1]  2:04CV70366
Eastern District of Michigan
Southern Division

TO: Anup Mathur
    1731 Chitanook Court
    Sunnyvale, CA 94087

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Fish & Richardson P.C. 500 Arguello St., #500, Redwood City, CA 94063 | December 21, 2004 9:00 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See attached Schedule A

| PLACE | DATE AND TIME |
|---|---|
| Fish & Richardson P.C. 500 Arguello St., #500 Redwood City, CA 94063 | November 30, 2004 5:00 p.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Jason W. Wolff   Attorney for Defendant Google Inc | November 11, 2004 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
FISH & RICHARDSON P.C.
12390 El Camino Real, San Dieogo, CA (858) 678-4719

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

AO 88 (Rev. 11/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:
(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to

the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

SCHEDULE A

## I. DEFINITIONS

As used below, the following terms have the meaning indicated:

A.     "You" and "Your" refer to Anup Mathur, including any agents, attorneys, or other acting or purporting to act on Your behalf.

B.     "NetJumper" refers to Plaintiff, NetJumper Software, L.L.C., NetJumper, L.L.C., NetJumper, Inc., Tenretni Dynamics, Inc., Gilbert Borman, its members, shareholders, management, owners, directors, employees, agents, consultants, attorneys and other acting or purporting to act on NetJumper's behalf.

C.     "Patents-in-suit" refers to U.S. Patent No. 5,890,172 and U.S. Patent No. 6,226,655, and the patent applications upon which the patents-in-suit are based, in which You are named as an inventor.

D.     "Technology" refers to something of a technical nature, such as software, source code, executable code, design documents, design specifications, functional specifications, schematics, and white papers.

E.     "Inventorship" refers to any issue concerning an individual named, not named, or later named as an inventor of the patents-in-suit, as that term is understood with respect to Title 35 of the United States Code, known as the Patent Law.

F.     "Named inventor" refers to any of the individuals listed as an inventor on the patents-in-suit, including Gilbert Borman, Rajat Bhatnagar, Arul Sebastian, Anup Mathur, Vinay Wadhwa, Makesh Kumar, or C. Vinay Kumar Singh.

G.     "Embodiments of the patents-in-suit" refers to any prototype or product that is described by the specification and/or claims of the patents-in-suit, including embodiments identified by NetJumper (such as the alleged first and second prototypes of Internet Buffet, NetJumper Lite, Linkgrabber '99, and NetJumper 2.5) or known to You.

H.     "Prior art" means any document or technology published, available, offered for sale, publicly used, or known prior to October 8, 1996 that is the same, similar to, or related to

what is described in the patents-in-suit, including work You independently developed, and/or products You used and/or were aware of, including at the time of filing the patents-in-suit.

I.      HCL means HCL Technologies or any related entity NetJumper (Tenretni Dynamics, Inc.) engaged or consulted with to conceive, design, and/or develop the technology described in the patents-in-suit.

J.      "Document" is used in its broadest sense to include everything that is contemplated by Rules 26 and 34 of the Federal Rules of Civil Procedure, including without limitation documents stored in electronic form, such as email, computer source code, object code, and microcode, and Documents stored on any media accessible by electronic means. A comment or notation appearing on any Document that is not part of the original text is to be considered a separate Document.

K.      "Thing" refers to any tangible object other than a Document.

L.      "Person" and "Individual" refers not only natural Persons, but also, without limitation, firms, partnerships, corporations, and other legal entities.

M.      "Entity" refers to a legal entity, but also includes a Person.

N.      "Concerning" means relating to, referring to, describing, evidencing, or constituting.

O.      "Relates to," "relating to," and "related to" mean describing, discussing, concerning, reflecting, comprising, illustrating, containing, embodying, constituting, analyzing, stating, identifying, referring to, dealing with, or in any way pertaining to.

P.      "Meetings" includes any in-person meetings, telephone calls, and exchanges of information.

## II. INSTRUCTIONS

A.      When producing a Document or Thing, indicate the paragraph of this Schedule to which that Document or Thing is responsive.

B.      Electronic records and computerized information must be produced in an intelligible format or together with a description of the system from which it was derived sufficient to permit rending of the materials possible.

C.      In producing Documents and Things, furnish all Documents and Things known or within your custody, possession or control, including within the custody, possession or control of any of Your agents, representatives, or others acting on Your behalf.

