UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NETJUMPER SOFTWARE, L.L.C.,
a Michigan limited liability corporation,

    Plaintiff/Counterclaim Defendant,

v.

GOOGLE INC.,
a Delaware corporation,

    Defendant/Counterclaim Plaintiff.

Case No. 2:04CV70366
Hon. Julian Abele Cook
Magistrate Judge R. Steven Whalen

## DEFENDANT GOOGLE'S STATEMENT OF NON-OPPOSITION TO NETJUMPER'S MOTION FOR PROTECTIVE ORDER

Prior to the filing of NetJumper's Motion for Protective Order, counsel for NetJumper did not contact counsel for Google as required by E.D. Mich. L.R. 7.1(a)(1). In fact, more than two weeks *before* the present motion was filed, at NetJumper's request, Google agreed to postpone the subject depositions until early February, 2005. Thus, the issue of postponing the depositions is moot.

Google files this statement of non-opposition simply to rectify certain statements made by NetJumper in its Motion:

1. Google does not agree that the depositions should somehow be staged based on any objection NetJumper might have with respect to any Google written discovery response or document production for at least the following reasons:

    (a) it is not proper under Fed.R.Civ.P. 26(d);[1]

    (b) the discovery is not relevant to the depositions as Messrs. Bhatnagar and Mathur, named inventors on the patents-in-suit, are percipient fact witnesses concerning events that transpired prior to the issuance of the patents-in-suit;

---

[1] Fed.R.Civ.P. 26(d) ("the fact that a party is conducting discovery, whether by deposition or otherwise, does not operate to delay any other party's discovery").

(c) under the terms of the draft protective order, the witnesses may not have access to Google's confidential documents;[2] and

(d) NetJumper itself has not served meaningful discovery responses (such as claim constructions) to which Google could respond to the outstanding contention interrogatories served by NetJumper.

2.   The deposition dates were not selected based on some sort of "harassment" as asserted by NetJumper. Google served the subpoenas on Messrs. Bhatnagar and Mathur on November 11, 2004. At the time, both witnesses confirmed they were not represented by counsel. Four days *after* the subpoenas were served, counsel for NetJumper called counsel for Google and stated that his firm would now be representing Mr. Bhatnagar, but not Mr. Mathur. Counsel for NetJumper then indicated, *for the first time*, that his firm was tied up in a trial that would last for four months. Google agreed at this time, November 15, 2004, to postpone the depositions and asked that firm dates be offered. NetJumper agreed to provide firm dates for early February, 2005, but has not yet done so.[3]

Google requests that the Court order that the depositions be postponed until no later than February, 2005, pursuant to Fed.R.Civ.P. 26(d).

Respectfully Submitted,

By: /s/
Kathleen A. Lang (P34695)
L. Pahl Zinn (P57516)
500 Woodward Avenue
Suite 4000
Detroit, MI 48226
(313) 223-3500

Howard G. Pollack
Fish & Richardson P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071
*Attorneys for Google Inc.*

Dated: December 16, 2004

DETROIT 28155-1 850863

---

[2] Google has already produced non-confidential documents, including prior art, beginning on November 11, 2004. That NetJumper does not yet have Google's confidential documents is a product of NetJumper's own delay in agreeing to a protective order. *See, e.g.*, Exhibit A.

[3] These events are generally described in the status letter Google provided to the Court on December 1, 2004, the day before NetJumper filed this motion. *Id.*

2

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of Defendant Google's Statement of Non-Opposition to NetJumper's Motion for Protective Order and Certificate of Service was served upon all parties and/or attorneys of record to the above cause herein at their respective street addresses as disclosed on the pleadings and/or their respective email addresses and/or their respective facsimile numbers on: December 16, 2004, via:

✓ U. S. Mail          ___ Facsimile
___ Overnight Courier  ___ Hand Delivery
___ Email             ___ Federal Express

I declare under penalty of perjury that the statement above is true to the best of my information, knowledge and belief.

