**FILED**

**FEB - 7 2005**

**CLERK'S OFFICE**
**U. S. DISTRICT COURT**
**EASTERN MICHIGAN**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NETJUMPER SOFTWARE L.L.C.,
a Michigan limited liability company,

    Plaintiff,

vs.

GOOGLE INC.,
a Delaware corporation,

    Defendant.

Case No. 04-70366-CV
Hon. Julian Abele Cook
Magistrate Judge R. Steven Whalen

---

SOMMERS, SCHWARTZ, SILVER & SCHWARTZ
Andrew Kochanowski (P55117)
Nabeel N. Hamameh (P60981)
2000 Town Center, 9th Floor
Southfield, MI 48075
(248) 355-0300

BANIAK, PINE & GANNON
Michael Baniak
150 N. Wacker Drive, Suite 1200
Chicago, IL 60606
(312) 673-0360

Attorneys for Plaintiff
NETJUMPER SOFTWARE L.L.C.

DICKINSON WRIGHT, PLLC
Kathleen A. Lang (P34695)
L. Pahl Zinn (P57516)
500 Woodward Ave., Ste. 4000
Detroit, MI 48226
(313) 223-3500

FISH & RICHARDSON P.C.
Howard G. Pollack
500 Arguello Street, Ste. 500
Redwood City, CA 94063
(650) 839-5070

FISH & RICHARDSON P.C.
Frank E. Scherkenbach
225 Franklin Street
Boston, MA 02110-2804
(617) 542-5070

Attorneys for Defendant
GOOGLE INC.

---

## STIPULATED PROTECTIVE ORDER

IT IS HEREBY ORDERED:

1.    Plaintiff NetJumper Software, L.L.C., and Defendant Google Inc. have stipulated to entry of this protective order, which shall govern the handling of any information produced or disclosed by any party or nonparty (the "Producing Party") in the above-captioned

litigation (the "Action") whether revealed in documents, depositions, deposition exhibits, interrogatory responses, responses to requests for admission, or pretrial or trial testimony or otherwise ("Discovery Material").

2. Any Producing Party may designate any Discovery Material as "Confidential" ("Confidential Material") under the terms of this protective order if such party in good faith believes such Discovery Material contains nonpublic, confidential, proprietary, commercially sensitive, or trade secret information.

3. Any Producing Party may designate any Discovery Material as "Attorneys' Eyes Only" ("Attorneys' Eyes Only Material") under the terms of this Order if such party in good faith believes that such Discovery Material contains nonpublic, proprietary, highly confidential, and sensitive information including but not limited to financial data (including, for example, budgeting, accounting, sales figures, and advertising expenditures), marketing information, strategic business plans, regulatory information, business relationship information (including, for example, information pertaining to potential and/or existing customers, competitors, suppliers, distributors, affiliates, subsidiaries, and parents), personnel information, patent prosecution information (including, for example, present or future patent applications) or technical data such as product formulation, research and development, or product manufacturing, provided the Producing Party has a good faith belief that public dissemination of such Discovery Material would competitively disadvantage the Producing Party.

4. Any Producing Party may designate any Discovery Material as "Attorneys' Eyes Only – Source Code" ("Attorneys' Eyes Only – Source Code Material") under the terms of this Order if such party in good faith believes that such Discovery Material constitutes or contains the Producing Party's non-public Source Code or documents revealing source code logic or algorithms of the Producing Party's software or computer

applications. The term "Source Code" shall mean computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler or other translator. Source code is not object code, which is computer instructions and data definitions in a form outputted by an assembler or compiler. The parties agree to not use the designation "ATTORNEYS' EYES ONLY INFORMATION" and "ATTORNEYS' EYES ONLY- SOURCE CODE" for purposes of harassing the Receiving Party or for purposes of unnecessarily restricting the Receiving Party's access to information concerning the lawsuit.

