## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

NET JUMPER SOFTWARE, L.L.C.
a Michigan limited liability corporation,

|  |  |
|---|---|
| Plaintiff/Counterclaim Defendant, | Civil Action No. 04-70366-CV Hon. Julian Abele Cook |
| v. | Magistrate Judge R. Steven Whalen |

GOOGLE INC.,
a Delaware corporation

Defendant/Counterclaim
Plaintiff.

_____/

| | |
|---|---|
| Andrew Kochanowski | Kathleen A. Lang (P34695) |
| Sommers, Schwartz, Silver & Schwartz, P.C. | L. Pahl Zinn (P57516) |
| 2000 Town Center, Suite 900 | DICKINSON WRIGHT PLLC |
| Southfield,        MI        48075 | 500 Woodward Avenue, Suite 4000 |
| | Detroit, MI 48226-3425 |
| Michael H. Baniak | (313) 223-3500 |
| Baniak Pine & Gannon | |
| 150 N. Wacker Drive, Suite 1200 | Frank E. Scherkenbach |
| Chicago, IL 60606 | FISH & RICHARDSON P.C. |
| | 225 Franklin Street |
| *Attorneys for NetJumper Software, L.L.C.* | Boston, MA 02110-2804 |
| | |
| | Howard G. Pollack |
| | FISH & RICHARDSON P.C. |
| | 500 Arguello Street, Suite 500 |
| | Redwood City, CA 94063 |
| | |
| | *Attorneys for Google Inc.* |

_____/

## GOOGLE'S MOTION FOR LEAVE TO FILE ITS SECOND AMENDED ANSWER

Defendant Google Inc., by its attorneys, Dickinson Wright PLLC and Fish & Richardson

P.C., hereby moves this Court for leave to file its Second Amended Answer.

Dockets.Justia.com

This Motion is supported by the accompanying Brief in Support, the Declaration of Michael M. Rosen, the pleadings, and any other fact or argument that may be set forth at the hearing.

Pursuant to ED Mich LR 7.1(a), Google has made reasonable efforts to obtain concurrence of counsel for NetJumper, including by written request dated July 8, 2005. Plaintiff did not respond to Google's requests for concurrence. *See* Declaration of Michael M. Rosen in Support of Google's Motion for Leave to File Amended Answer ("Rosen Dec."), ¶ 8.

Respectfully Submitted,

DICKINSON WRIGHT PLLC

By:   /s/ L. Pahl Zinn
        Kathleen A. Lang (P34695)
        L. Pahl Zinn (P57516)
Attorneys for Google Inc.
500 Woodward Avenue, Suite 4000
Detroit, MI 48226
(313) 223-3500

Dated: July 15, 2005

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

NET JUMPER SOFTWARE, L.L.C.
a Michigan limited liability corporation,

|                               |                                   |
|-------------------------------|-----------------------------------|
| Plaintiff/Counterclaim        | Civil Action No. 04-70366-CV      |
| Defendant,                    | Hon. Julian Abele Cook            |
|                               |                                   |
| v.                            | Magistrate Judge R. Steven Whalen |

GOOGLE INC.,
a Delaware corporation

                        Defendant/Counterclaim
                        Plaintiff.

_____/

| | |
|---|---|
| Andrew Kochanowski | Kathleen A. Lang (P34695) |
| Sommers, Schwartz, Silver & Schwartz, P.C. | L. Pahl Zinn (P57516) |
| 2000 Town Center, Suite 900 | DICKINSON WRIGHT PLLC |
| Southfield,     MI     48075 | 500 Woodward Avenue, Suite 4000 |
| | Detroit, MI 48226-3425 |
| Michael H. Baniak | (313) 223-3500 |
| Baniak Pine & Gannon | |
| 150 N. Wacker Drive, Suite 1200 | Frank E. Scherkenbach |
| Chicago, IL 60606 | FISH & RICHARDSON P.C. |
| | 225 Franklin Street |
| *Attorneys for NetJumper Software, L.L.C.* | Boston, MA 02110-2804 |
| | |
| | Howard G. Pollack |
| | FISH & RICHARDSON P.C. |
| | 500 Arguello Street, Suite 500 |
| | Redwood City, CA 94063 |
| | |
| | *Attorneys for Google Inc.* |

