# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| NETJUMPER SOFTWARE, L.L.C., a Michigan limited liability corporation, | Civil Action No. 04-70366-CV |
| Plaintiff/Counterclaim Defendant, | Hon. Julian Abele Cook |
| v. | Magistrate Judge R. Steven Whalen |
| GOOGLE INC., a Delaware corporation, | |
| Defendant/Counterclaim Plaintiff. | |

Andrew Kochanowski (P55117)
Nabeel N. Hamameh (P60981)
SOMMERS SCHWARTZ, P.C.
2000 Town Center, 9th Floor
Southfield, MI 48075
(248) 355-0300

Michael H. Baniak
BANIAK PINE & GANNON
150 N. Wacker Drive, Suite 1200
Chicago, IL 60606

Attorneys for NetJumper Software, L.L.C.

Kathleen A. Lang (P34695)
L. Pahl Zinn (P57516)
DICKINSON WRIGHT PLLC
500 Woodward Ave., Suite 4000
Detroit, MI 48226
(313) 223-3500

Frank E. Scherkenbach
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA 02110-2804
(617) 542-5070

Howard G. Pollack
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
(650) 839-5070

Attorneys for Google Inc.

## NETJUMPER'S RESPONSE TO GOOGLE'S MOTION TO FILE SECOND AMENDED ANSWER AND TO ADD NEW COUNTERCLAIM

I.   **NETJUMPER'S RESPONSE TO MOTION TO WITHDRAW LANHAM ACT COUNTERCLAIMS**

NetJumper Software, LLC ("NetJumper") does not oppose Google's withdrawal of its Lanham Act and other related counterclaims. As NetJumper told Google from the beginning of this litigation, those counterclaims were completely specious, and were filed merely to harass NetJumper, a very small Southfield, Michigan company. NetJumper told Google it should dismiss these Counts long ago. (NetJumper Exh. A hereto, letter dated March 31, 2004 from Andrew Kochanowski to L. Pahl Zinn). Nevertheless, NetJumper was forced to defend against these claims, and while it had not yet taken substantial discovery against them, it was forced to incur fees and expenses in connection with preparing an answer and affirmative defenses to the counterclaim, drafting discovery requests related to the counterclaims, and spending time and materials between counsel and client relating to the allegations and an investigation into those allegations.

NetJumper therefore requests that this Court as a condition of allowing the withdrawal of the counterclaim (1) order the dismissal to be with prejudice, and (2) award NetJumper the sum of $2,000.00 for its fees and expenses. *See Conley v. Wilson*, 754 F.2d 769, 771 (7th Cir. 1985). This sum generally approximates six hours of attorney time at a market rate dealing with the Lanham Act counterclaim. Had Google not withdrawn the counterclaims, NetJumper would have been entitled to attorneys' fees under the Lanham Act. 15 U.S.C. § 1117(a).

II.   **NETJUMPER'S RESPONSE TO MOTION TO ADD INEQUITABLE CONDUCT DEFENSE**

NetJumper does oppose Google's raising the inequitable conduct counterclaim. First, such a counterclaim is futile. Google makes no showing whatsoever that any of the alleged prior

1

art was (1) even a reference prior to the critical date of the '172 Patent, (2) that it anticipates and/or renders the '172 Patent obvious, (3) or how the features of the alleged prior art even relate to the teachings of the invention expressed in the '172 and '655 Patents.  Google submits no evidence.  After this lengthy period of discovery, Google cannot simply rest on mere allegations if it wishes to add a complex new defense to this case.  As it acknowledges in its motion papers, it knew as early as March, 2005 that at least one of the inventors of the '172 Patent, Rajat Bhatnagar, had seen at least a description of one of the products it alleges as prior art.  This is the basis for its charge of inequitable conduct.  Yet for months afterward it has failed to amend to add this counterclaim, or to even show NetJumper or the Court how the alleged prior art relates to the patents at issue.

