# EXHIBIT A

# LAW OFFICES
## SOMMERS, SCHWARTZ, SILVER & SCHWARTZ
### PROFESSIONAL CORPORATION
2000 TOWN CENTER
SUITE 900
SOUTHFIELD, MICHIGAN 48075-1100

(248) 355-0300
FAX: (248) 746-4001
INTERNET MAIL: EMAIL@S4ONLINE.COM
WEB SITE: WWW.S4ONLINE.COM

409 PLYMOUTH ROAD
SUITE 200
PLYMOUTH, MICHIGAN 48170-1834
(734) 455-4250

100 ROSS STREET
PITTSBURGH, PENNSYLVANIA 15219-2071
(800) 967-1234
*ALSO ADMITTED IN PENNSYLVANIA

STANLEY S. SCHWARTZ
LEONARD B. SCHWARTZ
LAWRENCE WARREN
STEVEN J. SCHWARTZ
JOHN F. VOS III
JEFFREY N. SHILLMAN
DAVID R. GETTO
NORMAN D. TUCKER
ROBERT H. DARLING
PAUL W. HINES
DONALD J. GASIOREK
PATRICK B. MCCAULEY
JUSTIN C. RAVITZ
GARY A. TABACK
ALLEN J. KOVINSKY
JOSEPH A. GOLDEN
WILLIAM M. BRUKOFF
RICHARD D. TOTH
ALLEN J. WALL
RICHARD D. FOX
FRANK MAFRICE
JAMES J. VLASIC

LEON M. SCHURGIN
VICTOR A. COEN
RICHARD L. GROFFSKY
DAVID J. WINTER
JOSEPH E. GRINNAN
DAVID M. BLACK
B.A. TYLER
DANIEL D. SWANSON
MICHAEL J. CUNNINGHAM
J. LEE TILSON
PATRICK J. BURKETT
MATTHEW G. CURTIS
CHARLES R. ASH III
JELENA JOYNER
ROBERT J. SCHWARTZ
ROBERT B. SICKELS*
JOHN L. RUNCO*
PATRICIA A. STAMLER
LISA K. PERNICK
JOSEPH H. BOURGON
TRACY L. ALLEN
SAM G. MORGAN

GERALD D. KELLER
ANDREW KOCHANOWSKI
MURRAY C. SLOMOVITZ
ANNE M. SCHOEPFLE
JAY G. YASSO
KENNETH T. WATKINS
DAVID J. SZYMANSKI
GERALD D. WAHL
DAVID F. GRECO
PETER L. SCHWARTZ
LENA AGREE
RANDALL M. BLAU
JENNIFER M. GRIECO
CAMERON R. GETTO
ERICKA M. JACKSON
SHALINA D. KUMAR
MICHAEL E. GERAGHTY
BETH N. DESMON
REBECCA M. TURNER
BRADLEY W. BUTCHER
NABEEL N. HAMAMEH
DANIELLE C. SCHOENY

SENIOR COUNSEL
NORMAN S. SOMMERS
HOWARD SILVER
CHARLES S. FARMER
DAVID ALLAN KAPLAN

OF COUNSEL
PAUL GROFFSKY
DAVID L. NELSON
MARVIN R. STEMPIEN
H. ROLLIN ALLEN
PAUL L. NINE, P.C.

KENNETH V. COCKREL
(1938-1989)
JEREMY L. WINER
(1942-2001)

March 31, 2004

*Via Facsimile*:
Dickinson Wright, PLLC
L. Pahl Zinn, Esq.
500 Woodward Ave., Ste. 4000
Detroit, MI 48226

      Re:    NetJumper, L.L.C. v Google, Inc.
             USDC Case No. 04-70366

Dear Mr. Zinn:

      We received your Answer to our Complaint and Counter-Claim. Had you or Google's California counsel inquired, you would have learned that NetJumper had discontinued the "goograb" demonstration on its website. You would also have learned that the demonstration was made in response to Google's own API invitation to developers to demonstrate Google technology to potential third-party customers and was made known to Google's Celeste Chung prior to being put up. Ms. Chung did not object to the demo, presumably because it conformed to Google's API license, and was a vehicle to demonstrate <u>to Google</u> first forward surfacing.

      Further, as should be clear, the "goograb" demonstration that is the subject of your counter-claim was not a commercial product to generate income, as your counter-claim wrongly suggests. Had you inquired, you would have learned that the demo generated less than 500 views before being taken down, and resulted in no sales.

In short, putting aside issues of actual and/or implied license, no confusion, no dilution, and other defenses that could and will be asserted had "goograb" been anything but a *de minimis* demonstration, your counter-claim appears to be moot in light of NetJumper's own decision to delete it from its site. We accordingly ask that you voluntarily dismiss that portion of the counter-claim that deals with the "goograb" demonstration. If we are forced to respond to and litigate this part of the counter-claim in litigation, we will treat it as the frivolous pleading that it is and seek appropriate sanctions at the appropriate time. I trust that we need not come to this, however, and can litigate this case as the patent infringement dispute that this matter is actually about.

Very truly yours,

SOMMERS, SCHWARTZ, SILVER & SCHWARTZ, P.C.

Andrew Kochanowski

AK:dlh