# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

NET JUMPER SOFTWARE, L.L.C.
a Michigan limited liability corporation,

        Plaintiff/Counterclaim        Civil Action No. 04-70366-CV
        Defendant,        Hon. Julian Abele Cook

  v.       Magistrate Judge R. Steven Whalen

GOOGLE INC.,
a Delaware corporation

        Defendant/Counterclaim
        Plaintiff.

_____/

| | |
|---|---|
| Andrew Kochanowski<br>Sommers Schwartz, P.C.<br>2000 Town Center, Suite 900<br>Southfield, MI 48075<br><br>Michael H. Baniak<br>Baniak Pine & Gannon<br>150 N. Wacker Drive, Suite 1200<br>Chicago, IL 60606<br><br>*Attorneys for NetJumper Software, L.L.C.* | Kathleen A. Lang (P34695)<br>L. Pahl Zinn (P57516)<br>DICKINSON WRIGHT PLLC<br>500 Woodward Avenue, Suite 4000<br>Detroit, MI 48226-3425<br>(313) 223-3500<br><br>Frank E. Scherkenbach<br>FISH & RICHARDSON P.C.<br>225 Franklin Street<br>Boston, MA 02110-2804<br><br>Howard G. Pollack<br>FISH & RICHARDSON P.C.<br>500 Arguello Street, Suite 500<br>Redwood City, CA 94063<br><br>*Attorneys for Google Inc.* |

_____/

# GOOGLE'S REPLY BRIEF
# IN SUPPORT OF ITS MOTION FOR LEAVE
# TO FILE ITS SECOND AMENDED ANSWER

**I.       Summary of Reply**

In its opposition to Google's Motion for Leave to File its Second Amended Answer, NetJumper spins a confusing web of case law that bears no relation to the standard for amending pleadings.  This is misdirection.  The legal standard for leave to amend is simple: under relevant Sixth Circuit and Federal Circuit case law, leave to amend pleadings "shall be freely given when justice so requires," namely in the absence of undue delay, bad faith, undue prejudice to the non-movant, or futility.  [Google's Motion at 3-4.]  Because none of those factors exist here, Google is entitled to leave to amend its answer to add its particularly pled affirmative defense and counterclaim for inequitable conduct.

In NetJumper's conclusory statement that it is entitled to fees and costs for having to defend against Google's trademark related claims, NetJumper neglects to note that <u>*after service of Google's counterclaims*</u> NetJumper: (1) dismantled the offending goograb.com website; (2) failed to maintain its registration to the domain name *even though* Google requested transfer of the domain name to Google as relief in its counterclaims; and (3) NetJumper failed to preserve documents related to Google's counterclaims because it "didn't think Google's claims had any merit."  NetJumper has suffered no prejudice from the withdrawal of the trademark counterclaims, and if any party is entitled to fees and costs, it is Google.

**II.      Google is entitled to amend its answer to include an affirmative defense and a counterclaim for inequitable conduct, this counterclaim is not futile.**

NetJumper has inflated a pleading standard, which Google has manifestly met in its amended pleadings, into a trial burden.  This is an inappropriate standard for pleadings.  In order to obtain leave to amend its pleadings to include an affirmative defense and a counterclaim for inequitable conduct, Google must, as it has, state a claim upon which relief may be granted.  Google is not required, as NetJumper wrongly insists, to prove its case of inequitable conduct *in its pleadings*.  Because Google has alleged all of the elements of inequitable conduct with particularity, its motion for leave to amend should be granted.

The cases upon which NetJumper relies in order to heighten this pleading standard and to pass its "heavy burden" on to Google – including *Molins PLC v. Textron, Inc.*, 48 F.3d 1172

(Fed. Cir. 1995); *FMC Corp. v. Manitowoc Co., Inc.*, 835 F.2d 1411 (Fed. Cir. 1987); the unpublished *Rosco, Inc. v. Mirror Lite Co.*, 120 Fed. Appx. 832 (Fed. Cir. 2005); *Halliburton Co. v. Schlumberger Technology Corp.*, 925 F.2d 1435 (Fed. Cir. 1991); *Consol. Aluminum Corp. v. Foseco Int'l Ltd.*, 910 F.2d 804 (Fed. Cir. 1990) – concerned the burden for proving inequitable conduct *at trial*. This is misdirection. Here, at the *pleading stage*, Google has plainly set forth facts that, if true, will establish a claim upon which relief can be granted, and has therefore satisfied the requirements of Fed. R. Civ. P. 15(a).

