UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NETJUMPER SOFTWARE, L.L.C.,

        Plaintiff,

v.                                                    Case number 04-70366
                                                    Honorable Julian Abele Cook, Jr.

GOOGLE INC.,

        Defendant.

ORDER

        The Plaintiff, NetJumper Software, L.L.C. ("NetJumper"), initiated this cause of action on February 2, 2004, contending that the Defendant, Google Inc. ("Google"), had infringed upon its patent.[1]  Now before the Court is "Google's Motion for Leave to File Its Second Amended Answer."  For the reasons that have been set forth below, Google's request will be granted.

        Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend should be freely granted "when justice so requires." The determination of whether to grant a motion to amend is left to the sound discretion of the district court.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986).  The Sixth Circuit Court of Appeals has opined that it is appropriate to grant a leave to amend unless there is evidence of "undue delay, bad faith, undue prejudice to the non-movant, or futility. *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 519 (6th Cir. 2001).

---

[1] On March 26, 2004, Google filed its answer, including affirmative defenses, as well as a counterclaim. Shortly thereafter (April 9, 2004), Google supplemented its defense with the filing of a first amended answer, affirmative defenses, and an amended counterclaim.

In opposition of Google's request to amend its answer, NetJumper argues that this proposed addition of an affirmative defense and counterclaim for inequitable conduct is futile. Moreover, it is NetJumper's position that Google has failed to demonstrate that it can prove any inequitable conduct by clear and convincing evidence. Google insists that it has set forth of the elements of inequitable conduct with particularity.

Title 37, Section 1.56 of the Code of Federal Regulations imposes a duty of candor and good faith upon each individual who is associated with the filing of and prosecution of a patent application, including a duty to disclose all material information to the United States Patent and Trademark Office ("USPTO"). A party, who alleges inequitable conduct (i.e., the failure to disclose prior art) by an adversary, must offer clear and convincing evidence of (1) prior art or information that is material, (2) knowledge of such prior art or information and of its materiality that is chargeable to the patent applicant, and (3) the applicant's failure to disclose the prior art or information was done with an intent to mislead the USPTO. *Molins PLC v. Textron, Inc.*, 48 F.3d 1172, 1178 (Fed. Cir. 1995).

Google alleges several facts to support its proposed claim of inequitable conduct. First, it submits that three of the named inventors of the patents-in-suit (Gilbert Borman, Rajat Bhatnagar, and Anup Mathur) knowingly withheld prior art information from the USPTO that is material to the claims of the patents-in suit. It has also been alleged by Google that Borman, after having examined the prior art, saved it for his personal use prior to the filing of the patents-in-suit. Furthermore, Google maintains that this prior art information is contrary to the positions that have been adopted by the named inventors in arguing for the patentability of their claims. Moreover, Google submits that these misleading arguments by the named inventors were relied upon by the USPTO.

In evaluating Google's petition to amend its pleadings, the Court is limited to a determination of whether its proposed claim of inequitable conduct by the named inventors is futile. *See Zeigler*, 249 F.3d at 519.  A futile amendment is one which fails to state a claim upon which relief may be granted.  *See Id*. at 518.  Thus, a pleading that fails to state a viable claim exists whenever "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Saglioccolo v. Eagle Ins. Co.*, 112 F.3d 226, 228 (6th Cir. 1997) (quoting *Conley v. Gibson*, 335 U.S. 41, 45-46 (1957)).

Here, Google has alleged facts which, if taken as true, would establish each element of a claim for inequitable conduct that was caused by a failure to disclose prior art to the USPTO.  *See Molins PLC*, 48 F.3d at 1178.  Without addressing the merits of Google's proposed defenses, the Court cannot, and does not, adopt the arguments that have been advanced by NetJumper on this narrow issue of futility.

In addition to amending its pleadings as noted above, Google also seeks to withdraw several of its counterclaims against NetJumper without prejudice.[2]  Although NetJumper does not oppose Google's proposed withdrawal action, it argues that (1) these claims should be dismissed with prejudice and (2) an award of attorney fees and costs should be assessed in its favor.  The Court disagrees.  The words, "with prejudice" connote that the challenged issue has been addressed and resolved by the Court on its merits.  As is obvious, this not been done.  Moreover, there has not been any evidence which suggests that NetJumper has suffered any demonstrable prejudice to its interests as the Plaintiff in this litigation by virtue of the proposed removal of the designated

---

[2]The counterclaims that Google seeks to dismiss are (1) trademark infringement, (2) false representation, (3) federal trademark dilution, (4) state unfair competition, (5) common law unfair competition and trademark infringement, (6) violation of Anti-Cybersquatting Consumer Protection Act, (7) breach of contract, and (8) quantum meruit/unjust enrichment.

counterclaims. Finally, the removal of these issues by Google will greatly reduce the issues to be resolved by the trier of the facts in this case and, by virtue thereof, it will enhance the administrative efficiency of this civil case.

In addressing the issue of an assessment of attorney fees and costs against Google, NetJumper relies upon Title 15, Section 1117 of the United States Code which states that "the Court in exceptional cases may award reasonable attorney fees to the prevailing party." The Court does not find that this is an exceptional case. Furthermore, since Google would voluntarily dismiss its counterclaims, NetJumper cannot be considered to be a "prevailing party" under the current circumstances of this case. Therefore, the Court rejects NetJumper's request for the award of attorneys fees and expenses.

Accordingly, "Google's Motion for Leave to File Its Second Amended Answer" is granted.

IT IS SO ORDERED.

DATED:   September 7, 2005           s/ Julian Abele Cook, Jr.
         Detroit, Michigan           JULIAN ABELE COOK, JR.
                                     United States District Judge

Certificate of Service

I hereby certify that on September 7, 2005, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

                                    s/ Kay Alford
                                    Courtroom Deputy Clerk