Case 2:04-cv-70366-JAC-RSW    Document 54-7    Filed 09/27/2005    Page 1 of

Dockets.Justia.com

0872708S · 100896

MAR 1 2 1997

Patent
Attorney Docket No. 18041.701

Applicant or Patentee: Gilbert Borman et al.

Serial or Patent No.: 08/727.085

Filed or Issued: October 8, 1996

For: Internet Search Tools

## VERIFIED STATEMENT (DECLARATION) CLAIMING SMALL ENTITY STATUS (37 CFR 1.9(f) and 1.27(c) - SMALL BUSINESS CONCERN

I hereby declare that I am:

[X]    the owner of the small business concern identified below;

[ ]    an official of the small business concern empowered to act on behalf of the concern identified below:

Name of Concern: Tenzini Dynamics, Inc.

Address of Concern: 1 Oakland Towne Square, Suite 1690, Southfield, Michigan 48076

I hereby declare that the above identified small business concern qualifies as a small business concern as defined in 13 CFR 121.3-18, and reproduced in 37 CFR 1.9(d), for purposes of paying reduced fees under Section 41(a) and (b) of Title 35, United States Code, in that the number of employees of the concern, including those of its affiliates, does not exceed 500 persons. For purposes of this statement, (1) the number of employees of the business concern is the average over the previous fiscal year of the concern of the persons employed on a full-time, part-time or temporary basis during each of the pay periods of the fiscal year, and (2) concerns are affiliates of each other when either, directly or indirectly, one concern controls or has the power to control the other, or a third-party or parties controls or has the power to control both.

I hereby declare that rights under contract or law have been conveyed to, and remain with the small business concern identified above with regard to the invention, entitled

### INTERNET SEARCH TOOLS

by inventors Gilbert Borman, Rajat Bhatnagar, Arul Sebastian, Anup Mathur, Vinay Wadhwa, Mukesh Kumar and C. Vinay Kumar Singh, described in

[ ]    the specification filed herewith

[x]    Application Serial No. 08/727.085, filed October 8, 1996

[ ]    Patent No. _____ issued _____

If the rights held by the above identified small business concern are not exclusive, each individual, concern or organization having rights to the invention is listed below* and no rights to the invention are held by any person, other than the inventor, who could not qualify as a small business concern under 37 CFR 1.9(d) or by any concern which would not qualify as a small business concern under 37 CFR 1.9(d) or a nonprofit organization under 37 CFR 1.9(e).

Name:    Gilbert Borman

Address:    1 Oakland Towne Square
Suite 1690
Southfield, MI 48076

I acknowledge the duty to file, in this application or patent, notification of any change in status resulting in loss of entitlement to small entity status prior to paying, or at the time of paying, the earlier of the issue fee or any maintenance fee due after the date on which status as a small business entity is no longer appropriate. (37 CFR 1.28(b)).

Filed 09/27/2005 Page 2 of

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code and that such willful false statements may jeopardize the validity of the application, any patent issuing thereon, or any patent to which the verified statement is directed.

Name of Person Signing: Gilbert Borman

Title of Person Other Than Owner: President

Address of Person Signing: 1 Oakland Towne Square, Suite 1690, Southfield, Michigan 48076

Signature: _____ Date: 2-28-97

08727085.100896

G 000172

D3CO

Attorney Docket No.: 18041-701

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Patent Application of .                                      )        PATENT APPLICATION
Gilbert Boman, et al.                                               )
                                                                             )
Application No.: 08/727,825 683                         )        Examiner: Not Yet Assigned
                                                                             )
Filed: October 8, 1996                                           )        Group Art Unit:  Not Yet Assigned
                                                                             )
Title: INTERNET SEARCH TOOLS                     )
                                                                             )

CERTIFICATE OF MAILING UNDER 37 C.F.R. § 1.8 – FIRST CLASS MAIL
I hereby certify that this correspondence is being deposited
postage prepaid, with the United States Postal Service as
"First Class Mail" in an envelope addressed to the Assistant
Commissioner for Patents, Washington, D.C. 20231 on
March 5, 1997.

_Annette Granados_ _____ (Signature)

Annette Granados

### PETITION FOR EXTENSION OF TIME

Assistant Commissioner for Patents
Washington, D.C. 20231

Dear Sir:

Pursuant to 37 C.F.R. §1.136(a), an extension of time of:

|  | Large Entity | Small Entity |
|---|---|---|
| Two Months | [ ] $ 390.00 | [X] $195.00 |

and at least up to and including the filing date of the present paper is hereby requested to
respond to the Official Action mailed December 8, 1996.

PAYMENT OF FEES

The full fee due in connection with this Petition is $195.00, and is provided as follows:

[X]    The fee is provided as set forth in the accompanying paper entitled

RESPONSE TO NOTICE TO FILE MISSING PARTS OF APPLICATION.

Respectfully submitted.

Date: _March 5, 1997_                    By: _David J Wilets_
                                                         David J. Weitz
                                                         Registration No. 38,362

WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304-1505
(415)493-9300

H:\PRIVATE\WILD\TEN\RENT\N70\NEXTTIME.MST

G 000173



PATENT
Attorney Docket No. 5048.001

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of:                        )
                                             )
Gilbert Borman et al.                        )    Examiner:  Unknown
                                             )
Application No. 08/727,825                   )
                                             )    Group Art Unit:  Unknown
Filed:  October 8, 1996                      )
                                             )
For: Internet Search Tools                   )

RECEIVED
AUG 15 97
GROUP 2600

**CONSENT OF ASSIGNEE**

Assistant Commissioner for Patents
Washington, D.C. 20231

Sir:

    Tenretni Dynamics, Inc., is the sole assignee of record for the above-referenced application.

As the sole assignee, Tenretni Dynamics, Inc.  hereby consents to the addition of C. Vinay Kumar

Singh as a joint inventor of the above-referenced application.


    Executed this 12th day of February 1997 at

Southfield Michigan, Michigan


                                   _____
                                   Gilbert Borman, President




PC Docs 123166

G 000174

CERTIFICATE OF MAILING
I hereby certify that this correspondence is being deposited with the U.S. Postal Service with
sufficient postage as first class mail in an envelope addressed to: Assistant Commissioner for
Patents, Washington, D.C. 20231, on March 5, 1997.

*Annette Granados*

Annette Granados

PATENT
Attorney Docket No. 18041.701

### IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of:              )

Gilbert Borman et al.           )

Application No. 08/727,625     )

Filed: October 8, 1996         )

For:   Internet Search Tools      )

RECEIVED
APR 0 2 1997
GROUP 2500

RECEIVED
AUG 15 97
GROUP 2600

#### PETITION TO CHANGE INVENTORSHIP UNDER 37 C.F.R. 1.48(a)

Assistant Commissioner for Patents
Washington, D.C. 20231

Sir:

This Petition is submitted under 37 CFR 1.48(a) to correct inventorship in the above-referenced application.

It is hereby requested that C. Vinay Kumar Singh be added as an additional inventor in this application.

This petition is accompanied by:

(a)   A declaration, including Verified Statement of Facts and Consent of Change of Inventorship Under 37 C.F.R. 1.48(a) by the original named inventors establishing when the error without deceptive intent was discovered and how it occurred;

(b)   A declaration of omitted inventor, C. Vinay Kumar Singh;

(c)   A copy of the combined declaration and power of attorney signed by each of the actual inventors as required under 37 C.F.R. 1.63. The original Declaration was filed with the U.S. Patent and Trademark Office in a response to the Notice to File Missing Parts dated December 6, 1996;

PC Docs 123081

    (d)      Consent of Assignee; and

    (e)      The commissioner is authorized to withdraw from Deposit Account No. 23-2415

(Docket No. 18041.701) the fee of $65.00 to cover the cost of this petition as well as any additional fee

or credit for overpayment as deemed appropriate.    A duplicate of this paper is enclosed.

       The above-identified application was filed on October 8, 1996, and C. Vinay Kumar Singh was

inadvertently omitted as an inventor.

       In October 1996 of this year,  I was involved in the preparation and filing of the above-

mentioned application.  At the time this application was being prepared and filed,  I did not realize

that the claims as filed included contributions for which  C. Vinay Kumar Singh should be named

as a co-inventor.  Less than a month after filing the patent application,  the originally named

inventors had occasion to carefully review the patent claims.  At that time,  it was brought to my

attention that C. Vinay Kumar Singh should be named as a co-inventor.  I then promptly prepared

this petition to add Mr. Singh as a co-inventor.

