Dockets.Justia.com

# EXHIBIT 6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NET JUMPER SOFTWARE, L.L.C.,
a Michigan limited liability
corporation,

Case 2:04-cv-70366-JAC-RSW    Document 54-12    Filed 09/27/2005    Page 2 o

       Plaintiff,         Civil Action No. 04-70366-CV
                    Hon. Julian Abele Cook

vs.

                    Magistrate Judge R. Steven Whalen

GOOGLE INC.,
a Delaware corporation,

       Defendant.

                     /

DEPOSITION OF JOSEPH HARDIN

The Deposition of JOSEPH HARDIN taken before Eileen

S. Higer, Notary Public in the County of Oakland, in the above-

entitled cause on Friday, September 16, 2005, at 2000 Town Center,

Suite 900, Southfield, Michigan, commencing at about 8:00 a.m.

APPEARANCES:

For the Plaintiff      GARY HOOD, ESQUIRE
Net Jumper Software   WILLIAM F. WARD, ESQUIRE
                   for: MICHAEL H. BANIAK, ESQUIRE
                     Baniak, Pine & Gannon
                   150 North Wacker Drive, Suite 1200 Chicago,
                   Illinois  60606

For the Defendant      JASON W. WOLFF, ESQUIRE
Google, Inc.           Fish & Richardson, P.C.
                   12390 El Camino Real
                   San Diego, CA  92130-2081

Reported by:         Eileen Higer  (CSMR 5018)
                   Lori Caretti & Associates (568)  415-9008

D E X

PAGE:

WITNESS:

JOSEPH HARDIN

Examination by Mr. Hood

Case 2:04-cv-70368-JAC-RSW   Document 54-12   Filed 09/27/2005   Page 3 o

Examination by Mr. Wolf  . . . . . . . . . . . . . . . . . 164


EXHIBITS:

    Deposition Exhibit Number 95 . . . . . . . . . . . . . . . 4

    Deposition Exhibit Number 96 . . . . . . . . . . . . . . 84

    Deposition Exhibit Number 97 . . . . . . . . . . . . . 113

Southfield, Michigan

1

Friday, September 16, 2005

2

At about 8:30 a.m.

3

Case 2:04-cv-70366-JAC-RSW    Document 54-12    Filed 09/27/2005    Page 4 o

------- _ -------

4

J O S E P H   H A R D I N,

5

having been duly sworn was examined upon his oath and

6

testified as follows:

7

-    -    -

8

EXAMINATION

9

BY MR. HOOD:

10

Q    Please state your name and spell your last name for the

11

court reporter.

12

A    Joseph Hardin, H-a-r-d-i-n.

13

Q    Mr. Hardin, what is your current business address?

14

A    University of Michigan.

15

Q    That's good enough.

16

understanding of the content of that history?   In other

words if a court rules is it something that I have to say,

okay in contradiction to my understanding and my reading

Case 2:04-cv-70366-JAC-RSW   Document 54-12,   Filed 09/27/2005   Page 5 o

that in drawing my conclusions?

Q    I can't give you advice.   You'll probably want to talk to

counsel about that, but let's assume that's what the law

said.   That you had to use --

            MR. WOLFF:   Object to form.   You can answer

the question.   I think that that is what you said he's

saying, is that he's saying okay, so the court said that

within these four corners that is the thing.   Are those

buttons separate from the -- from what the court has

 construed that element to be, and even though it

contradicts everything you read in the thing, and your -15

the basis of your opinion, if you just say that that is in

fact the case are those -- Counsel, you ask the question.

I don't want to ask my own witness the question.

18

MR. HOOD:  That's what I tried to say.  Yeah.

19

THE WITNESS:  I think I'm understanding it 20

now.  And if you want to ask the question again I'll

21

answer it.

22

MR. HOOD:  Yeah, let me do that.

23

BY MR. HOOD:

24

Q    Assuming that the court were to say, Professor, that the

25

page display as you've defined it in tab C to your

declaration were the search window, as that term is used

in the claims of the '172 patent, would it still be your

Case 2:04-cv-70366-JAC-RSW    Document 54-12    Filed 09/27/2005    Page 7 o
opinion that the Next & Previous buttons were not

separately displayed from the search window?

MR. WOLFF:  Object to form with all the

caveats the witness had previously testified.  Go ahead

and answer the question.

THE WITNESS:  Yeah.  If that was an absolute

statement and -- then I would have to conclude that the

Next & Previous buttons as they're displayed in Exhibit C

would be separate from the display page.

BY MR. HOOD:

Q     They would be separately displayed from the display page,

correct?

A     Yes.

move around in that and investigate that space in that

fashion.

Q    How would a user navigate using CyberPilot?

A    In a similar fashion.  In the distinction in the case of

CyberPilot would be that if I knew a starting point, for

instance, that I wanted to go to, I would be able to type

that into a form window, a URL window and use that as the

starting point for my search.

Q    Is there any way in which a user of CyberPilot could enter

a search query, a number of search terms, not a URL but a

search query and actually search a network, a computer

network?

            MR. WOLFF:  Object to form.  Calls for a

narrative.

            THE WITNESS:  Not to my knowledge.

BY MR. HOOD:

17    Q    Turning, Professor, to Exhibit D to your declaration,

18         particularly the second page there.  Does this particular

19         page, Exhibit D to your declaration show what you consider

Case 2:04-cv-70366-JAC-RSW    Document 54-12    Filed 09/27/2005    Page 9 o

20         to be the search window as we've used that term in claim 1

21         of the '172 patent?

22    A    Here it is labeled as the browser window, and the answer

23         is yes.

24    Q    Browser window 400 --

25    A    Yes.