UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NETJUMPER SOFTWARE, L.L.C.,     Case No. 04-70366-CV
a Michigan limited liability corporation,     Hon. Julian Abele Cook
                                                        Magistrate Judge R. Steven Whalen

       Plaintiff,

vs.

GOOGLE INC.,
a Delaware corporation,

       Defendant.
_____/

SOMMERS SCHWARTZ, PC     DICKINSON WRIGHT, PLLC
Andrew Kochanowski (P55117)     Kathleen A. Lang (P34695)
Nabeel N. Hamameh (P60981)     L. Pahl Zinn (P57516)
Attorneys For Plaintiff     Attorneys For Defendant
2000 Town Center, 9th Floor     500 Woodward Ave., Ste. 4000
Southfield, MI 48075     Detroit, MI 48226
(248) 355-0300     (313) 223-3500

BANIAK, PINE & GANNON     FISH & RICHARDSON P.C.
Michael Baniak     Howard G. Pollack
Co-Counsel For Plaintiff     Attorneys For Defendant
150 N. Wacker Drive, Suite 1200     500 Arguello Street, Ste. 500
Chicago, IL 60606     Redwood City, CA 94063
(312) 673-0360     (650) 839-5070

    FISH & RICHARDSON P.C.
    Frank E. Scherkenbach
    225 Franklin Street
    Boston, MA 02110-2804
    (617) 542-5070
_____/

**PLAINTIFF NETJUMPER SOFTWARE, LLC'S RESPONSE BRIEF IN OPPOSITION TO DEFENDANT GOOGLE INC.'S MOTION TO STRIKE FROM EVIDENCE THE CD-ROM <u>FILED WITH NETJUMPER SOFTWARE, LLC'S NOTICE OF AMENDED FILING</u>**

## **STATEMENT OF THE ISSUE**

Whether Google's Motion to Strike should be granted and Plaintiff Netjumper's submission of a CD-Rom to this Court be stricken.

Google Responds "YES".

Netjumper Responds "NO".

LAW OFFICES
**SOMMERS SCHWARTZ, P.C.**
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

**INTRODUCTION**

The instant motion has been filed by Defendant Google Inc. ("Google") requesting that the Court strike a CD-Rom containing a video presentation that is fatal to Google's summary judgment motion from evidence. The CD-Rom is a video presentation of Netjumper's counsel performing various internet searches utilizing the CyberPilot Pro program. The CD-Rom containing the video was created by Netjumper's counsel as a corollary to its response brief in opposition to Google's summary judgment motion. Further, the video corroborates all of Netjumper's arguments that the CyberPilot Pro program is not prior art as alleged by Google, and that the CyberPilot Pro program does not anticipate the claims of Netjumper's patent.

In its introductory paragraph of its brief in support of its motion, Google asserts that Plaintiff Netjumper Software, LLC ("Netjumper") filed "new 'evidence' in the form of a CD-Rom purportedly depicting the operation of the prior art CyberPilot Pro program" one week after oral arguments on Google's motion for summary judgment. Contrary to Google's assertion, the video of the presentation is not "new" evidence and, as stated, is corollary to the arguments raised by Netjumper in opposition to Google's summary judgment motion. Google was placed on notice of the existence of the CD-Rom at the hearing on their motion (as acknowledged in its brief in support of its motion to strike), and it was inadvertent error that a copy was not produced to them. Nothing exists on the CD that is not part of Netjumper's response brief in opposition to Google's summary judgment motion or the facts set forth in the Netjumper's expert's affidavit. The CD was created and filed with the sole purpose of providing the Court insight and a visual operation of the CyberPilot Pro program as depicted in Netjumper's opposition to Google's summary judgment motion. A visual operation of the program may be more informative and helpful to the Court in understanding the parties' respective positions

3

than pictures that are inserted in a written brief. For these reasons, as well as those set forth below, Google's motion to strike from evidence the CD-Rom should be denied.