D.      File folders with tabs or labels identifying Documents called for by Schedule must be produced intact with such Documents they hold or identify.

E.      The selection of Documents from the files and other sources and the numbering of such documents shall be performed in such a manner as to ensure that the source of each Document may be determined if necessary.

F.      Documents attached to each other must not be separated, for instance, if documents from an electronic mail system are produced, any attachments to a particular email must be produced immediately after that email in the order in which they are identified as attached to the email.

G.      Should You seek to withhold any Document or Thing based on the attorney-client privilege, work product immunity, or any other claim of protection, You must supply a list of the Documents and Things for which limitation of discovery is claimed indicating:

a.      The identity of each Document or Thing's author(s), writers(s), sender(s), or initiator(s);

b.      The identity of each Document or Thing's recipient(s), addressee(s), or party(ies) for whom it was intended;

c.      The date of creation or transmittal indicated on each Document or Thing, or an estimate of the date, indicated as such, if no date appears on the Document;

d.      The general subject matter described in each Document or Thing, or if no such description appears, then some other description sufficient to identify the Document or Thing;

e.     The claimed ground(s) for limitation of discovery, for example "attorney-client privilege" or "work product privilege."

H.     The written answer to each request for documents and things to be produced must repeat verbatim, immediately before each answer, the request to which it is responsive.

I.     Where a time period is not specified, the request call for the production of all responsive Documents and Things without regard to date or time.

J.     The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all Documents and Things that might otherwise be construed outside its scope.

K.     The use of the singular form of any word includes the plural, and vice versa.

L.     The use of the masculine form of any noun or pronoun shall embrace and be read as embracing the feminine and the neuter, except where circumstances clearly make such a reading inappropriate.

## III. DOCUMENTS AND THINGS TO BE PRODUCED

1.     All documents and things concerning Your work for NetJumper that lead to the technology described in the patents-in-suit.

2.     All documents and things concerning Your work on any technology described in the patents-in-suit, including but not limited to notebooks, invention disclosure forms, meeting notes, source code, executable code, engineering documents, design specifications, functional specifications, diagrams, schematics, flowcharts, user interface design documents, bug and/or error lists, and product schedules, calendars, meeting notes and/or agendas, and other documents and things that may be used to corroborate dates of conception and reduction to practice of any claims of the patents-in-suit.

3.     All documents and things concerning the inventorship of the patents-in-suit, including but not limited to correspondence concerning who should or should not be named as a an inventor of the patents-in-suit.

4.    All documents and things concerning any embodiment of the patents-in-suit.

5.    All documents and things concerning any prior art known to you concerning the patents-in-suit.

6.    All documents and things concerning any agreement among or between You, HCL and/or NetJumper concerning any services or work performed related to the patents-in-suit and/or this lawsuit, including but not limited to ownership or assignment of the patents-in-suit.

7.    All documents and things concerning Your communications with anyone, including NetJumper, its attorneys, or any other named inventor, concerning the patents-in-suit and/or this lawsuit.

8.    Documents and things sufficient to identify the contact information of the named inventors of the patents-in-suit, and/or any other individual You believe to be an inventor of the patents-in-suit.

Google - Mathur Schedule A to Subpoena.doc

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NETJUMPER SOFTWARE, L.L.C.,
a Michigan limited liability corporation,

     Plaintiff,

vs.

GOOGLE INC.,
a Delaware corporation,

     Defendant.

Case No. 04-70366-CV
Hon. Julian Abele Cook
Magistrate Judge R. Steven Whalen

## NOTICE OF HEARING

**PLEASE TAKE NOTICE** that Plaintiff's Motion For Protective Order will be brought on for hearing before the Honorable Julian Abele Cook, in his courtroom in the Federal Courthouse, 231 W. Lafayette, Detroit, Michigan, on a date and time to be set by the Court.

Respectfully submitted,

SOMMERS, SCHWARTZ, SILVER &
SCHWARTZ, P.C.

By: 

Andrew Kochanowski (P55117)
Nabeel N. Hamameh (P60981)
Attorneys for Plaintiff
2000 Town Center Drive, Suite 900
Southfield, MI 48075-1100
(248) 355-0300

DATED: December 2, 2004

PROOF OF SERVICE

... certifies that the foreg...
... all parties to the above c...
record herein at their resp... 12/2/04
... pleadings on ...

☐ Mail       ☐ FAX
☐ Delivered  ☐ Overnight C....
☐ Express    ☐ Other