_____
Joyce A. Ford

DETROIT 28155-1 850839



# FISH & RICHARDSON P.C.

12390 El Camino Real
San Diego, California
92130

Telephone
858 678-5070

Facsimile
858 678-5099

Web Site
www.fr.com

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

<u>VIA FACSIMILE</u>

December 1, 2004

Honorable Julian Abele Cook
United States District Court
    for the Eastern District of Michigan
231 W. Lafayette Blvd.
Detroit, Michigan 48226



BOSTON
DALLAS
DELAWARE
NEW YORK
SAN DIEGO
SILICON VALLEY
TWIN CITIES
WASHINGTON, DC

    Re:    NetJumper, L.L.C. v. Google Inc.
            Case No. 04-70366-CV

Dear Judge Cook:

This letter is submitted pursuant to the Court's request at the May 24, 2004 Case Management Conference. It updates the Court on the progress of Google's efforts to secure discovery on the foreign witnesses in this case. This is the third such report submitted to the Court by Google.

As of the date of this letter, some progress, but no actual discovery, has been made with respect to the foreign witnesses. The relevant events and efforts to secure such discovery are set forth below and are in addition to those outlined in Google's previous reports.

On October 20, 2004, Google requested feedback on changes to the draft stipulation and proposed orders concerning the foreign witnesses requested by the Court at the Status Conference in May, and that were provided to NetJumper in June. Google also followed up on its September 22, 2004 letter concerning production of documents and a protective order.

- Google received no response.

On November 9, 2004, Google wrote NetJumper again concerning the stipulation and proposed orders requested by the Court. Google enclosed a proposed a protective order with its letter. Google also requested that a meet and confer be held by November 11, 2004 to discuss discovery matters created by the compounding delays in this case. Google produced its non-confidential documents on November 11, 2004.

- Google received no response until November 19, 2004. Then, counsel for NetJumper wrote and said that he did not like protective orders and that NetJumper was in the process of assembling its documents and hoped they would be sent out within the week. Just today, NetJumper proposed a new protective order to Google. Google has not yet received any documents from NetJumper.

FISH & RICHARDSON P.C.

Honorable Julian Abele Cook
NetJumper, L.L.C. v. Google Inc.
Case No. 04-70366-CV

December 1, 2004
Page 2

On November 15, 2004, Google filed a motion for entry of the stipulation and orders, less the protective order. Subsequently, NetJumper offered a *quid pro quo* for its accession to the Court-ordered stipulations filed with Google's motion: if Google would stipulate to NetJumper's amended pleadings (counsel for NetJumper named the wrong plaintiff), NetJumper would agree to the stipulation and orders filed with the Court on November 15, 2004.

- Counsel for NetJumper signed the stipulation concerning the foreign witnesses on November 29, 2004 – more than 5 months after it was first provided to NetJumper by Google.

Google located two of the named inventors on the patents-in-suit: Messrs. Bhatnagar and Mathur. They reside in Connecticut and California, respectively. On November 11, 2004, Google served subpoenas on them. Neither was represented by counsel for NetJumper at the time. Messrs. Bhatnagar and Mathur were to produce documents on November 30, 2004 and sit for deposition on December 14 and 21, 2004.

- Counsel for NetJumper objected to the dates for both depositions by telephone on November 15, 2004, and further indicated that they now represent Mr. Bhatnagar. Counsel for NetJumper has indicated that he has a 4-month trial beginning in November 2004 that will delay prosecution of this case until at least February 2005. Nevertheless, Counsel for NetJumper indicated that they are working on dates in early February for the depositions of Messrs. Bhatnagar and Mathur. No dates have yet been provided by NetJumper. Furthermore, as of this writing, no documents have been received from the witnesses.

Google continues in its efforts to locate the foreign named inventors. NetJumper has been silent in this effort and has not indicated whether it too is trying to locate the named inventors, or if it is in contact with them.

FISH & RICHARDSON P.C.

Honorable Julian Abele Cook
NetJumper, L.L.C. v. Google Inc.
Case No. 04-70366-CV

December 1, 2004
Page 3

Despite the fact that progress appears to be imminent, Google is concerned that it may be prejudiced by discovery delays in this case. Google may seek appropriate relief from the Court if the delays continue.

Respectfully submitted,

Jason W. Wolff

cc: Kathleen A. Lang, Esq., Dickinson Wright PLLC
Michael H. Baniak, Esq., Baniak Pine & Gannon
Andrew Kochanowski, Esq., Sommers, Schwartz, Silver & Schwartz, P.C.