5. Any information derived from Confidential Material, Attorneys' Eyes Only Material, or Attorneys' Eyes Only – Source Code Material, including information obtained by inspecting, measuring, analyzing, copying, excerpting, summarizing, or testing any sample or other thing designated as "Confidential", "Attorneys' Eyes Only", or Attorneys' Eyes Only – Source Code shall have the confidentiality designation of the Discovery Material from which it was derived.

6. Confidential Material, Attorneys' Eyes Only Material, Attorneys' Eyes Only – Source Code Material and information derived there from shall be used by the party receiving it (the "Receiving Party") solely for purposes of this Action and shall not be used for any other purpose, including, without limitation, any business, proprietary, commercial, legal/litigation, governmental purpose or in connection with the preparation or prosecution of any patent application.

7. To designate Discovery Material other than deposition transcripts as "Confidential", "Attorneys' Eyes Only", or "Attorneys' Eyes Only – Source Code", the Producing Party shall affix the appropriate "Confidential", "Attorneys' Eyes Only", or "Attorneys' Eyes Only – Source Code" legend to each page containing Confidential Material, Attorneys' Eyes Only Material, or Attorneys' Eyes Only – Source Code Material.

      a.    To designate information in a deposition transcript as "Confidential", "Attorneys' Eyes Only", or "Attorneys' Eyes Only – Source Code", the Producing Party must designate by page and line number portions of such transcript as "Confidential", "Attorneys' Eyes Only", or "Attorneys' Eyes Only – Source Code". The Producing Party must deliver written notice of its designation to the opposing party or parties within ten (10) business days after it receives a copy of the official transcript. An express statement on the record by counsel during the proceeding that certain testimony shall be treated as Confidential Material, Attorneys' Eyes Only Material, or Attorneys' Eyes Only – Source Code Material is not required.

      b.    In the event the Producing Party elects to produce original files and records for inspection in response to any discovery request, the Producing Party need not designate the material in advance of the inspection. For the purposes of the inspection, all documents produced shall be considered as marked "Attorneys' Eyes Only". Thereafter, if the Producing Party makes copies of documents selected for copying, the Producing Party shall designate and mark the appropriate copies as "Confidential", "Attorneys' Eyes Only", or "Attorneys' Eyes Only – Source Code" prior to producing the copies to the inspecting party.

      c.    Counsel for the Producing Party and the Receiving Party shall agree on a mutually acceptable manner of designation for the identification of protected information that cannot be readily or easily marked in a visible manner.

8.    The inadvertent failure to designate information, as "Confidential","Attorneys' Eyes Only", or "Attorneys' Eyes Only – Source Code" in accordance with this protective order or the failure to object to a designation at or within a given time shall not preclude designating information as "Confidential","Attorneys' Eyes Only", or "Attorneys' Eyes Only –

Source Code" at a later date or the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof.

9. If the Receiving Party disagrees with the Producing Party's designation, then the parties must make a good faith effort to resolve the dispute. If the dispute can not be resolved, the Receiving Party may move for an order vacating the designation. The information in question shall be treated as it has been designated until the issue is resolved by the Court or by agreement of the parties.

10. Confidential Material may be disclosed only to the following:

   a. the parties' outside counsel retained to provide legal advice regarding this Action, including partners, regular and temporary associate attorneys, paralegals and clerical staff;

   b. the parties' inside counsel;

   c. independent experts or consultants retained to assist counsel with the preparation or trial of this Action and their staff ("Experts") but only in accordance with paragraph 16 of this Order;

   d. graphics or design services, translation and/or interpretation services, non-technical jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel of record necessary to assist counsel of record in this Action; and

   e. any other person upon written stipulation of the Producing Party.