_____/

**BRIEF IN SUPPORT OF GOOGLE'S MOTION**
**<u>FOR LEAVE TO FILE ITS SECOND AMENDED ANSWER</u>**

# TABLE OF CONTENTS

Page

TABLE OF CONTROLLING AND/OR MOST RELEVANT AUTHORITIES ...................... ii

QUESTION PRESENTED ............................................................................................... iii

I.     INTRODUCTION ......................................................................................1

II.    BACKGROUND ........................................................................................1

III.   GOVERNING LAW ...................................................................................3

IV.    ARGUMENT .............................................................................................4

V.     CONCLUSION ..........................................................................................7

## <u>TABLE OF CONTROLLING AND/OR MOST RELEVANT AUTHORITIES</u>

**<u>Cases</u>**

*Cleveland v. City of Detroit*, 275 F.Supp.2d 832 (E.D. Mich. 2003)

*Cultor Corp. v. A.E. Staley Mfg. Co.*, 224 F.3d 1328 (Fed. Cir. 2000)

*Li Second Family Ltd. Partnership v. Toshiba Corp.*, 231 F.3d 1373 (Fed. Cir. 2000)

*Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674 (6th Cir. 1988)

*Molins PLC v. Textron, Inc.*, 48 F.3d 1172 (Fed. Cir. 1995).

*Moore v. City of Paducah*, 790 F.2d 557 (6th Cir.1986)

*R. S. W. W., Inc. v. City of Keego Harbor*, 397 F.3d 427 (6th Cir. 2005)

*Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 519 (6th Cir. 2001).

**<u>Statutes, Rules and/or Regulations</u>**

37 C.F.R. § 1.56

MPEP § 2001.01

## **QUESTION PRESENTED**

Should this Court grant leave to Defendant Google Inc. to permit it to file its Second Amended Answer, which is brought in good faith, and where Plaintiff will not experience prejudice or undue delay?

Defendant Google Inc. Answers: "Yes"

## I.    **INTRODUCTION**

Defendant Google Inc. ("Google") has moved for leave to file a Second Amended Answer, Affirmative Defenses, and Counterclaims.  Google seeks to add an affirmative defense of unenforceability based on inequitable conduct and to dismiss without prejudice its counterclaims for trademark infringement, false representation, federal trademark dilution, state unfair competition, common law unfair competition and trademark infringement, violation of Anti-Cybersquatting Consumer Protection Act, breach of contract, and quantum meruit/unjust enrichment arising from NetJumper Software, L.L.C.'s use of the goograb.com domain, the Google API, and marks similar to Google trademarks.

## II.    **BACKGROUND**

Plaintiff NetJumper Software, L.L.C. ("NetJumper") filed this patent infringement action against Defendant Google Inc. ("Google") on February 2, 2004.  Google filed its Answer, Affirmative Defenses, and Counterclaim on March 26, 2004.  Google then filed its First Amended Answer, Affirmative Defenses, and Counterclaims on April 9, 2004.

Google has diligently sought to take discovery of the named-inventors on the patents-in-suit, but those efforts have been frustrated by numerous delays, which are chronicled in the six status reports Google's has provided to the Court concerning the foreign named-inventors.  [*See* Status Reports to Court by Google dated August 2, 2004, October 1, 2004, December 1, 2004, February 1, 2005, April 1, 2005, and June 1, 2005.]  For the sake of brevity, the status letters are not repeated here.   In any event, the first depositions of these witnesses were taken in March 2005, with a third taken on June 4, 2005.  [*See* Declaration of Michael M. Rosen in Support of Google's Motion for Leave to File Amended Answer ("Rosen Dec."), ¶ 2].

1

NetJumper first produced documents in this case on December 1, 2004. This production consisted of approximately 1900 pages. A subsequent production was made by the first named inventor and NetJumper principal Gilbert Borman on May 18, 2005, which consisted of three times this volume – over 6,000 pages of documents. [*See* Rosen Dec. ¶ 3, Ex. A]. After being twice postponed by Plaintiff's counsel over a two month period, Mr. Borman was finally deposed beginning June 29, 2004. [*See* Rosen Dec. ¶ 4, Ex. B].

Discovery does not close until September 26, 2005. [*See* Rosen Dec. ¶ 5, Ex. C]. No final deadline was set by the Court for amending pleadings. [*Id.*] By this motion, Defendants seek entry of their Second Amended Answer, Affirmative Defenses, and Counterclaims to add claims and defenses of unenforceability due to inequitable conduct.