     Moreover, Google makes the bald allegations that these four products (NetCarta Cyber Pilot, Clear Software Clear Web Product, Grasp Information Corporation Products, and Brooklyn North Softwares URL Grabber) are more "material" than the art that was disclosed during the prosecution of the patents in suit; and somehow made arguments in obtaining the '172 Patent as being contradicted by "these references" -- without any articulation of what arguments, which references and how there was any contradiction.  At a minimum, Google should have argued in its motion and pointed out to the Court, and to NetJumper, how these products allegedly are not cumulative to the prior art cited by the Examiner during the prosecution of the Patents in suit, how they meet the test for materiality, and what are these undefined, unarticulated "inconsistent statements."  In that regard, Google mis-cites the standard for materiality, apparently quoting from the pre-1992 Rule 1.56.  The standard actually applicable to these patents is much higher, to wit:

> Under this section, information is material to patentability when it is not
> cumulative to information already of record or being made of record in the

> application, and (1) It establishes, by itself or in combination with other information, a *prima facie* case of unpatentability of a claim; or (2) It refutes, or is inconsistent with, a position the applicant takes in: (i) Opposing an argument of unpatentability relied on by the Office, or (ii) Asserting an argument of patentability.

37 C.F.R. § 1.56(b).

Google did not do so for the simple reason that these products are no more material than the art cited. The patent issued over the cited art which, by implication, was distinguishable by the Examiner in granting the claims of the patents-in-suit. It is notable that Google's amended claim carefully says, "*On information and belief*, one or more of these prior art products, alone or in combination, supports a claim that one or more of the claims of each of the patents-in-suit are anticipated or rendered obvious." (Proposed Amendment at ¶13(C)(i), emphasis added). Surely now, a year into discovery, Google has an articulated position that it could have shared with the Court and NetJumper as to the materiality of these alleged references that is greater than "on information and belief." Surely Google must be able to articulate how this alleged prior art actually constitutes statutory prior art in the first instance, and then how it meets the applicable standard of *compelling a conclusion* that the claims are unpatentable. This is a very serious charge being leveled at the Inventors and their counsel who prosecuted the applications. Instead, all we get is the unsupported allegation that this purported prior art "anticipates and/or renders obvious" (Google Br. p. 5). Google apparently can't even tell us which way it is supposed to go. The references are repeatedly said to be "highly material" -- how so? Google does not say.

Furthermore, Google's proposed inequitable conduct defense and supporting motion papers utterly fail to point out how Google intends to prove that the prior art information was "withheld" by NetJumper. Its motion fails to address that none of the actual software was possessed by the inventors. Instead, all Google could show (if it had actually submitted any

3

evidence) was that it asked one or more of the Inventors whether they were aware of short blurbs in trade press that described several of these products. Thus, if Google had submitted any evidence in support of the motion, Google could not prove that *any* of the Inventors ever actually possessed the software, understood how it worked, or comprehended whether or not it related to the invention they were working on (which it did not).

Furthermore, Google has not shown, and cannot show, that any of these Inventors understood that any of these products were "material" to the prosecution of the invention. Nor can Google show that any of these inventors had intent to mislead the Patent Office. Intent, of course, is one of the two absolutely necessary prongs to successfully prove an inequitable conduct defense.

A charge of invalidity based on inequitable conduct must be shown by clear and convincing evidence. *Molins PLC v. Textron, Inc.*, 48 F.3d 1172, 1178 (Fed. Cir. 1995). It cannot rest upon a mere showing that art or information having some degree of materiality was not disclosed. To be guilty of inequitable conduct, one must have intended to act inequitably. Thus, one who alleges a "failure to disclose" form of inequitable conduct must offer clear and convincing proof of: (1) prior art or information that is material; (2) knowledge chargeable to applicant of that prior art or information and of its materiality; and (3) failure of the applicant to disclose the art or information resulting from an intent to mislead the PTO. *FMC Corp. v. The Manitowoc Co., Inc.,* 835 F.2d 1411 (Fed. Cir. 1987). "Once threshold findings of materiality and intent are established, the court must weigh them to determine whether the equities warrant a conclusion that inequitable conduct occurred." *Molins PLC*, 48 F.3d at 1178. In *Rosco, Inc. v. Mirror-Lite Co.*, No. 03-1562, 120 Fed. Appx. 832, 837 (Fed. Cir. Jan 19, 2005), the Court explained, "a strong showing is required to prove inequitable conduct. Our case law holds that