NetJumper asserts that Google's amended complaint is futile. But a futile amendment is one which fails to state a claim upon which relief may be granted.[1] *See Ziegler v. IBP Hog Market, Inc.,* 249 F.3d 509, 518 (6th Cir. 2001). A pleading "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Saglioccolo v. Eagle Ins. Co.*, 112 F.3d 226, 228 (6th Cir. 1997) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). *See also Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 415 (6th Cir. 1998) (noting "the well-settled jurisprudence of this circuit describing the heavy burden cast upon a party who seeks dismissal" of a pleading on the basis of a failure to state a claim). NetJumper has failed to meet its heavy burden.

As for the sufficiency of Google's pleadings, a claim for inequitable conduct arises from a failure to comply with 37 C.F.R. § 1.56, known as the Duty of Candor with the United States Patent and Trademark Office ("USPTO"):

> Each individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the Office, which includes a duty to disclose to the Office all information known to that individual to be material to patentability as defined in this section.

[37 C.F.R. § 1.56; *See also* MPEP § 2001.01.] As Google has pled, the named inventors, which include Gilbert Borman, Rajat Bhatnagar, and Anup Mathur, owed a duty of candor to the

---

[1] The single case relied upon by NetJumper for its futility argument, *Hahn v. Star Bank*, 190 F.3d 708, 717 (6th Cir. 1999), dismissed the claims as futile because they failed to state a claim upon which relief could be granted.

2

USPTO because they were associated with the filing and prosecution of the application that led to the '172 patent. [Second Amended Answer at ¶ 13(a)-(b).] Information, including, but not limited to, the CyberPilot prior art was known to these named inventors. [Second Amended Answer at ¶ 13(a)-(b).] NetJumper all but admits such knowledge its opposition. [Opposition at 3-4.] This is because it has been established that more than four months prior to filing the '172 patent, and in the same month NetJumper *initially* claimed to have invented the patented technology, Gilbert Borman examined information about the CyberPilot and KnowIt All products – he printed it out, wrote on it, and saved it in his files. [*See* NJ 758-760; *see also* Declaration of L. Pahl Zinn in Support of Google's Reply Brief, Ex. 1 to Reply Brief ("Zinn Dec."), ¶ 2, Ex. A (Transcript of Deposition of Gilbert Borman ("Borman Dep.")) at 118-25 ("It's certainly [my handwriting], and it's saying 'This is our Surflog.'" *Id.* at 124:14-15); Zinn Dec., ¶ 3, Ex. B (Transcript of Deposition of Rajat Bhatnagar ("Bhatnagar Dep.")) at 88-89 ("Yes, I remember the NetCarta [CyberPilot] WebMap." *Id.* at 89:7); and Zinn Dec., ¶ 4, Ex. C (Transcript of Deposition of Anup Mathur) at 138-39.]

As for the materiality of these references, Google did allege that the references were material in its amended pleading. [Second Amended Answer at ¶ 13(c).] Moreover, Google sent NetJumper invalidity charts for the CyberPilot and URL Grabber prior art months ago. [Zinn Dec. Ex. E.] And Google served its Motion for Summary Judgment of Non-Infringement and Invalidity of the '172 Patent on NetJumper last week. [Zinn Dec. ¶ 7.] This motion turns on this same CyberPilot prior art, and included the Declaration of Randall Stark, which supports the prior art status of this highly material information. [Zinn Dec. ¶ 8, Ex. F (Declaration of Randall Stark).] This information, known to the inventors and obviously highly material to the patentability of the claims, was not disclosed to the USPTO and was not merely cumulative of the references before the USPTO. [Second Amended Answer at ¶¶ 13(c)(ii), and (f)-(g)).]

Finally, contrary to NetJumper's assertions, Google has pled that NetJumper intended to deceive the USPTO. [*Id.* at ¶ 13(h).] Named-inventors Gilbert Borman and Rajat Bhatnagar offered no credible explanation as to why this information was not submitted to the USPTO and

3

intent may therefore be inferred. [Zinn Dec. Ex. A (Borman Dep.) 130:10-134:23 ("I have no intention [to provide testimony about any prior art]. The patent speaks for itself and it speaks for me." *Id*. at 134:6-23.); Zinn Dec. Ex. B (Bhatnagar Dep.) 89:13-19 ("No, I don't want to comment on [whether any of the named inventors] obtain[ed] the CyberPilot product and [did] any testing on it.").] *Bruno Independent Living Aids, Inc. v. Acorn Mobility Servs., Inc.*, 349 F.3d 1348, 1354 (Fed. Cir. 2005) (inventors did not "proffer[] a credible explanation for the nondisclosure [of the information to the PTO], and an inference of deceptive intent may fairly be drawn in the absence of such an explanation.").