       The omission of C. Vinay Kumar Singh as a joint inventor of the above-referenced patent

application was done with no deceptive intent.

       For these reasons, favorable action on this petition is respectfully solicited.

                   Respectfully submitted,

                   WILSON SONSINI GOODRICH & ROSATI

               By:  David J Weitz

                   David Weitz

                   Registration No. 38,362

650 Page Mill Road
Palo Alto, California  94304
(415) 493-9300

Date:  March 5, 1997

PC Docs 123081

G 000176



PAGE Attorney Docket No. 18041.701

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of:                          )
                                               )
Inventors:  Gilbert Borman et al.              )
                                               )
Application No. 08/727,825                     )
                                               )
Filed: October 8, 1996                         )
                                               )
For:    Internet Search Tools                  )

## VERIFIED STATEMENT OF FACTS AND CONSENT OF CHANGE OF INVENTORSHIP BY GILBERT BORMAN ET AL. UNDER 37 C.F.R. 1.48(a)

1.      We, Gilbert Borman, Rajat Bhatnagar, Arul Sebastian, Anup Mathur, Vinay Wadhwa and Mukesh Kumar are the originally named inventors of the above mentioned application filed on October 8, 1996, and assigned application number 08/727,085. Gilbert Borman is President of Tenretni Dynamics. Rajat Bhatnagar, Arul Sebastian, Anup Mathur are employees of HCL America where we hold positions as Engineers. Vinay Wadhwa and Mukesh Kumar are employees of HCL Consulting where we hold positions as Engineers.

2.      Gilbert Borman contacted HCL America to discuss certain difficulties associated with conducting Internet searches. The originally named inventors, along with C. Vinay Kumar Singh, an engineer employed by HCL Consulting, worked on solutions to some of these difficulties which are described in the above mentioned application.

3.      Around October 1996, Gilbert Borman, Rajat Bhatnagar and Charles C. Cary, patent counsel, were involved in preparing and filing the above-mentioned application. Due to the fact Mr. Singh was in India, he did not participate in the preparation of the application. At the time the application was filed, we did not realize that C. Vinay Kumar Singh had not been named as a co-inventor. Less than a month after filing the patent application, we had occasion to carefully review the patent claims and realized that C. Vinay Kumar Singh had not been named as a co-inventor.

PC Docs 123066

G 000177

Attorney Docket No. 18041.701
Page 2

4.     The omission of C. Vinay Kumar Singh as a joint inventor of the above-referenced patent application was done with no deceptive intent. Once we learned that C. Vinay Kumar Singh had been omitted as an inventor we promptly contacted Charles C. Cary, patent counsel, to have Mr. Singh added as an inventor.

5.     We make this verification with the full knowledge that willful false statements are punishable by fine or imprisonment or both (18 U.S.C. § 1001) and may jeopardize the validity of the patent above referenced. All statements made herein of my own knowledge are true. All statements made herein on information and belief, are believed to be true.

Executed this _7th_ day of _January_, 1997, at _Bloomfield Hills_, Michigan.

Gilbert Borman

Executed this _____ day of _____, 1997, at _____, Connecticut.

Rajat Bhatnagar

Executed this _____ day of _____, 1997, at _____, Connecticut.

Arul Sebastian

PC Docs 123066

G 000178

Attorney Docket No. 18041.701
Page 3

Executed this _____ day of _____, 1997, at
_____, California.

_____
Anup Mathur


Executed this _____ day of _____, 1997, at
_____, India.

_____
Vinay Wadhwa


Executed this _____ day of _____, 1997, at
_____, India.

_____
Mukesh Kumar

PC Docs 123066

G 000179



PATENT
Attorney Docket No. 18041.701

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of:                )
                                     )
Inventors:  Gilbert Borman et al.    )
                                     )
Application No. 08/727,825 .         )
                                     )
Filed: October 8, 1996               )
                                     )
For:    Internet Search Tools        )

RECEIVED
AUG 15 97
GROUP 2600

### VERIFIED STATEMENT OF FACTS AND CONSENT OF CHANGE OF INVENTORSHIP BY GILBERT BORMAN ET AL. UNDER 37 C.F.R. 1.48(a)

1.    We, Gilbert Borman, Rajat Bhatnagar, Arul Sebastian, Anup Mathur, Vinay Wadhwa and Mukesh Kumar are the originally named inventors of the above mentioned application filed on October 8, 1996, and assigned application number 08/727,085. Gilbert Borman is President of Tenretni Dynamics. Rajat Bhatnagar, Arul Sebastian, Anup Mathur are employees of HCL America where we hold positions as Engineers. Vinay Wadhwa and Mukesh Kumar are employees of HCL Consulting where we hold positions as Engineers.

2.    Gilbert Borman contacted HCL America to discuss certain difficulties associated with conducting Internet searches. The originally named inventors, along with C. Vinay Kumar Singh, an engineer employed by HCL Consulting, worked on solutions to some of these difficulties which are described in the above mentioned application.

3.    Around October 1996, Gilbert Borman, Rajat Bhatnagar and Charles C. Cary, patent counsel, were involved in preparing and filing the above-mentioned application. Due to the fact Mr. Singh was in India, he did not participate in the preparation of the application. At the time the application was filed, we did not realize that C. Vinay Kumar Singh had not been named as a co-inventor. Less than a month after filing the patent application, we had occasion to carefully review the patent claims and realized that C. Vinay Kumar Singh had not been named as a co-inventor.

PC Docs 123066

G 000180

Case 2:04-cv-70366-JAC-RSW     Document 54-7     Filed 09/27/2005     Page 11 of

4.     The omission of C. Vinay Kumar Singh as a joint inventor of the above-referenced patent application was done with no deceptive intent. Once we learned that C. Vinay Kumar Singh had been omitted as an inventor we promptly contacted Charles C. Cary, patent counsel, to have Mr. Singh added as an inventor.

5.     We make this verification with the full knowledge that willful false statements are punishable by fine or imprisonment or both (18 U.S.C. § 1001) and may jeopardize the validity of the patent above referenced. All statements made herein of my own knowledge are true. All statements made herein on information and belief, are believed to be true.

Executed this _____ day of _____, 1997, at _____, Michigan.

_____
Gilbert Borman


Executed this _____ day of _____, 1997, at _____, Connecticut.

_____
Rajat Bhatnagar



Executed this _____ day of _____, 1997, at

_____, Connecticut.

_____
Arul Sebastian

PC Docs 123066

G 000181

Attorney Docket No. 18041.701
Page 3

Executed this _____ day of _____, 1997, at
_____,California.

_____
Anup Mathur


Executed this· 30th day of January, 1997, at
New Delhi ,India.

_____
Vinay Wadhwa


Executed this _____ day of _____, 1997, at
_____, India.

_____
Mukesh Kumar

PC Docs 123066



IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re Application of: | ) |
| | ) |
| Inventors:  Gilbert Borman et al. | ) |
| | ) |
| Application No. 08/727,825 | ) |
| | ) |
| Filed: October 8, 1996 | ) |
| | ) |
| For:    Internet Search Tools | ) |

## VERIFIED STATEMENT OF FACTS AND CONSENT OF CHANGE OF INVENTORSHIP BY GILBERT BORMAN ET AL. UNDER 37 C.F.R. 1.48(a)

1.    We, Gilbert Borman, Rajat Bhatnagar, Arul Sebastian, Anup Mathur, Vinay Wadhwa and Mukesh Kumar are the originally named inventors of the above mentioned application filed on October 8, 1996, and assigned application number 08/727,085.  Gilbert Borman is President of Tenretni Dynamics.  Rajat Bhatnagar, Arul Sebastian, Anup Mathur are employees of HCL America where we hold positions as Engineers.  Vinay Wadhwa and Mukesh Kumar are employees of HCL Consulting where we hold positions as Engineers.

2.    Gilbert Borman contacted HCL America to discuss certain difficulties associated with conducting Internet searches. The originally named inventors, along with C. Vinay Kumar Singh, an engineer employed by HCL Consulting, worked on solutions to some of these difficulties which are described in the above mentioned application.