## FACTS

In its summary judgment motion, Google argued that the CyberPilot Pro program was invalidating prior art to Netjumper's patent. Contrary to its present claim in its motion to strike the CD-Rom that Google is only relying upon the tutorial to the CyberPilot Pro program as invalidating prior art, in its motion for summary judgment Google asserted that "every limitation of the claims is met exactly by the Cyberpilot prior art . . ." (please see Google's opening brief, p. 32). Even in its reply brief in support of its summary judgment motion, Google says that "Cyberpilot anticipates claims 1-8 . . . ", not that the "tutorial" anticipates. For Google to now backtrack its arguments in an effort to support its motion to strike is incredulous.

Now in its motion to strike, Google flip-flops its arguments as convenient to suit its needs. In its summary judgment motion and reply brief, Google argues that the CyberPilot Pro program is the invalidating prior art. Now, in support of its motion to strike, and perhaps after realizing that its argument that the CyberPilot Pro program is prior art is meritless at best, Google flip-flops its position and asserts instead that the "tutorial" is the invalidating prior art and not the program itself. Google's present position that it relies chiefly on the tutorial as the invalidating prior art is unfounded and contrary to fact.

## ARGUMENT

In support of its motion to strike, Google raises three arguments: 1.) The filing of the CD-Rom is untimely; 2.) The CD-Rom is inadmissible hearsay; and 3.) The CD-Rom's probative value is substantially outweighed by its [alleged] prejudicial and confusing nature.

None of these arguments have substance or merit, and should accordingly be rejected by the Court for the following reasons:

**A.      Google's untimeliness argument:**

In its brief in support of the present motion, Google argues that, because the CD-Rom was filed outside the Court's scheduling order, the CD-Rom is untimely and proper. Google further argues that because Netjumper has failed to show excusable neglect for its failure to timely file the CD-Rom that the CD-Rom should be stricken from evidence. Google continues by making conclusory statements. What is of critical importance and is fatal to Google's position is that the CD-Rom does not present "additional" arguments. Rather, the CD-Rom simply supports those arguments raised by Netjumper in its opposition brief to Google's summary judgment motion. The CD-Rom is corollary to the pictures contained in Netjumper's opposition brief regarding the CyberPilot Pro program, and in addition to showing the Court how the program operates, portrays how the screen snapshots contained in Netjumper's brief came into existence. There are no arguments raised in the video other than giving a live visual demonstration of the workings of the CyberPilot Pro program, and definitely no arguments were raised on the CD-Rom which were not already raised by Netjumper in its written response brief and those oral arguments made at the hearing on Google's summary judgment motion.

What is fatal to Google's position is that in its own brief, it acknowledges "Netjumper intimated during the hearing that it intended to present a DVD to the Court." While by inadvertent error a copy of the CD-Rom was not given to opposing counsel or the Court at the hearing, Google was nonetheless placed on notice of the existence of the DVD. Less than a week after the hearing on Google's summary judgment motion, Netjumper filed with the Court

5

and served upon opposing counsel its slide presentation made at the hearing along with the CD-Rom containing the video presentation. Google is not prejudiced by the alleged late filing of the CD-Rom because 1.) they were on notice of its existence, 2.) the CD-Rom does not make any additional arguments nor does it attempt to introduce "new evidence", and 3.) the video presentation is corollary to Netjumper's arguments and merely provides a visual aid to the Court of the way the CyberPilot Pro program operates and how certain screenshots of webpages contained in Netjumper's opposition brief came about. Notwithstanding, the benefits to the Court in understanding the issues and seeing how the CyberPilot Pro program operates from the visual presentation would outweigh any perceived prejudice to the Court.

**B.     Google's argument that the CD-Rom is inadmissible hearsay:**

Perhaps the reason that the section in Google's brief in support contains only two short paragraphs is because Google realizes that this argument is nothing more than a "stab in the dark." The CD-Rom is simply not inadmissible hearsay because it is not an out of court statement made by another to prove the matter of the truth asserted. Contrary to Google's arguments that the CD-Rom presentation depends on statements made and conclusions drawn by Dr. Galler, the video presentation contains a video depiction of Netjumper's counsel performing internet searches utilizing the CyberPilot Pro program. Any individual using the program can perform the same search, or any search for that matter, and retrieve the same results. For example, a search for Ford Motor Company can be replaced with General Motors Corporation, or a search for CNN.com can be replaced with CNBC.com.