11. Attorneys' Eyes Only Material and Attorneys' Eyes Only - Source Code Material may be disclosed to those people who are qualified to receive Confidential Material under paragraph 10(a), (c), or (d), provided those individuals qualified under paragraph

10(a) are not also directly involved in preparing or prosecuting patent applications as described in Paragraph 13. Any party may designate up to two (2) people described by paragraph 10(b) to whom Attorneys' Eyes Only Material may be disclosed, under the following procedure.

    a.    The designating party (i.e. the Receiving Party) must disclose the name of the person described in paragraph 10(b) who is to be given access to Attorneys' Eyes Only Material to all parties and must submit a declaration to the Producing Party, in the form attached as Appendix B hereto, that he or she is involved neither in patent prosecution concerning the technologies identified below in Paragraph 13 nor in "competitive decision making" as defined by U.S. Steel Corp. v. United States, 730 F.2d 1465, 1468, n. 3 (Fed. Cir. 1984).

    b.    Within 10 business days after receipt of the materials identified in subparagraph (a), any party may object in writing to that person having access to the Producing Party's Attorneys' Eyes Only Material. Failure to object during such period shall be deemed approval. If the parties are unable to reach agreement within 15 business days after receipt of the materials described in subparagraph (a), the party seeking to disclose Attorneys' Eyes Only Material to a person described under paragraph 10(b) may seek an Order granting that person access to Attorneys' Eyes Only Material or Attorneys' Eyes Only – Source Code.

    c.    The parties may enter into supplemental agreements regarding the disclosure of Attorneys' Eyes Only Material to people described by paragraph 10(b), including those that provide less than complete

access to Attorneys' Eyes Only Material or place certain conditions on that access, in order to facilitate access to information.

12. Attorneys' Eyes Only – Source Code Material shall be subject to the following provisions, unless the parties agree or the Court orders otherwise:

a. The Producing Party shall produce source code documents directly to the Receiving Party's outside counsel of record. To the extent the Producing Party has produced or produces source code documents, the Producing Party shall produce source code documents in paper format.

b. The Receiving Party's outside counsel of record shall maintain and store the paper source code documents at their offices in a manner that prevents duplication or unauthorized access. Heightened protection shall be afforded to the source code:

i. Source code documents shall be kept in a secure location accessible only by attorneys and staff of counsel of record assigned to work on this matter and/or persons who have executed the protective order in accordance with paragraphs 11 and 16.

ii. If electronic copies of source documents are made, they shall not be stored on a computer that is accessible via computer network.

iii. The Receiving Party shall notify the Producing Party within 24 hours of becoming aware of any loss, theft, or unauthorized copying of any copies of the source code.

iv. The Receiving Party shall return or certify destruction of all copies of the source code in their possession within sixty (60) days of the final termination of this litigation.

c. The Receiving Party's outside counsel may send a produced or permitted copy of source code documents only to an individual who has executed an undertaking in

accordance with paragraphs 11(a) or 16(a) of the Protective Order and was not objected to under paragraphs 16(a) or 16(b).

    d. The Receiving Party may make up to three (3) copies of source code documents produced by the Producing Party. (i.) If good cause exists to make additional paper or obtain additional electronic copies as may be necessary for the litigation, or to send copies to additional approved experts or consultants, the Receiving Party may request that the Producing Party allow or provide a limited number of additional copies. (ii.) If the Producing Party has a good faith basis to object to such request, the Producing Party and the Receiving Party shall meet and confer in good faith. (iii.) If the Producing Party and the Receiving Party are unable to come to an agreement after two (2) business days, the Receiving Party may seek a Court Order on an expedited basis requiring the immediate production of additional copies of the source code documents in question.

    e. Nothing in this Order shall obligate the parties to produce any particular item of source code nor act as an admission that any particular source code is discoverable.

    13. Prosecution Restriction. Any attorney, patent agent, or individual who, on behalf of a Receiving Party, actually has received or reviewed any materials of a technical nature of an in-process technology[1] designated "Attorneys' Eyes Only" or "Attorneys' Eyes Only – Source Code" by the Producing Party shall not thereafter prosecute, file, supervise, or assist in any way in the prosecution of any patent application relating to such technology disclosed in the designated documents on behalf of any party for the pendency of this litigation and for a period of one year after conclusion of this litigation. This restriction does not apply generally to the law firms involved in this litigation, but only to the specified individuals who have access to such Designated Materials. For purposes of this paragraph,