As particularly alleged in Google's Second Amended Answer, Affirmative Defenses, and Counterclaims at paragraph 13 *et seq.*, certain of the named inventors on United States Patent Nos. 5,890,172 ("the '172 patent") and 6,226,655 ("the '655 patent", collectively "the patents-in-suit"), including at least Gilbert Borman, Rajat Bhatnagar, and Anup Mathur, were unquestionably aware of prior art information that is material to the claims of the patents-in-suit, yet withheld this prior art information from the United States Patent and Trademark Office ("USPTO"). Furthermore, Gilbert Borman and Rajat Batnagar allowed arguments to be made during the prosecution of the '172 patent that directly contradict and misrepresent the teachings of this known, but withheld, prior art information. This prior art information, including but not limited to the NetCarta CyberPilot prior art identified in NetJumper's own document production, is highly material to the claims of the patents-in-suit, and will be shown to refute and be inconsistent with positions Gilbert Borman *et al.* took in opposing arguments of unpatentability of the patent claims, and arguing for the patentability of the patent claims, which were relied on

2

by the USPTO and will further be shown to invalidate these claims under 35 U.S.C. §§ 102 (a) and/or (g) and 103. By withholding this highly material prior art information from the USPTO and making arguments contrary to the teachings of this prior art information known to the inventors prior to the filing of the patents-in-suit, the named inventors on the patents-in-suit committed inequitable conduct, rendering the patents-in-suit unenforceable.

## III.   GOVERNING LAW

The United States Court of Appeals for the Federal Circuit applies its own substantive law to the merits of allegations of inequitable conduct. However, it applies the procedural law of the relevant circuit – in this case the United States Court of Appeals for the Sixth Circuit – to motions to amend. *See Cultor Corp. v. A.E. Staley Mfg. Co.*, 224 F.3d 1328, 1332 (Fed. Cir. 2000) (applying Second Circuit law to deny motion to amend).

Under Fed. R. Civ. P. 15(a), leave to amend pleadings "shall be freely given when justice so requires."  *See R. S. W. W., Inc. v. City of Keego Harbor*, 397 F.3d 427 (6th Cir. 2005) (quoting rule). Leave to amend should not be denied absent evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility. *Ziegler v. IBP Hog Market, Inc*., 249 F.3d 509, 519 (6th Cir. 2001). A futile amendment is one which fails to state a claim upon which relief may be granted. *See Id.* at 518. *See also Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir.1986) (allowing amendment of pleadings); *Cleveland v. City of Detroit*, 275 F.Supp.2d 832, 838 (E.D. Mich. 2003) (allowing amendment of pleadings).

This Court requires allegations of fraud to be pled with particularity. *Michaels Bldg. Co. v. Ameritrust Co., N.A*., 848 F.2d 674, 679 (6th Cir. 1988). *See also Sun-Flex Co. Inc. v. Softview Computer Products Corp*., 750 F.Supp. 962, 963 (N.D. Ill. 1990) (inequitable conduct must be plead with particularity, linking it to Fed.R.Civ.P 9(b)).

To properly plead that a patent is unenforceable, Defendants must allege with particularity that an individual who owed a duty of disclosure to the United States Patent & Trademark Office ("USPTO") failed to submit material information with the intent of deceiving or misleading the patent examiner into allowing the claims.  37 C.F.R. § 1.56; *Molins PLC v. Textron, Inc*., 48 F.3d 1172, 1178 (Fed. Cir. 1995).  This duty of disclosure extends to each applicant for a patent, as well as to all individuals substantively associated with the filing or prosecution of a patent application.  37 C.F.R. § 1.56; MPEP § 2001.01.  Information is considered "material" if a reasonable examiner would be substantially likely to consider it important in deciding whether to allow an application to issue as a patent.  *Li Second Family Ltd. Partnership v. Toshiba Corp*., 231 F.3d 1373,1378 (Fed. Cir. 2000).  Moreover, intent to deceive the USPTO may be inferred from knowledge and materiality of a prior art reference and need not be proven by direct evidence.  *Id*., 231 F.3d at 1381.  Rather "[t]he more material the information misrepresented or withheld by the applicant, the less evidence of intent will be required in order to find that inequitable conduct has occurred."  *Id*. 231 F.3d at 1378.