4

the "materiality of an undisclosed reference does not presume an intent to deceive." *Halliburton Co. v. Schlumberger Tech. Corp.*, 925 F.2d 1435, 1442 (Fed. Cir. 1991). Nor does gross negligence alone justify an inference of intent to deceive. *Id.* Instead, "an applicant's conduct in its entirety must 'manifest a sufficiently culpable state of mind to warrant a determination that it was inequitable.'" *Id.* at 1443 (quoting *Consol. Aluminum Corp. v. Foseco Int'l Ltd.*, 910 F.2d 804, 809 (Fed. Circ. 1990)).

The facts alleged by Google do not reference a single piece of evidence showing, suggesting, or even implying an intent to deceive. Instead, after a year of discovery and the depositions of virtually all of the Inventors of the '172 Patent, Google points to nothing more than conjecture upon "information or belief." Defendant fares no better in the notion that there was some material misrepresentation. Not even a hint of what such a misrepresentation was is offered, let alone there is not a shred of evidence presented that shows any statement made by the Inventors to the PTO was untrue.

The foregoing "basis" for this defense is completely devoid of the necessary factual allegations that even Google admits it must present in order to plead with particularity a case sounding in fraud. Google Br. p. 3. This is mere handwaving by Google. The defense of inequitable conduct is a blight upon the patent litigation landscape, as the CAFC has time and again repeated, and like the huge majority of such charges, is meant to harass, never actually having a chance of success.

If the Court allows this counterclaim to go forward, it will add an unnecessary layer of complexity to this case. Google had the burden to show that the inequitable conduct defense is not futile. To do so it needed to show the Court something more than that several of the Inventors may have looked at articles touting software at some point during the prosecution of

5

the patent. Without telling the Court why the software is material, or how it relates to statements made in prosecution of the claims of the '172 Patent, and how Google will prove that the inventors consciously intended to mislead the Patent Office, how the inventors intended to defraud the Patent Office, and that the inventors and/or the attorney prosecuting the patent (who was also deposed in this case) understood the alleged significance of these products and deliberately failed to tell the Patent Office about their existence, the amendment is futile and leave to amend should be denied. *Hahn v. Star Bank*, 190 F.3d 708, 717 (6th Cir. 1999) (affirming denial of motion to amend as futile because plaintiff could not maintain a FCRA claim against any of the defendants).

If granted, NetJumper will be forced to add another costly element to this case, a legal expert steeped in patent prosecution, in how parties meet the standard governing disclosure of prior art to the PTO in practice, and how that standard was addressed in this case. At a minimum, Google's motion should have spelled out why its defense has any chance of success before Plaintiff is forced to again defend against yet another meritless attack.

An application to amend a complaint must be denied if the amendment is futile. Google has shown no facts, documents, or even the framework of credible theories that would tend to support an inequitable conduct defense. For these reasons, the motion should be denied.

Dated: August 1, 2005                    Respectfully submitted,
                                                                                 BANIAK PINE & GANNON

                                                                                 By: /s/ Michael H. Baniak
                                                                                 150 N. Wacker Dr., Suite 1200
                                                                                 Chicago, IL 60606
                                                                                 (312) 673-0360

SOMMERS SCHWARTZ, P.C.
Andrew Kochanowski (P55117)
2000 Town Center, Suite 900
Southfield, MI  48075
(248) 355-0300

Attorneys for NetJumper Software, L.L.C.

## CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2005, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to Kathleen A. Lang and L. Pahl Zinn of Dickinson Wright.

I further certify that I have mailed the foregoing paper by U.S. Postal Service First Class Mail to non-ECF participants Frank E. Scherkenbach and Howard G. Pollack of Fish & Richardson.

/s/ Michael H. Baniak
BANIAK PINE & GANNON
150 N. Wacker Drive, Suite 1200
Chicago, Illinois 60606
(312) 673-0360