### III. There has been no undue delay by Google in amending its pleadings.

In addition, NetJumper accuses Google of unduly delaying its motion to amend its pleadings. [Opposition at 2.] Google chose not to impulsively file a counterclaim as soon as it first became aware of the possibility of inequitable conduct. Instead, Google carefully investigated these suspicions and only brought its motion to amend after it had deposed all four available named inventors. Google then filed its motion two weeks after deposing Gilbert Borman. [*See generally* Zinn Dec. Ex. A (Borman Dep.) at 118-25.] The delay cited by NetJumper was of NetJumper's own creation. [See Declaration of Michael M. Rosen in Sup. of Motion for Leave to Amend Second Amended Answer ¶ 4, Ex. B.] Google explained this in its motion and supporting papers, and NetJumper has not even challenged any of the facts, other than to make a conclusory statement that this lapse of time was unreasonable. [*Id*.]

### IV. Google is dismissing without prejudice its trademark counterclaims because NetJumper failed to preserve relevant evidence, a failure from which NetJumper should not benefit.

NetJumper is not entitled to attorneys fees or costs for in exchange for dismissal of Google's trademark related claims. NetJumper provides no analysis to support its request. Google voluntarily agreed to withdraw its trademark counterclaims. This withdrawal – unopposed by NetJumper – will conserve time and money for both Plaintiff and Defendant going forward in the litigation. Google has already devoted significant resources toward pursuing these serious claims, which Google brought in good faith

Google's trademark related claims were manifestly with merit, given NetJumper's misappropriation of the name and likeness of Google's famous marks. [See Google's First Amended Answer ¶¶ 18-56, 73-123.] NetJumper admitted that it registered the domain name www.goograb.com, the root of Google's trademark claims, and that "after receiving notification that the domain name…would expire, [NetJumper] took no action to renew the registration or otherwise to avoid expiration of the domain name." [Zinn Dec. ¶ 5, Ex. D (NetJumper's First Amended Answers to Google's First Set of Requests for Admission at Answer to Requests ("RFA Answer")) Nos. 8 and 29.] NetJumper admitted that it intended the mark from this domain to be similar to the Google mark. [Zinn Dec. Ex. A (Borman Dep.) at 199:4-8 ("I wanted a name that was suggestive of where the search results were coming [from]" *Id.* at 199:6-7) and Zinn Dec. Ex. D, RFA Answer No. 25 ("The Goograb logo was intended to suggest grabbing 'something', such as a link, from Google").]

But rather than transfer the www.goograb.com domain name to Google, or otherwise maintain the domain name and documents and things associated with it, NetJumper's sole employee, Gilbert Borman, a licensed attorney, failed to maintain the domain and "deleted" related documents because he "didn't think Google's claims had any merit." [Zinn Dec. Ex. A (Borman Dep.) at 201:17-204:11.] While Google is not pursuing these claims, NetJumper should not profit from its malfeasance, neither by receiving its costs and fees for defending its conduct nor by having the claims dismissed with prejudice. If any party is entitled to costs and fees, it is Google.

Respectfully Submitted,

Dated: August 15, 2005

s/ L. Pahl Zinn
L. Pahl Zinn (P57516)
DICKINSON WRIGHT PLLC
*Attorneys for Google Inc*.

5

**CERTIFICATE OF SERVICE**

I hereby certify that on August 15, 2005, I electronically filed the foregoing paper and all items attached or referenced thereto with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

    Andrew Kochanowski, Esq., counsel for NetJumper Software, L.L.C.

and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:

    Michael H. Baniak, Esq., co-counsel for NetJumper Software, L.L.C.

                                    By: s/ L. Pahl Zinn

                                    L. Pahl Zinn (P57516)
                                    DICKINSON WRIGHT PLLC
                                    500 Woodward Avenue, Suite 4000
                                    Detroit, MI 48226-3425

                                    (313) 223-3500
                                    pzinn@dickinson-wright.com

                                    *Attorneys for Google Inc.*