3.    Around October 1996, Gilbert Borman, Rajat Bhatnagar and Charles C. Cary, patent counsel, were involved in preparing and filing the above-mentioned application.  Due to the fact Mr. Singh was in India, he did not participate in the preparation of the application.  At the time the application was filed, we did not realize that C. Vinay Kumar Singh had not been named as a co-inventor.  Less than a month after filing the patent application, we had occasion to carefully review the patent claims and realized that C. Vinay Kumar Singh had not been named as a co-inventor.

PC Docs 123066

G 000183

Attorney Docket No. 18041.701
Page 2

4.    The omission of C. Vinay Kumar Singh as a joint inventor of the above-referenced patent application was done with no deceptive intent. Once we learned that C. Vinay Kumar Singh had been omitted as an inventor we promptly contacted Charles C. Cary, patent counsel, to have Mr. Singh added as an inventor.

5.    We make this verification with the full knowledge that willful false statements are punishable by fine or imprisonment or both (18 U.S.C. § 1001) and may jeopardize the validity of the patent above referenced. All statements made herein of my own knowledge are true. All statements made herein on information and belief, are believed to be true.

Executed this _____ day of _____, 1997, at _____, Michigan.

_____
Gilbert Borman


Executed this  15  day of  Jan  , 1997, at
Stamford , Connecticut.

_____
Rajat Bhatnagar  CMIS D1    A582F265  4/W/H9  4/2/6¹


Executed this  20  day of  Jan  , 1997, at
Stamford. , Connecticut.

_____
Arul Sebastian


PC Docs 123066

Attorney Docket No. 18041.701
Page 3

Executed this _____ day of _____, 1997, at
_____, California.

_____
Anup Mathur


Executed this _____ day of _____, 1997, at
_____, India.

_____
Vinay Wadhwa


Executed this _____ day of _____, 1997, at
_____, India.

_____
Mukesh Kumar

PC Docs 123066

G 000185

PATENT
Attorney Docket No. 19101709

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re Application of: | ) |
| | ) |
| Inventors: Gilbert Borman et al. | ) |
| | ) |
| Application No. 08/727,825 | ) |
| | ) |
| Filed: October 8, 1996 | ) |
| | ) |
| For: Internet Search Tools | ) |

## VERIFIED STATEMENT OF FACTS AND CONSENT OF CHANGE OF INVENTORSHIP BY GILBERT BORMAN ET AL. UNDER 37 C.F.R. 1.48(a)

1.    We, Gilbert Borman, Rajat Bhatnagar, Arul Sebastian, Anup Mathur, Vinay Wadhwa and Mukesh Kumar are the originally named inventors of the above mentioned application filed on October 8, 1996, and assigned application number 08/727,085. Gilbert Borman is President of Tenretni Dynamics. Rajat Bhatnagar, Arul Sebastian, Anup Mathur are employees of HCL America where we hold positions as Engineers. Vinay Wadhwa and Mukesh Kumar are employees of HCL Consulting where we hold positions as Engineers, *at the time invention*

2.    Gilbert Borman contacted HCL America to discuss certain difficulties associated *was made.* *Vinay* *01/31/97* with conducting Internet searches. The originally named inventors, along with C. Vinay Kumar Singh, an engineer employed by HCL Consulting, worked on solutions to some of these difficulties which are described in the above mentioned application.

3.    Around October 1996, Gilbert Borman, Rajat Bhatnagar and Charles C. Cary, patent counsel, were involved in preparing and filing the above-mentioned application. Due to the fact Mr. Singh was in India, he did not participate in the preparation of the application. At the time the application was filed, we did not realize that C. Vinay Kumar Singh had not been named as a co-inventor. Less than a month after filing the patent application, we had occasion to carefully review the patent claims and realized that C. Vinay Kumar Singh had not been named as a co-inventor.

PC Docs 123066

G 000186

4.    The omission of C. Vinay Kumar Singh as a joint inventor of the above-referenced patent application was done with no deceptive intent.  Once we learned that C. Vinay Kumar Singh had been omitted as an inventor we promptly contacted Charles C. Cary, patent counsel, to have Mr. Singh added as an inventor.

5.    We make this verification with the full knowledge that willful false statements are punishable by fine or imprisonment or both (18 U.S.C. § 1001) and may jeopardize the validity of the patent above referenced.  All statements made herein of my own knowledge are true.  All statements made herein on information and belief, are believed to be true.

Executed this _____ day of _____, 1997, at
_____, Michigan.

_____
Gilbert Borman


Executed this _____ day of _____, 1997, at
_____, Connecticut.

_____
Rajat Bhatnagar



Executed this _____ day of _____, 1997, at
_____, Connecticut.

_____
Arul Sebastian

PC Docs 123066

Executed this _____ day of _____, 1997, at
_____, California.

_____
Anup Mathur


Executed this _____ day of _____, 1997, at
_____, India.

_____
Vinay Wadhwa


Executed this _31_ day of _January_, 1997, at
2 KS. E. DEL MAR APTS, India Pasadena, California - 91101

_____
Mukesh Kumar

G 000188



PATENT

Attorney Docket No. 18041.701

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

|                                              |     |
|----------------------------------------------|-----|
| In re Application of:                        | )   |
|                                              | )   |
| Inventors:  Gilbert Borman et al.            | )   |
|                                              | )   |
| Application No. 08/727,825                   | )   |
|                                              | )   |
| Filed: October 8, 1996                       | )   |
|                                              | )   |
| For:    Internet Search Tools                | )   |

### VERIFIED STATEMENT OF FACTS AND CONSENT OF CHANGE OF INVENTORSHIP BY GILBERT BORMAN ET AL. UNDER 37 C.F.R. 1.48(a)

1.     We, Gilbert Borman, Rajat Bhatnagar, Arul Sebastian, Anup Mathur, Vinay Wadhwa and Mukesh Kumar are the originally named inventors of the above mentioned application filed on October 8, 1996, and assigned application number 08/727,085.  Gilbert Borman is President of Tenretni Dynamics.  Rajat Bhatnagar, Arul Sebastian, Anup Mathur are employees of HCL America where we hold positions as Engineers.  Vinay Wadhwa and Mukesh Kumar are employees of HCL Consulting where we hold positions as Engineers.

2.     Gilbert Borman contacted HCL America to discuss certain difficulties associated with conducting Internet searches. The originally named inventors, along with C. Vinay Kumar Singh, an engineer employed by HCL Consulting, worked on solutions to some of these difficulties which are described in the above mentioned application.

3.     Around October 1996, Gilbert Borman, Rajat Bhatnagar and Charles C. Cary, patent counsel, were involved in preparing and filing the above-mentioned application.  Due to the fact Mr. Singh was in India, he did not participate in the preparation of the application.  At the time the application was filed, we did not realize that C. Vinay Kumar Singh had not been named as a co-inventor.  Less than a month after filing the patent application, we had occasion to carefully review the patent claims and realized that C. Vinay Kumar Singh had not been named as a co-inventor.

PC Docs 123066

G 000189

4.    The omission of C. Vinay Kumar Singh as a joint inventor of the above-referenced patent application was done with no deceptive intent. Once we learned that C. Vinay Kumar Singh had been omitted as an inventor we promptly contacted Charles C. Cary, patent counsel, to have Mr. Singh added as an inventor.

5.    We make this verification with the full knowledge that willful false statements are punishable by fine or imprisonment or both (18 U.S.C. § 1001) and may jeopardize the validity of the patent above referenced. All statements made herein of my own knowledge are true. All statements made herein on information and belief, are believed to be true.

Executed this _____ day of _____, 1997, at

_____, Michigan.

_____

Gilbert Borman

Executed this _____ day of _____, 1997, at

_____, Connecticut.

_____

Rajat Bhatnagar

Executed this _____ day of _____, 1997, at

_____, Connecticut.

_____

Arul Sebastian

PC Docs 123066

Attorney Docket No. 18041.701
Page 3

Executed this ___6th___ day of ___February___, 1997, at
___Sunnyvale___, California.

_Anuja Kumar Madhavi_
Anup Mathur

Executed this _____ day of _____, 1997, at
_____, India.

_____
Vinay Wadhwa

Executed this _____ day of _____, 1997, at
_____, India.