The presentation of the search can be performed by anyone utilizing the CyberPilot Pro program, and it is nothing more than a demonstration that can be easily replicated by any individual. The purpose for the video was to show the Court how the CyberPilot Pro program

operates, how internet searches are made utilizing the program, how results are retrieved and displayed, and how one can navigate through the search results. All of these issues relating to the CyberPilot Pro program are addressed in Netjumper's opposition brief to Google's summary judgment motion, as well as in Dr. Bernard Galler's affidavit in support of Netjumper's opposition. Google's argument that the video is not corroborated by a declaration or affidavit is unfounded. Dr. Galler's affidavit supports the video presentation and it is immaterial whether Dr. Galler himself was performing the internet searches contained in the video presentation or whether Netjumper's counsel performed the searches addressed in Dr. Galler's affidavit.

Google's hair-splitting argument should not be entertained by the Court because if Dr. Galler performed a search in reaching his conclusion, any individual can perform the same internet searches and obtain the same results. Further, it is not even necessary to have the same searches performed, i.e., Ford can be replaced with General Motors, and the underlying substance of Dr. Galler's affidavit regarding the manner in which an internet search is performed, how search results are retrieved and how one navigates through the search results becomes evident.

**C. Google's arguments that the CD-Rom is substantially outweighed by its prejudicial and confusing nature:**

This argument raised by Google is dubious. Of course the CD-Rom is prejudicial to Google because it tends to defeat Google's invalidity argument, and hence, its summary judgment motion. In its brief, Google makes reference to Federal Rule of Evidence 403 and cites related case law concerning video reenactments. While Google acknowledges that the video was not presented to a jury--the basis for the holdings in the case law cited by Google--

7

Google argues that FRE 403 persists when a Court is considering whether to grant a summary judgment motion. No authority is cited by Google to support this position. Notwithstanding, Netjumper's video reenactment is accurate and similar to the search conducted by Dr. Galler in his analysis of the CyberPilot Pro program in drafting his affidavit submitted with Netjumper's opposition to Google's summary judgment motion.

In its motion for summary judgment, Google relied on the CyberPilot Pro tutorial as illustrating the program in operation. By creating the video in dispute, Netjumper was merely attempting to provide the Court with a live demonstration of the CyberPilot Pro program because the tutorial relied upon by Google does not adequately present the operation of the program, which in turn, may lead to incorrect conclusions. The video is a more demonstrative presentation to assist the Court in its understanding of the issues, and was submitted for that purpose.

## **CONCLUSION**

For the aforementioned reasons, Plaintiff Netjumper respectfully requests that this Court deny Defendant Google's Motion to Strike from Evidence the CD-Rom and the relief requested by Google therein.

Respectfully submitted,

s/Nabeel N. Hamameh (60981)
SOMMERS SCHWARTZ, P.C.
Attorneys for Plaintiff
2000 Town Center Drive, Suite 900
Southfield, MI  48075-1100
(248) 355-0300
nhamameh@sommerspc.com

DATED:  January 20, 2006

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

**PROOF OF SERVICE**

I certify that on 1/20/06, I electronically filed the forgoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Kathleen A. Lang; klang@dickinsonwright.com
L. Pahl Zinn; pzinn@dickinsonwright.com

and I hereby certify that I have mailed by United States Postal Service First Class Mail the paper to the following non-ECF participants:

BANIAK, PINE & GANNON
Michael Baniak
Co-Counsel For Plaintiff
150 N. Wacker Drive, Suite 1200
Chicago, IL 60606

FISH & RICHARDSON P.C.
Howard G. Pollack
500 Arguello Street, Ste. 500
Redwood City, CA 94063

FISH & RICHARDSON P.C.
Frank E. Scherkenbach
225 Franklin Street
Boston, MA 02110-2804

                                s/Nabeel N. Hamameh (P60981)
                                Sommers Schwartz, PC
                                2000 Town Center, Suite 900
                                Southfield, MI 48075
                                (248) 355-0300
                                nhamameh@sommerspc.com

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300