---

[1] By "in-process technology" it is meant technology currently being researched, developed or distributed by the Producing Party. All documents designated Attorneys' Eyes Only shall be considered to be "in-process technology" unless otherwise agreed between the Producing Party and the Receiving Party.

prohibited patent prosecution shall include, without limitation: preparation of and/or amendments to original, continuation, divisional, continuation-in-part, request for continued examination, reexamination, reissue, substitute, renewal or convention patent applications; claim drafting; or consultation on any of the above matters with others performing these activities. This paragraph shall not restrict consultation regarding strictly procedural or legal aspects of prosecution that do not involve the merits, substance, or technical nature of an application.

14. All Confidential Material, Attorneys' Eyes Only Material, and Attorneys' Eyes Only – Source Code Material which is filed with the Court shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title to the action, the legend "CONFIDENTIAL", "ATTORNEYS' EYES ONLY", or "ATTORNEYS' EYES ONLY – SOURCE CODE" and a statement substantially in the following form:

> "This envelope is sealed pursuant to order of the Court and contains [Confidential Material, Attorneys' Eyes Only Material, or Attorneys' Eyes Only – Source Code Material] filed in this case by [name of party] and is not to be opened or the contents thereof to be displayed or revealed except by order of the Court or pursuant to stipulation of the parties to this action."

The envelope or container shall not be opened without further order of the Court except by the Court or counsel of record, who shall return the document to the Clerk in a sealed envelope or container.

15. The Clerk of this Court is directed to maintain under seal all documents and things filed in the Court in this litigation which have been designated, in whole or in part, as "Confidential", "Attorneys' Eyes Only", or "Attorneys' Eyes Only – Source Code", or which

contain Confidential Material, Attorneys' Eyes Only Material, or Attorneys' Eyes Only – Source Code Material.

16. Experts may access Confidential Material, Attorneys' Eyes Only Material, or Attorneys' Eyes Only – Source Code Material only if approved under the following procedure.

    a. The party retaining the Expert must provide all other parties with a current resume or curriculum vitae of the Expert, including business address and telephone number, present employer and position, and employment history for the most recent three years; a copy of Exhibit A executed by the Expert; a list of the specific Designated Material to which it seeks access; a list of any patents or patent applications on which the Expert is named as an inventor or is an interest holder; and a list of any past and present business relationships or affiliations with any Party to this Action.

    b. Within 10 business days after receipt of the materials identified in subparagraph (a), any party may object in writing to the Expert having access to the Producing Party's Confidential Material, Attorneys' Eyes Only Material, or Attorneys' Eyes Only – Source Code Material. Failure to object during such period shall be deemed approval. If the parties are unable to reach agreement within 15 business days after receipt of the materials described in subparagraph (a), the party seeking to disclose Confidential Material, Attorneys' Eyes Only Material, or Attorneys' Eyes Only – Source Code Material to an Expert may seek an Order granting the Expert access to Confidential Material,

Attorneys' Eyes Only Material, or Attorneys' Eyes Only – Source Code Material.

17. Information shall not be considered Confidential Material, Attorneys' Eyes Only Material, or Attorneys' Eyes Only – Source Code Material if:

   a. it is or becomes publicly known through no fault or act of the Receiving Party;

   b. it was already known to others outside commercial relationships, without obligation of confidence, by lawful means prior to acquisition from, or disclosure by, the Producing Party in this Action; or

   c. it is rightfully received by the Receiving Party from a third party which has authority to provide such Confidential, Attorneys' Eyes Only, or Attorneys' Eyes Only – Source Code Material and without obligation of confidence.

18. The inadvertent production of any privileged material, Confidential Material, Attorneys' Eyes Only Material, or Attorneys' Eyes Only – Source Code Material shall not be deemed a waiver or impairment of any claim of privilege or the confidential nature of the information. Upon receiving oral or written notice from the Producing Party that privileged or confidential information has been inadvertently produced, all such information and any copies shall immediately be returned to the Producing Party and the Receiving Party shall not use such information for any purpose until further order of this Court. Any analyses, memoranda, or notes which were internally generated based upon inadvertently produced information shall immediately be treated in conformance with the protected nature of the information.