## IV.   <u>ARGUMENT</u>

Google's Second Amended Answer, Affirmative Defenses and Counterclaims set forth with particularity the who, what, and when of the alleged inequitable conduct before the USPTO.  In particular, Google alleges that certain of the named-inventors, including NetJumper principal Gilbert Borman, committed inequitable conduct by failing to disclosed to the USPTO information known to them that was highly material to the patentability of their then pending – and now issued – claims.

As named-inventors of the patent-in-suit, Gilbert Borman *et al*. owed a duty of candor to the USPTO.  37 C.F.R. § 1.56; MPEP § 2001.01.  This duty required them to bring all material prior art information to the USPTO's attention that were known to them at the time the patent

4

application was pending so that the prior art information could be considered in its assessment of the patentability of the then pending claims. *Id.*

But the named-inventors failed to submit material prior art information to the USPTO that was known to them not only while their patent application was pending, but months before their patent application was even filed. This prior art information, including but not limited to the NetCarta Corporation CyberPilot product, Grasp Information Corporation KnowIt All product, Clear Software ClearWeb product, and Brooklyn North Software, URL Grabber product, anticipates and/or renders obvious the asserted patent claims and was known to named-inventor(s)Gilbert Borman, Rajat Bhatnagar, and/or Anup Mathur prior to the filing of the patent application that issued as the '172 patent. As described in the accompanying amended answers and counterclaims, these references can be used to invalidate the alleged invention claimed in the patents-in-suit, and they are contrary to arguments made during the prosecution of the '172 patent to secure its grant. They were therefore highly material to the patentability of the patents-in-suit.

The named-inventors, Gilbert Borman *et al*., having direct knowledge of information material to the patentability of the claims in the patents-in-suit, had a duty to disclose this highly material information to the USPTO. But Gilbert Borman *et al*., failed to disclose this information to the USPTO and made arguments to the USPTO that refute and are inconsistent with this known prior art information. Thus, named-inventors Gilbert Borman *et al*. committed inequitable conduct before the USPTO and the patents-in-suit are thus unenforceable. Because Google has properly set forth all the elements of the defense of unenforceability, the requested amendment would not be futile.

There has been no undue delay on Google's part in bringing its affirmative defense and counterclaim of unenforceability.  Google only recently completed investigation of the four known named inventors within the subpoena power of this Court or a court in the United States. In fact, the first named inventor and sole employee of Plaintiff NetJumper, Gilbert Borman, was only deposed weeks ago, on June 29 and 30, 2005.

There will be no undue prejudice to NetJumper.  There is still sufficient time for NetJumper to take any additional discovery it believes is necessary as a result of the amendments, as well as adequate time to prepare for trial on the newly asserted affirmative defense and request for declaratory relief.  Furthermore, in light of Google's investigations into the status of the goograb.com domain and website, Google is removing multiple trademark and business related counterclaims from the suit, thereby substantially narrowing the issues in dispute and for trial.  NetJumper, it is noted, has taken virtually no discovery on the counterclaims that will be voluntarily dismissed.

In sum, the requested amendment has been brought in good faith, is not futile, there has been no undue delay on Google's part and NetJumper will not be prejudiced by this amendment as there is sufficient time for NetJumper to respond to the new defense and, by this amendment, the scope of the case has been substantially narrowed.

## V.     <u>CONCLUSION</u>

For the reasons stated above, Google respectfully requests that the court grant its motion and enter its Second Amended Answer.

Respectfully Submitted,

DICKINSON WRIGHT PLLC

By: _____/s/ L. Pahl Zinn_____
          Kathleen A. Lang (P34695)
          L. Pahl Zinn (P57516)
Attorneys for Google Inc.
500 Woodward Avenue, Suite 4000
Detroit, MI  48226
(313) 223-3500

Dated:  July 15, 2005

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on **JULY 15, 2005** I electronically filed **GOOGLE'S MOTION FOR LEAVE TO FILE ITS SECOND AMENDED ANSWER** with the Clerk of the Court using the ECF system which will send notice of such filing upon the following: **ANDREW KOCHANOWSKI AND MICHAEL H. BANIAK** and that I have mailed by United States Postal Service the foregoing to the following non-ECF participants: **N/A** .

Respectfully Submitted,

DICKINSON WRIGHT PLLC

By: /s/ L. Pahl Zinn
      Kathleen A. Lang (P34695)
      L. Pahl Zinn (P57516)
Attorneys for Google Inc.
500 Woodward Avenue, Suite 4000
Detroit, MI 48226
(313) 223-3500

Dated: July 15, 2005

DETROIT 28155-1 887664