_____
Mukesh Kumar

PC Docs 123066

G 000191

PATENT
Attorney Docket No. 18041.701

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of:                    )
                                         )
Inventors:  Gilbert Borman et al.        )
                                         )
Application No. 08/727,825               )
                                         )
Filed: October 8, 1996                   )
                                         )
For:     Internet Search Tools          )

DECLARATION OF:   C. VINAY KUMAR SINGH

Assistant Commissioner for Patents
Washington, D.C. 20231
ATTN: BOX DAC

Sir:

I, C. Vinay Kumar Singh, declare that the following is true and correct:

1.      I have worked at HCL Consulting since _5th June 1995_ (Date) and
presently hold the position of _Project leader_ (Title).

2.      Upon my review of the claims presently pending in the above-referenced patent
application, it is my belief that I am a co-inventor of subject matter claimed in at least one of the
pending claims.

3.      Gilbert Borman contacted HCL America to discuss certain difficulties associated with
conducting Internet searches. I worked with the named inventors on solutions to these difficulties
which are described in the above-mentioned application.

4.      Around October 1996, the above-mentioned U.S. patent application was prepared and
filed. I was aware that the above-referenced application was being prepared and filed, but did not
participate in its preparation. Less than a month after filing the patent application, it was realized

PC Docs 123070

G 000192

USSN 08/727,825
Page 2

that I was not named as a co-inventor. Once this error was realized, I understand that patent
counsel was promptly requested to add me as a co-inventor.

5.    I believe that the omission of my name as an inventor in the above-referenced patent
application was inadvertent and was not done with any deceptive intent.

6.    I make this declaration with the knowledge that willful false statements and the like are
punishable by fine or imprisonment or both (18 U.S.C. § 1001) and may jeopardize the validity of
the patent. All statements of my own knowledge are true. I believe all statements made herein on
information and belief to be true.

Executed this 17th day of January 1997 at
New Delhi India.

C. Vinay Kumar Singh

G 000193



PATENT

Attorney Docket No. 18041.701

Case 2:04-cv-70366-JAC-RSW    Document 54-7    Filed 09/27/2005    Page 24 of

## COMBINED DECLARATION AND POWER OF ATTORNEY
### FOR UTILITY PATENT APPLICATION

As a below-named inventor, I hereby declare that:

My residence, post office address and citizenship are as stated below next to my name;

I believe I am the original, first and sole inventor (if only one name is listed below) or an original, first and joint inventor (if plural names are listed below) of the subject matter which is claimed and for which a patent is sought on the invention entitled:

### INTERNET SEARCH TOOLS

the specification of which

_____    is attached hereto.

\_\_X\_\_    was filed on October 8, 1996, as Application Serial No. 08/727,085
and was amended on _____
(If Applicable)

I hereby state that I have reviewed and understand the contents of the above-identified specification, including the claims, as amended by any amendment referred to above.

I acknowledge the duty to disclose information which is material to the examination of this application in accordance with Title 37, Code of Federal Regulations, §1.56(a) which states in relevant part: "Each individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the Office, which includes a duty to disclose to the Office all information known to that individual to be material to patentability as defined in this section....The duty to disclose all information known to be material to patentability is deemed to be satisfied if all information known to the Office or submitted to the Office in the manner prescribed by §§ 1.97(b)-(d) and 1.98."

I hereby claim foreign priority benefits under Title 35, United States Code, §119 of any foreign application(s) for patent or inventor's certificate as indicated below and have also identified below any foreign application for patent or inventor's certificate on this invention having a filing date before that of the application on which priority is claimed:

Prior Foreign Application(s)                                        Priority Claimed

_____    _____    _____    \_\_\_\_    \_\_\_\_
(Number)          (Country)          (Day/Month/Year Filed)      Yes      No

G 000194

Attorney Docket No. 18041.701

I hereby claim the benefit under Title 35, United States Code, §120 of any United States application(s) listed below and, insofar as the subject matter of each of the claims of this application is not disclosed in the prior United States application in the manner provided by the first paragraph of Title 35, United States Code, §112, I acknowledge the duty to disclose material information as defined in Title 37, Code of Federal Regulation, §1.56(a) which occurred between the filing date of the prior application and the national or PCT international filing date of this application:

| (Application Serial No.) | (Filing Date) | (Patented, Pending, Abandoned) |
|---|---|---|
| | | |

| (Application Serial No.) | (Filing Date) | (Patented, Pending, Abandoned) |
|---|---|---|
| | | |

I hereby appoint the following attorney(s) and/or agent(s) to prosecute this application and transact all business in the Patent and Trademark Office connected therewith, and to file, prosecute and to transact all business in connection with international applications directed to said invention:

| | |
|---|---|
| Stephen C. Durant | 31,506 |
| Mark A. Haynes | 30,846 |
| Paul Davis | 29,294 |
| Michael Hetherington | 32,357 |
| Hark C. Chan | 35,477 |
| Charles D. Holland | 35,196 |
| David J. Weitz | 38,362 |
| Michael J. Panepucci | 37,203 |
| Michael J. Murphy | 37,404 |
| Kent R. Richardson | 39,443 |
| Charles C. Cary | 36,764 |

Address all correspondence to:

Wilson, Sonsini, Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304

Direct all telephone calls to Charles C. Cary at (415) 493-9300.

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Title 18, United States Code, §1001 and that such willful false statements may jeopardize the validity of the application or any patent issued thereon.

G 000195

| | |
|---|---|
| Full name of sole or first inventor: | Gilbert Borman |
| Inventor's signature: | |
| Date: | 1-7-97 |
| Citizenship: | U.S.A. |
| Residence: | 554 Bennington, Bloomfield Hills, MI 48304 |
| Post Office Address: | Same as above |

| | |
|---|---|
| Full name of second joint inventor, if any: | Rajat Bhatnagar |
| Inventor's signature: | |
| Date: | |
| Citizenship: | India |
| Residence: | 1435 Bedford Street, #5C, Stamford, CT 06905 |
| Post Office Address: | Same as above |

| | |
|---|---|
| Full name of third joint inventor, if any: | Arul Sebastian |
| Inventor's signature: | |
| Date: | |
| Citizenship: | India |
| Residence: | 60 Strawberry Hill Ave. #816, Stamford, CT 06902 |
| Post Office Address: | Same as above |

| | |
|---|---|
| Full name of fourth joint inventor, if any: | Anup Mathur |
| Inventor's signature: | |
| Date: | |
| Citizenship: | India |
| Residence: | 870 E. El Camino Real #521, Sunnyvale, CA 94087 |
| Post Office Address: | Same as above |

Full name of fifth joint
   inventor, if any:   Vinay Wadhava

Inventor's signature: _____

Date: _____

Citizenship:   India

Residence:   C2150 Vasant Kunj, New Delhi, India 110070

Post Office Address:   Same as above.


Full name of sixth joint
   inventor, if any:   Mukesh Kumar

Inventor's signature: _____

Date: _____

Citizenship:   India

Residence:   A4C - 117, Janakpuri, New Delhi India 110058

Post Office Address:   Same as above.


Full name of seventh joint
   inventor, if any:   C. Vinay Kumar Singh

Inventor's signature: _____

Date: _____

Citizenship:   India

Residence:   A-502, Rail Vihar, Sector 15 phase II, Gurgaon, India

Post Office Address:   Same as above.

G 000197



PATENT
Attorney Docket No. 18041.701

## COMBINED DECLARATION AND POWER OF ATTORNEY FOR UTILITY PATENT APPLICATION

As a below-named inventor, I hereby declare that:

My residence, post office address and citizenship are as stated below next to my name;

I believe I am the original, first and sole inventor (if only one name is listed below) or an original, first and joint inventor (if plural names are listed below) of the subject matter which is claimed and for which a patent is sought on the invention entitled:

### INTERNET SEARCH TOOLS

the specification of which

_____ is attached hereto.

__X__ was filed on October 8, 1996 as Application Serial No. 08/727,085 and was amended on _____
                                        (If Applicable)

I hereby state that I have reviewed and understand the contents of the above-identified specification, including the claims, as amended by any amendment referred to above.

I acknowledge the duty to disclose information which is material to the examination of this application in accordance with Title 37, Code of Federal Regulations, §1.56(a) which states in relevant part: "Each individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the Office, which includes a duty to disclose to the Office all information known to that individual to be material to patentability as defined in this section....The duty to disclose all information known to be material to patentability is deemed to be satisfied if all information known to be material to patentability of any claim issued in a patent was cited by the Office or submitted to the Office in the manner prescribed by §§ 1.97(b)-(d) and 1.98."