19. If any Receiving Party is served with any legal process in another legal proceeding seeking Confidential Material, Attorneys' Eyes Only Material, or Attorneys' Eyes Only – Source Code Material, the Receiving Party shall give written notice by hand or facsimile to the Producing Party within ten (10) business days after receipt of process and, if able to do so without prejudicing itself, shall provide the Producing Party an opportunity to object to the disclosure of the Confidential Material, Attorneys' Eyes Only Material, or Attorneys' Eyes Only – Source Code Material. This Order does not require the Receiving Party to challenge or appeal an order requiring production of Confidential Material, Attorneys' Eyes Only Material, or Attorneys' Eyes Only – Source Code Material to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

20. All Confidential Material, Attorneys' Eyes Only Material, or Attorneys' Eyes Only – Source Code Material shall be destroyed or returned to counsel for the Producing Party within 60 days of the final disposition of this Action. The final disposition of this action occurs when a court enters an order disposing of all claims and the time for appeal expires or all claims are resolved by settlement or other process. Counsel of record shall be entitled to retain court papers, deposition and trial transcripts and attorney work product provided that such counsel, and employees of such counsel, shall not disclose any Confidential Material or Attorneys' Eyes Only Material contained in such court papers, transcripts, or attorney work product to any person or entity except pursuant to a written agreement with the Producing Party.

21. The parties may modify this protective order by written agreement or if no agreement can be reached, by moving the Court.

22. The terms of this protective order shall survive the termination of this litigation, and the Court shall retain jurisdiction of this Action after its final disposition for the purpose of enforcing this protective order unless the Court orders otherwise.

So stipulated:

By: *Nabeel N. Hamameh* Date: 1/17/05
by LPZ w/ permission
SOMMERS, SCHWARTZ, SILVER & SCHWARTZ
Andrew Kochanowski (P55117)
Nabeel N. Hamameh (P60981)
2000 Town Center, 9th Floor
Southfield, MI 48075
(248) 355-0300

BANIAK, PINE & GANNON
Michael Baniak
150 N. Wacker Drive, Suite 1200
Chicago, IL 60606
(312) 673-0360

Attorneys for Plaintiff
NETJUMPER SOFTWARE L.L.C.

By: *[signature]* Date: 1/25/05
DICKINSON WRIGHT, PLLC
Kathleen A. Lang (P34695)
L. Pahl Zinn (P57516)
500 Woodward Ave., Ste. 4000
Detroit, MI 48226
(313) 223-3500

FISH & RICHARDSON P.C.
Howard G. Pollack
500 Arguello Street, Ste. 500
Redwood City, CA 94063
(650) 839-5070

FISH & RICHARDSON P.C.
Frank E. Scherkenbach
225 Franklin Street
Boston MA 02110-2804
(617) 542-5070

Attorneys for Defendant
GOOGLE INC.

IT IS SO ORDERED:

_____
Honorable Julian Abele Cook
U.S. District Judge

22.  The terms of this protective order shall survive the termination of this litigation, and the Court shall retain jurisdiction of this Action after its final disposition for the purpose of enforcing this protective order unless the Court orders otherwise.

So stipulated:

By: _____ Date: 1/17/05    By: _____ Date: _____

SOMMERS, SCHWARTZ, SILVER & SCHWARTZ
Andrew Kochanowski (P55117)
Nabeel N. Hamameh (P60981)
2000 Town Center, 9th Floor
Southfield, MI 48075
(248) 355-0300

BANIAK, PINE & GANNON
Michael Baniak
150 N. Wacker Drive, Suite 1200
Chicago, IL 60606
(312) 673-0360

Attorneys for Plaintiff
NETJUMPER SOFTWARE L.L.C.