I hereby claim foreign priority benefits under Title 35, United States Code, §119 of any foreign application(s) for patent or inventor's certificate as indicated below and have also identified below any foreign application for patent or inventor's certificate on this invention having a filing date before that of the application on which priority is claimed:

Prior Foreign Application(s)                                      Priority Claimed

_____   _____   _____   _____   _____
(Number)          (Country)         (Day/Month/Year Filed)       Yes       No

Attorney Docket No. 15041.701

I hereby claim the benefit under Title 35, United States Code, §120 of any United States application(s) listed below and, insofar as the subject matter of each of the claims of this application is not disclosed in the prior United States application in the manner provided by the first paragraph of Title 35, United States Code, §112, I acknowledge the duty to disclose material information as defined in Title 37, Code of Federal Regulation, §1.56(a) which occurred between the filing date of the prior application and the national or PCT international filing date of this application:

_____  _____  _____
(Application Serial No.)  (Filing Date)  (Patented, Pending, Abandoned)

_____  _____  _____
(Application Serial No.)  (Filing Date)  (Patented, Pending, Abandoned)

I hereby appoint the following attorney(s) and/or agent(s) to prosecute this application and transact all business in the Patent and Trademark Office connected therewith, and to file, prosecute and to transact all business in connection with international applications directed to said invention:

| Stephen C. Durant | 31,506 |
| Mark A. Haynes | 30,846 |
| Paul Davis | 29,294 |
| Michael Hetherington | 32,357 |
| Hark C. Chan | 35,477 |
| Charles D. Holland | 35,196 |
| David J. Weitz | 38,362 |
| Michael J. Panepucci | 37,203 |
| Michael J. Murphy | 37,404 |
| Kent R. Richardson | 39,443 |
| Charles C. Cary | 36,764 |

Address all correspondence to:

Wilson, Sonsini, Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304

Direct all telephone calls to Charles C. Cary at (415) 493-9300.

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Title 18, United States Code, §1001 and that such willful false statements may jeopardize the validity of the application or any patent issued thereon.

96800T.T08TZ08G

Attorney Docket No. 18041.701

Full name of sole or
first inventor:                 Gilbert Borman

Inventor's signature:

Date:                           1-7-97

Citizenship:                    U.S.A.

Residence:                      554 Bennington, Bloomfield Hills, MI 48304

Post Office Address:            Same as above

Full name of second joint
inventor, if any:               Rajat Bhatnagar

Inventor's signature:

Date:

Citizenship:                    India

Residence:                      1435 Bedford Street, #5C, Stamford, CT 06905

Post Office Address:            Same as above

Full name of third joint
inventor, if any:               Anil Sebastian

Inventor's signature:

Date:

Citizenship:                    India

Residence:                      60 Strawberry Hill Ave. #816, Stamford, CT 06902

Post Office Address:            Same as above

Full name of fourth joint
inventor, if any:               Anup Mathur

Inventor's signature:

Date:

Citizenship:                    India

Residence:                      870 E. El Camino Real, #521, Sunnyvale, CA 94087

Post Office Address:            Same as above

08727085.100896

G 000200

Attorney Docket No. 18041.701

| | |
|---|---|
| Full name of sole or first inventor: | Gilbert Borman |
| Inventor's signature: | |
| Date: | |
| Citizenship: | U.S.A. |
| Residence: | 554 Bennington, Bloomfield Hills, MI 48304 |
| Post Office Address: | Same as above |

| | |
|---|---|
| Full name of second joint inventor, if any: | Rajat Bhatnagar |
| Inventor's signature: | |
| Date: | 1/15/97 |
| Citizenship: | India |
| Residence: | 1435 Bedford Street, #5C, Stamford, CT 06905 |
| Post Office Address: | Same as above |

| | |
|---|---|
| Full name of third joint inventor, if any: | Anil Sebastian |
| Inventor's signature: | |
| Date: | 1/20/97 |
| Citizenship: | India |
| Residence: | 60 Strawberry Hill Ave., #816, Stamford, CT 06902 |
| Post Office Address: | Same as above |

| | |
|---|---|
| Full name of fourth joint inventor, if any: | Anup Mathur |
| Inventor's signature: | |
| Date: | |
| Citizenship: | India |
| Residence: | 870 E. El Camino Real, #521, Sunnyvale, CA 94087 |
| Post Office Address: | Same as above |

08727005

09680096

G 000201

Attorney Docket No. 13041.701

Full name of sole or
first inventor:                  Gilbert Borman

Inventor's signature:
Date:
Citizenship:                     U.S.A.
Residence:                       554 Bennington, Bloomfield Hills, MI 48304
Post Office Address:             Same as above


Full name of second joint
inventor, if any:                Rajat Bhatnagar

Inventor's signature:
Date:
Citizenship:                     India
Residence:                       1435 Bedford Street, #5C, Stamford, CT 06905
Post Office Address:             Same as above


Full name of third joint
inventor, if any:                Arul Sebastian

Inventor's signature:
Date:
Citizenship:                     India
Residence:                       60 Strawberry Hill Ave. #816, Stamford, CT 06902
Post Office Address:             Same as above

ARD

Full name of fourth joint
inventor, if any:                Anup Mathur

Inventor's signature:            Anuja Kumar Mathur
Date:                            3/5/92
Citizenship:                     India
Residence:                       870 E. El Camino Real, #521, Sunnyvale, CA 94087  CA
Post Office Address:             Same as above

08270895 - 1008996

G 000202

Attorney Docket No. 18041.701

*500*

Full name of fifth joint
  inventor, if any:          Vinay Wadhwa

Inventor's signature:        *Vinay Wad*

Date:                        January 17th, 1997

Citizenship:                 India

Residence:                   C2150 Vasant Kunj, New Delhi, India 110070 *INX*

Post Office Address:         Same as above.


Full name of sixth joint
  inventor, if any:          Mukesh Kumar

Inventor's signature:        

Date:                        

Citizenship:                 India

Residence:                   A4C - 117, Janakpuri, New Delhi India 110058

Post Office Address:         Same as above.


*700*

Full name of seventh joint
  inventor, if any:          C. Vinay Kumar Singh

Inventor's signature:        *Vinay*

Date:                        January 17th, 1997

Citizenship:                 India

Residence:                   A-502, Rail Vihar, Sector 15 phase II, Gurgaon, India *INX*

Post Office Address:         Same as above.

08727085.100896

G 000203

Case 2:04-cv-70366-JAC-RSW     Document 54-7     Filed 09/27/2005     Page 34 of

Full name of fifth joint
   inventor, if any:   Vinay Wadhwa

Inventor's signature: _____

Date: _____

Citizenship:    India

Residence:    C2150 Vasant Kunj, New Delhi, India 110070

Post Office Address:    Same as above

Full name of sixth joint
   inventor, if any:   Mukesh Kumar

Inventor's signature:    *Mukesh*

Date:    Feb. 04, 1997

Citizenship:    India

Residence:    285 E. Del Mar, Apt. 5, Pasadena, CA 91101 @ *IA*

Post Office Address:    Same as above

Full name of seventh joint
   inventor, if any:   C. Vinay Kumar Singh

Inventor's signature: _____

Date: _____

Citizenship:    India

Residence:    A-502, Rail Vihar, Sector 15 phase II, Gurgaon, India

Post Office Address:    Same as above

G 000204

08/727,085



UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 08/727,085 | 10/08/96 | BORMAN | G 18041.701 |

LM41/0303

CHARLES C CARY
WILSON SONSINI GOODRICH & ROSATI
650 PAGE MILL ROAD
PALO ALTO CA 94304-1050

| EXAMINER |
|---|
| HONG, S |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2772 | 4 |

03/03/98

This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS

## OFFICE ACTION SUMMARY

☑ Responsive to communication(s) filed on _10-8-96_

☐ This action is FINAL.

☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 D.C. 11; 453 O.G. 213.

A shortened statutory period for response to this action is set to expire ___three___ month(s), or thirty days, whichever is longer, from the mailing date of this communication. Failure to respond within the period for response will cause the application to become abandoned. (35 U.S.C. § 133). Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

**Disposition of Claims**

☑ Claim(s) _1—26_ is/are pending in the application.