DICKINSON WRIGHT, PLLC
Kathleen A. Lang (P34695)
L. Pahl Zinn (P57516)
500 Woodward Ave., Ste. 4000
Detroit, MI 48226
(313) 223-3500

FISH & RICHARDSON P.C.
Howard G. Pollack
500 Arguello Street, Ste. 500
Redwood City, CA 94063
(650) 839-5070

FISH & RICHARDSON P.C.
Frank E. Scherkenbach
225 Franklin Street
Boston, MA 02110-2804
(617) 542-5070

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NETJUMPER SOFTWARE L.L.C.,
a Michigan limited liability company,

    Plaintiff,

vs.

GOOGLE INC.,
a Delaware corporation,

    Defendant.

Case No. 04-70366-CV
Hon. Julian Abele Cook
Magistrate Judge R. Steven Whalen

---

SOMMERS, SCHWARTZ, SILVER & SCHWARTZ
Andrew Kochanowski (P55117)
Nabeel N. Hamameh (P60981)
2000 Town Center, 9th Floor
Southfield, MI 48075
(248) 355-0300

BANIAK, PINE & GANNON
Michael Baniak
150 N. Wacker Drive, Suite 1200
Chicago, IL 60606
(312) 673-0360

Attorneys for Plaintiff
NETJUMPER SOFTWARE L.L.C.

DICKINSON WRIGHT, PLLC
Kathleen A. Lang (P34695)
L. Pahl Zinn (P57516)
500 Woodward Ave., Ste. 4000
Detroit, MI 48226
(313) 223-3500

FISH & RICHARDSON P.C.
Howard G. Pollack
500 Arguello Street, Ste. 500
Redwood City, CA 94063
(650) 839-5070

FISH & RICHARDSON P.C.
Frank E. Scherkenbach
225 Franklin Street
Boston, MA 02110-2804
(617) 542-5070

Attorneys for Defendant
GOOGLE INC.

---

## UNDERTAKING PURSUANT TO PROTECTIVE ORDER – EXHIBIT A

I, _____ state that:

1. My residence address is _____.

2. My business address is _____.

3.  My present employer and job description are _____
    _____.

4.  My employment history for the past three years is
    _____
    _____
    _____.

5.  My relationship to the parties to this action is as follows_____
    _____.

6.  I have received a copy of the Order Governing The Protection And Exchange Of Confidential Material (the "Confidentiality Order") entered in this case on _____.

7.  I have read and understand the provisions of the Confidentiality Order, including the prosecution restriction in paragraph 13.

8.  I hereby agree to be bound by and comply with the terms of the Protective Order, and not to disseminate or disclose any information subject to the Protective Order that I review or about which I am told, to any person, entity, party, or agency for any reason, except in accordance with the terms of the Protective Order.

9.  I understand that contempt sanctions may be entered for violation of this Protective Order and further agree to submit to the jurisdiction of this Court for the purposes of enforcement of the terms of this Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _____ day of _____.

_____
Signature

_____
Type or Print Name

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NETJUMPER SOFTWARE L.L.C.,
a Michigan limited liability company,

Plaintiff,

v.

GOOGLE INC.,
a Delaware corporation,

Defendant.

Case No. 04-70366-CV

Hon. Julian Abele Cook, Jr.

Magistrate Judge R. Steven Whalen

### PROTECTIVE ORDER – EXHIBIT B

I, _____, declare under penalty of perjury that I hold the position of _____ at NetJumper Software L.L.C./Google Inc. I am not subject to the patent prosecution restriction of Paragraph 13 of the Protective Order, and I agree to be bound by that restriction with respect to future prosecution activities. I am not involved in any "competitive decision making" on behalf of any party and do not anticipate during the course of this litigation and for one year after the conclusion of this litigation, including any appeals process, being so involved. "Competitive decision making" is defined as "counsel's activities, association, and relationship with a client that are such as to involve counsel's advice and participation in any or all of the client's decisions (pricing, product design, etc.) made in light of similar or corresponding information about a competitor." See U.S. Steel Corp. v. United States, 730 F.2d 1465, 1468, n. 3 (Fed. Cir. 1984).

Name:_____

Signature:_____

Date:_____