·    Of the above, claim(s) _NONE_ is/are withdrawn from consideration.

☐ Claim(s) _____ is/are allowed.

☑ Claim(s) _1—26_ is/are rejected.

☐ Claim(s) _____ is/are objected to.

☐ Claims _____ are subject to restriction or election requirement.

**Application Papers**

☐ See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.

☐ The drawing(s) filed on _____ is/are objected to by the Examiner.

☐ The proposed drawing correction, filed on _____ is ☐ approved ☐ disapproved.

☐ The specification is objected to by the Examiner.

☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

☐ All ☐ Some* ☐ None   of the CERTIFIED copies of the priority documents have been

☐ received.

☐ received in Application No. (Series Code/Serial Number) _____

☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

*Certified copies not received: _____

☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

**Attachment(s)**

☒ Notice of Reference Cited, PTO-892

☐ Information Disclosure Statement(s), PTO-1449, Paper No(s). _____

☐ Interview Summary, PTO-413

☐ Notice of Draftsperson's Patent Drawing Review, PTO-948

☐ Notice of Informal Patent Application, PTO-152

— SEE OFFICE ACTION ON THE FOLLOWING PAGES —

PTOL-326 (Rev. 10/95)

☼ U.S. GPO: 1996-409-259/40029

G 000205

Serial Number: 08/727,085
Art Unit: 2772

-2-

Part III  DETAILED ACTION

1. This action is responsive to communications: application, filed on 10/8/96.

2. Claims 1-25 are pending in the case. Claims 1, 7, 18, 23 and 25 are independent claims.

*Drawings*

3. This application has been filed with informal drawings which are acceptable for examination purposes only. Formal drawings will be required when the application is allowed.

The drawings submitted with this application were declared informal by the applicant. Accordingly they have not been reviewed by a draftsperson at this time. When formal drawings are submitted, the draftsperson will perform a review. Any inquiries concerning drawing review should be directed to the Drawing Review Branch at (703) 305-8404.

*Specification*

4. The title of the invention is not descriptive. A new title is required that is clearly indicative of the invention to which the claims are directed.

5. Examiner requests that Applicant review the application carefully for informalities including typographical errors.

G 000206

### Claim Rejections - 35 USC § 112

6.      Claims 1-6 are rejected under 35 U.S.C. § 112, second paragraph, as being indefinite

for failing to particularly point out and distinctly claim the subject matter which applicant

regards as the invention.

    Independent claim 1 claims both apparatus and method (in line 1, "A computer

implemented method and system") as the subject matter.  The hybrid structure renders the

claim indefinite, since it is unclear what subject matter is actually being claimed.   See Ex

Parte Lyell, 17 USPQ2d 1548.

    Claims that are noted above as being rejected but not specifically cited below are

rejected based on their dependency on rejected independent claims.


### Claim Rejections - 35 USC § 101

7.      35 U.S.C. 101 reads as follows:

        Whoever invents or discovers any new and useful process, machine, manufacture, or composition
        of matter or any new and useful improvement thereof, may obtain a patent therefore, subject to the
        conditions and requirements of this title.

8.      Claim 1, 7 and 18 are rejected under 35 U.S.C. 101 because the claims are directed

to "Manipulation of Abstract Ideas Without a Claimed Practical Application" (the below

paragraphs are from MPEP § 2106 Patentable Subject Matter - Computer - Related

Inventions).

        A process that consists solely of the manipulation of an abstract idea without any limitation to a
        practical application is nonstatutory. E.g., Warmerdam , 33 F.3d at 1360, 31 USPQ2d at 1759. See also
        Schrader,22 F.3d at 295, 30 USPQ2d at 1459. Office personnel have the burden to establish a prima facie
        case that the claimed invention taken as a whole is directed to the manipulation of abstract ideas without a
        practical application.
        In order to determine whether the claim is limited to a practical application of an abstract idea,
        Office personnel must analyze the claim as a whole, in light of the specification, to understand what subject
        matter is being manipulated and how it is being manipulated. During this procedure, Office personnel must
        evaluate any statements of intended use or field of use, any data gathering step and any post - manipulation

activity. See section IV.B.2(d) above for how to treat various types of claim language. Only when the claim is devoid of any limitation to a practical application in the technological arts should it be rejected under 35 U.S.C. 101. Further, when such a rejection is made, Office personnel must explain clearly how the language of the claims has been interpreted to support the rejection.

Filed 09/27/2005 Page 38 of

  (b)    Statutory Process Claims

      A claim that requires one or more acts to be performed defines a process. However, not all processes are statutory under 35 U.S.C. 101. To be statutory, a claimed computer - related process must either: (1) result in a physical transformation outside the computer for which a practical application in the technological arts is either disclosed in the specification or would have been known to a skilled artisan (discussed in (i) below), or (2) be limited by the language in the claim to a practical application within the technological arts (discussed in (ii) below). See Diamond v. Diehr , 450 U.S. at 183 - 84, 209 USPQ at 6 (quoting Cochrane v. Deener , 94 U.S. 780, 787 - 88 (1877)) ("A [statutory] process is a mode of treatment of certain materials to produce a given result. It is an act, or a series of acts, performed upon the subject - matter to be transformed and reduced to a different state or thing . . . . The process requires that certain things should be done with certain substances, and in a certain order; but the tools to be used in doing this may be of secondary consequence."). See also Alappat , 33 F.3d at 1543, 31 USPQ2d at 1556 - 57 (quoting Diamond v . Diehr, 450 U.S. at 192, 209 USPQ at 10). See also id. at 1569, 31 USPQ2d at 1578 - 79 (Newman, J., concurring) ("unpatentability of the principle does not defeat patentability of its practical applicants") (citing O'Reilly v . Morse, 56 U.S. (15 How.) at 114 - 19). The claimed practical application must be a further limitation upon the claimed subject matter if the process is confined to the internal operations of the computer. If a physical transformation occurs outside the computer, it is not necessary to claim the practical application. A disclosure that permits a skilled artisan to practice the claimed invention, i.e., to put it to a practical use, is sufficient. On the other hand, it is necessary to claim the practical application if there is no physical transformation or if the process merely manipulates concepts or converts one set of numbers into another.

      Accordingly, the presently pending independent claims 1, 7 and 18 are non-statutory, since it neither: "(1) result in a physical transformation outside the computer for which a practical application in the technological arts is either disclosed in the specification or would have been known to a skilled artisan" or "(2) be limited by the language in the claim to a practical application within the technological arts".

      The claims presently recite the steps of "receiving... information", "parsing said... information..." and then "selecting...site identifiers" which are all performed inside of a computer without any transformation outside the computer. Furthermore, none of those limitations constitutes a "practical application". As Examiner understands, the practical application in the Applicant's invention is using the "identifier" to retrieve data from the

Case 2:04-cv-70366-JAC-RSW     Document 54-7     Filed 09/27/2005     Page 39 of

remote internet sites which are then displayed on screen. Thus, the independent claims must

be limited by a language in the claims to such practical application within the technological

arts.

### Claim Rejections - 35 USC § 102

9.        The following is a quotation of the appropriate paragraphs of 35 U.S.C. § 102 that
form the basis for the rejections under this section made in this Office action:

    A person shall be entitled to a patent unless —
    (a) the invention was known or used by others in this country, or patented or described in a printed
    publication in this or a foreign country, before the invention thereof by the applicant for a patent.

10.       Claims 1-5, 7-11 and 13-22 are rejected under 35 U.S.C. 102(a) as being anticipated

by Applicant's admitted known prior art.

        On page 3 of the specification, in the Background Information section, applicant

admits that "Yahoo" search engine was a well known prior art.

        As per independent claim 1, Applicant admits that the following claimed steps in a

method for retrieving information from network was well known in the art:

        - receiving a first file of information which includes site identifiers and other

information (in FIG.4, at the bottom of the figure, the dialog box shows input area for the

user to type in keywords for search, and item 406 in FIG.5 shows the window with the

received results.);

        - parsing said 1st file of information to extract a list comprising site identifiers (since

the "NETSCAPE" browser in FIGs.4 and 5, parses the HTML document and underlines the

URL hotlinks.);

Case 2:04-cv-70366-JAC-RSW   Document 54-7   Filed 09/27/2005   Page 40 of

- responsive to a jump command, determining which of the list of site identifiers is currently selected and automatically selecting an other of said site identifier form said file (e.g., the Yahoo search engine shown in FIG.5C, item 588 "Next 20" shows where the user activates the next page request, and in view of the current page, the next page (i.e., site) identifier is automatically chosen.).

As per dependent claims 2 and 3, which are dependent on claims 1 and 2, respectively, the prior art further shows accessing and displaying a 2nd file (since the browser displays the second file containing the "Next 20" items.).

As per dependent claims 4 and 5, which are dependent on claims 1 and 3, respectively, the prior art further shows that the identifiers comprise URLs (as Applicant admits on page 3 of the specification, line 21, "A hot-link comprises ...a corresponding URL").

Independent claim 7 and its dependent claims 8-11 are for computer readable medium comprising the methods of claims 1-5, respectively, and are similarly rejected under the same rationale.

Independent claim 13 and its dependent claims 14-17 recite substantially similar limitations as claims 1-5, respectively, and are similarly rejected under the same rationale. Furthermore, Applicant's admitted prior art discloses the additional feature of "automatically sending a plurality of jump commands to the browser", since the Yahoo search engine (in FIG.5C, item 406) shows a plurality of URL links and the user activation of those links are automatically translated to the browser as the request to retrieve files from the URLs.

G 000210

Independent claim 18 and its dependent claims 19-22 are for computer readable

medium comprising the methods of claims 17-22, respectively, and are similarly rejected

under the same rationale.

Filed 09/27/2005     Page 41 of

### *Claim Rejections - 35 USC § 103*

11.    The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in
> section 102 of this title, if the differences between the subject matter sought to be patented and the prior art
> are such that the subject matter as a whole would have been obvious at the time the invention was made to a
> person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be
> negatived by the manner in which the invention was made.

> This application currently names joint inventors. In considering patentability of the claims under 35
> U.S.C. 103(a), the examiner presumes that the subject matter of the various claims was commonly owned at
> the time any inventions covered therein were made absent any evidence to the contrary. Applicant is
> advised of the obligation under 37 CFR 1.56 to point out the inventor and invention dates of each claim that
> was not commonly owned at the time a later invention was made in order for the examiner to consider the
> applicability of 35 U.S.C. 103(c) and potential 35 U.S.C. 102(f) or (g) prior art under 35 U.S.C. 103(a).

12.    Claims 6 and 12 are rejected under 35 U.S.C. 103(a) as being unpatentable over

Applicant's admitted prior art in view of AltaVista, "http://www.altavista.com", 2/20/98,

screen printouts pp.1-2. Note that although the printouts of the AltaVista search engine was

made on 2/20/98, as Applicant admits on page 4, line 7 of the specification, it was available

to public before the filing date of the present application.

As per dependent claim 6, which is dependent on claim 5, Applicant's admitted prior

art discloses the limitations of claim 5, but does not explicitly teach the following additional

limitations: automatically selecting from a group consisting of: a next site identifier, a prior

site identifier, a first site identifier and a last site identifier. In the Applicant's admitted prior

art of the Yahoo search engine, this feature does not seem to be shown. However, another

Serial Number: 08/727,085
Art Unit: 2772

well known search engine called AltaVista discloses this feature (see page 2 of the print out, as the "Prev" icon, "Next" icon, "1" icon and "20" icon). It would have been obvious to a person of ordinary skill in the art at the time the invention was made to have incorporated the feature of AltaVista into Yahoo, since they both taught accessing the site identifiers resulted from a search, and AltaVista taught the features which improved user interface for the navigation.

Dependent claims 12 is for computer readable medium comprising the methods of claim 6, and is similarly rejected under the same rationale.

13.   Claims 23-26 are rejected under 35 U.S.C. 103(a) as being unpatentable over Applicant's admitted prior art in view of CNN Interactive, "http:/cnn.com/index", 2/20/98, screen printout pp.1-7. It is noted that although the screen printout date of the CNN web site is 2/20/98, Examiner takes an Official Notice that the CNN Interactive web site was available to the public before the filing date of the present application.

As per independent claim 23, the CNN Interactive teaches the following claimed limitations:

   - receiving into a browser window a 1st file of information network (on page 1 of the printout, as the content of the CNN page is received.);

   - displaying a jumper window (on page 1, on the left most column, the jumper window containing the index image of "WORLD", "U.S.", "LOCAL"...);

   - selecting and receiving one of said 1st site identifier from said browser (on page 5, see the jumper window as the "EARTH" was chosen and the right window shows that the "EARTH MAIN PAGE" is retrieved.);

G 000212

Case 2:04-cv-70366-JAC-RSW    Document 54-7    Filed 09/27/2005    Page 43 of

- selecting and receiving an other of said 1st file identifier from said jumper window (on page 5 of the printout, since each of the "WORLD", "U.S", "LOCAL", indexes is accessible.).

However, the claimed invention differs from the prior art of CNN Interactive in that the prior art fails to show the steps of: parsing the 1st file of the information to extract a list comprised of said 1st file site identifiers and then receiving into said jumper window said set of 1st file site identifiers. Regarding this feature, the Applicant's admitted prior art at least shows the feature of parsing the 1st file retrieved, as FIG.5B shows that the URL links are underlined by the browser after the browser parsed the 1st file and recognized the existence of the URLs. Therefore, the issue is whether or not it would have been obvious to a person of ordinary skill in the art at the time the invention was made to have provided, to the Yahoo, the jumper window like that of CNN Interactive. In view of the prior art teachings as a whole, such feature would have been obvious to a person of ordinary skill in the art at the time the invention was made, since the CNN-like jumper window in the Yahoo search engine would have given the user the concurrent access to the URL indexes while viewing the contents of an index.

Dependent claim 24, which is dependent on claim 23, recites substantially similar limitations as claim 5, and is similarly rejected under the same rationale.

Independent claim 25 and its dependent claim 26 are for computer readable medium comprising the methods of claims 23 and 24, respectively, and are similarly rejected under the same rationale.

G 000213

### Conclusion

18.    Any inquiry concerning this communication or earlier communications from the examiner should be directed to Steve Hong whose telephone number is (703) 308-5465.  The examiner can normally be reached on Monday-Friday from 8:00 AM-5:30 PM.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Heather Herndon, can be reached on (703) 305-9701.

Any inquiry of a general nature or relating to the status of this application should be directed to the Group receptionist whose telephone number is (703) 305-3900.

Any response to this action should be mailed to:
            Commissioner of Patents and Trademarks
            Washington, D.C. 20231
or faxed to:
            (703) 308-9051, (for formal communications intended for entry)
            Or:
            (703) 305-9724 (for informal or draft communications, please label
            "PROPOSED" or "DRAFT")
            Hand-delivered responses should be brought to Crystal Park II, 2121 Crystal
            Drive, Arlington, VA., Sixth Floor  (Receptionist).

Effective November 16, 1997, the Examiner handling this application will be assigned to a new Art Unit as a result of the consolidation into Technology Center 2700.  See the forth coming Official Gazette notice dated November 11, 1997.  For any written or facsimile communication submitted ON OR AFTER November 16, 1997, this Examiner, who was assigned to Art Unit 2412, will be assigned to Art Unit 2772.  Please include the new Art Unit in the caption or heading of any communication submitted after the November 16, 1997 date.  Your cooperation in this matter will assist in the timely processing of the submission and is appreciated by the Office.

Stephen Hong

Patent Examiner

February 20, 1998

| FORM PTO-892 | U.S. DEPARTMENT OF COMMERCE PATENT AND TRADEMARK OFFICE | SERIAL NO. 08/727,085 | GROUP ART UNIT 2733 | ATTACHMENT TO PAPER NO. | 4 |
|---|---|---|---|---|---|
| **NOTICE OF REFERENCES CITED** | | APPLICANT(S) Borman et al. | | | |

## U.S. PATENT DOCUMENTS

| * | | DOCUMENT NO. | DATE | NAME | CLASS | SUB-CLASS | IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| | A | | | | | | |
| | B | | | | | | |
| | C | | | | | | |
| | D | | | | | | |
| | E | | | | | | |
| | F | | | | | | |
| | G | | | | | | |
| | H | | | | | | |
| | I | | | | | | |
| | J | | | | | | |
| | K | | | | | | |

## FOREIGN PATENT DOCUMENTS

| * | | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUBCLASS |
|---|---|---|---|---|---|---|---|
| | L | ★ | | | | | |
| | M | | | | | | |
| | N | | | | | | |
| | O | | | | | | |
| | P | | | | | | |
| | Q | | | | | | |

## OTHER REFERENCES (including Author, Title, Date, Pertinent Pages, Etc.)

| | R | CNN Interactive, "http://cnn.com/index", 2/20/98, screen printout pp.1-7. |
|---|---|---|
| | S | AltaVista, "http://www.altavista.com", 2/20/98, screen printouts pp.1-2. |
| | T | ★ |

| EXAMINER Stephen Hong | DATE 2/20/98 | | Form 892(MAR3107 |
|---|---|---|---|

* A copy of this reference is not being furnished with this office action.
See Manual of Patent Examining Procedure, section 707.05(a).

G 000215

UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 08/727,055 | 10/08/96 | BURMAN | G | 18441.701 |

LM41/0608

CHARLES C CARY
WILSON SONSINI GOODRICH & ROSATI
650 PAGE MILL ROAD
PALO ALTO CA 94304-1050

| EXAMINER |
|---|
| HONG, S |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2776 | |

DATE MAILED:    06/08/99

Please find below and/or attached an Office communication concerning this application or proceeding.

Commissioner of Patents and Trademarks

PTO-90C (Rev. 2/95)
*U.S. GPO: 1996-427-83490022

PA LoG 000216

08/727,085



UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

Case 2:04-cv-70366-JAC-RSW   Document       Filed 09/27/2005    Page 47 of

| APPLICATION NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|

| | EXAMINER | |
|---|---|---|
| ART UNIT | PAPER NUMBER | |

DATE MAILED:

## INTERVIEW SUMMARY

All participants (applicant, applicant's representative, PTO personnel):

(1) Charles C. Cary (Applicant's rep.)

Stephen Hinz (Examiner)

Date of Interview: _____ 99

Type: ☑ Telephonic   ☐ Televideo Conference   ☐ Personal (copy is given to ☐ applicant   ☐ applicant's representative)

Exhibit shown or demonstration conducted:   ☐ Yes   ☐ No   If yes, brief description:

Agreement ☐ was reached.   ☐ was not reached.

Claim(s) discussed: _____ 1-3 and 2 ?

Identification of prior art discussed: Yates Spark Engine , Patel IPE cite

Description of the general nature of what was agreed to if an agreement was reached, or any other comments:

Discussed the invention with respect to its claimed limitations in the Draft Amendment (see Hard)

(A fuller description, if necessary, and a copy of the amendments, if available, which the examiner agreed would render the claims allowable, must be attached. Also, where no copy of the amendments which would render the claims allowable is available, a summary thereof must be attached.)

☐ It is not necessary for applicant to provide a separate record of the substance of the interview.

Unless the paragraph above has been checked to indicate to the contrary, A FORMAL WRITTEN REPLY TO THE LAST OFFICE ACTION IS NOT WAIVED AND MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW. (See MPEP Section 713.04) If a reply to the last Office action has already been filed, APPLICANT IS GIVEN ONE MONTH FROM THIS INTERVIEW DATE TO FILE A STATEMENT OF THE SUBSTANCE OF THE INTERVIEW.

Examiner Note: You must sign this form unless it is an attachment to another form.

FORM PTOL-413 (REV. 3-98)

G.090217

**WILSON SONSINI GOODRICH & ROSATI**

TELEPHONE
(650) 493-9300

FAX
(650) 493-6811

SENDERS DIRECT FAX:
(650) 845-5000

PROFESSIONAL CORPORATION
650 PAGE MILL ROAD
PALO ALTO, CALIFORNIA 94304-1050
HTTP://WWW.WSGR.COM

ORIGINAL:

Will Not Follow ___x___
Follows Via Mail _____
Follows Via Courier _____

## TELECOPY COVER SHEET

TO: Examiner Steven Hong            ON: June 3, 1998            at _____
                                        (Date)            (Time)

FIRM: ART UNIT: 2772            CLIENT NO.: 18041.701

CITY/
STATE:                          CLIENT
                                NAME:

OFFICE                          WSGR
PHONE:                          OPERATOR:

HOME
PHONE:

TELECOPY #: (703) 305-9724 _____ ATTENTION: NOTIFY RECIPIENT BEFORE SENDING

___ ATTENTION: USE THIS FAX NO. ONLY

HOME FAX #: _____ _____ ATTENTION: NOTIFY RECIPIENT BEFORE SENDING

___ ATTENTION: USE THIS FAX NO. ONLY

FROM: Charles C. Cary            EXT.: 4945   LOCATION 1117-1

TOTAL NUMBER OF PAGES *INCLUDING THIS COVER SHEET*:        _____

*IF YOU DO NOT RECEIVE THE ENTIRE DOCUMENT*
*PLEASE CONTACT THE WSGR OPERATOR AT (650) 493-9300, Ext.*        7474

MESSAGE:

PLEASE DELIVER TO EXAMINER HONG.   APPLICATION NO. 08/727,085 -

PROPOSED AMENDMENT.

THE DOCUMENTS ACCOMPANYING THIS TELECOPY TRANSMISSION CONTAIN INFORMATION FROM WILSON SONSINI GOODRICH & ROSATI AND ARE FOR THE SOLE USE OF THE ABOVE INDIVIDUAL OR ENTITY, AND MAY BE PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER LAW. ANY OTHER DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE IF YOU ARE NOT THE INTENDED RECIPIENT AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS. WE WILL REIMBURSE YOUR REASONABLE PHONE AND POSTAGE EXPENSES FOR DOING SO.
1993 © WILSON SONSINI GOODRICH & ROSATI  [ALL RIGHTS RESERVED]

H:\HOME\RDH\FAXES\PTO.FAX

G 000218

DRAFT

# DRAFT

PATENT
Attorney Docket No. 15041.701

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Patent Application of                    )

Gilbert Borman et al.                          )

Application No. 08/727,085                     )          Group Art Unit:  2772

Filed:  October 8, 1996                        )          Examiner:  Stephen Hong

Title:  INTERNET SEARCH TOOLS                  )

### AMENDMENT

Assistant Commissioner for Patents
Washington, D.C.  20231

Sir:

   Responsive to the Official Action of March 3, 1998.  Applicant respectfully requests
reconsideration of the above-identified application in view of the following amendments and
remarks.

## IN THE SPECIFICATION:

### IN THE TITLE:

   Please delete the title "Internet Search Tools" and amend to read — METHOD AND
APPARATUS FOR RETRIEVING DATA FROM A NETWORK USING LOCATION
IDENTIFIERS—

-1-

::COMAPCDOCSISCL1\2163128

IN THE CLAIMS:

Please cancel claims 2-3, 8-9, 14-15 and 19-20.

Please amend the remaining claims 1, 4-7, 10-13, 16-18 and 21-26 as follows:

1. (Amended)     A computer implemented method [and system for retrieving information from] for searching on a local computer  a network  of nodes with data files stored at corresponding ones of the nodes and each of the data files identifiable by a location identifier and several of the data files containing location identifiers for others of the data files, and the method for searching  comprising the [following steps]  acts performed on the local computer of [:] :

constructing a search window on a display screen of the local computer

displaying a first and a second icon on said display screen;

[receiving a 1st file of information] retrieving an initial data file from the network together with displaying the initial data file in the search window , and the initial data file [which includes site] including  location identifiers [and other information];

parsing [said 1st file of information] the location [to extract a list comprising site] identifiers from the initial data file to form an initial list of location identifiers together with storing the initial list, responsive to a selection of the first icon; [and]

displaying any of the data files stored on the network in the search window and [responsive to a jump command, determining which of this list of site identifiers is currently selected and automatically selecting an other of said site identifiers from said list.]

retrieving a first data file corresponding to a selected one of the location identifiers in the stored initial list together with displaying the first data file in the search window responsive to a selection of the second icon.

4. (Amended)    The computer implemented method of claim 1 wherein:

said [1st] initial data file comprises information in a markup language; and

said [site] location identifiers comprise URLs.

5. (Amended)    The computer implemented method of claim [3] 1 wherein:

-2-

COMM\PCDOCS\SQL\1\2185124