Dockets.Justia.com

# EXHIBIT B

# FISH & RICHARDSON P.C.

12390 El Camino Real
San Diego, California
92130

Telephone
858 678-5070

Facsimile
858 678-5099

Web Site
www.fr.com

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

AUSTIN
BOSTON
DALLAS
DELAWARE
NEW YORK
SAN DIEGO
SILICON VALLEY
TWIN CITIES
WASHINGTON, DC

**VIA FACSIMILE AND U.S. MAIL**

October 19, 2005

Nabeel Hamameh, Esq.
Sommers Schwartz, P.C.
2000 Town Center, Suite 900
Southfield, MI 48075

Re: NetJumper Software, L.L.C. v. Google Inc.
USDC-E.D. MI - Case No. 2:04CV70366

Dear Nabeel:

Enclosed are Google's Objections to Netjumper's Re-Notice of Deposition Pursuant to Rule 30(b)(6).

Very truly yours,

Jason W. Wolff

cc: L. Pahl Zinn, Esq., Dickinson Wright PLLC
Michael H. Baniak, Esq., Baniak Pine & Gannon

10562815.doc

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NET JUMPER SOFTWARE, L.L.C.
a Michigan limited liability corporation,

        Plaintiff/Counterclaim    Civil Action No. 04-70366-CV
        Defendant,    Hon. Julian Abele Cook

v.    Magistrate Judge R. Steven Whalen

GOOGLE INC.,
a Delaware corporation

        Defendant/Counterclaim
        Plaintiff.

_____/

Kathleen A. Lang (P34695)
L. Pahl Zinn (P57516)
DICKINSON WRIGHT PLLC
500 Woodward Avenue, Suite 4000
Detroit, MI 48226-3425
(313) 223-3500

Frank E. Scherkenbach
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA 02110-2804

Howard G. Pollack
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063

*Attorneys for Google Inc.*
_____/

## GOOGLE INC. OBJECTIONS TO NETJUMPER SOFTWARE, L.L.C.'S RE-NOTICE OF DEPOSITION PURSUANT TO RULE 30(b)(6)

Google Inc. ("Google") hereby responds and objects as follows to NetJumper Software, L.L.C.'s ("NetJumper") Second Notice of Deposition of Google Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure (the "Notice") and to the topics for examination contained therein:

# GENERAL OBJECTIONS

1.  Google objects to the Notice, the topics contained therein, and the instructions and definitions thereto to the extent they impose requirements that are inconsistent with or exceed those specified by the Federal Rules of Civil Procedure and applicable Local Rules.

2.  Google objects to the Notice and the topics contained therein to the extent they are vague, ambiguous, duplicative, cumulative, unintelligible, and call for information not relevant to any claim or defense presented by any party to this litigation or not reasonably calculated to lead to the discovery of admissible evidence. Google further objects that the notice of deposition is overly broad and unduly burdensome and fails to describe the topics with reasonable particularity.

3.  Google objects to the Notice and the topics contained therein to the extent they seek information subject to protection under the attorney-client privilege, the work product doctrine, or any other privilege. Any specific objection made on the basis of privilege shall be deemed to include an objection on the basis of both work product and the attorney-client privilege, where applicable.

4.  Google objects to the Notice and the topics contained therein to the extent they seek trade secrets or other confidential research, development, or commercial information of any third party which is in the possession of Google pursuant to confidentiality and nondisclosure restrictions imposed by contract or law.

5.  Google objects to the Notice and the requests for documents and things accompanying this notice as duplicative of previous notices and requests because they ask for information and documents that have already been collected and produced, and information that has already been objected to by Google.

6.  Google objects to the Notice to the extent that it requests witnesses be available and appear for deposition on all subjects on the date noticed. NetJumper served the Notice on October 11, 2005, requesting depositions eight days later, beginning on October 19, 2005. This

time frame is simply too abbreviated for Google to arrange the number of depositions required by the Notice. NetJumper has also requested the deposition of four other individuals and would like all of the depositions to take place during a three-day period. Google further objects that Counsel for NetJumper has twice declined to take depositions pursuant to NetJumper's previous notices, and discovery is scheduled to close on October 24, 2005.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.  Google objects to Paragraphs A-J of NetJumper's Definitions and Instructions included in the Re-notice to the extent they seek to impose obligations on Google that exceed or are inconsistent with the requirements of the Federal Rules of Civil Procedure.

2.  Google objects to the definition of "Google" in Paragraph A of NetJumper's Definitions as overbroad to the extent it encompasses entities beyond Google's control. Google further objects to the definition as vague and ambiguous and as seeking information subject to protection under the attorney-client and/or work product privileges, especially the portion of the definition that encompasses "agents and representatives (including consultants and attorneys) acting or purporting to act on behalf of any of the foregoing."

## SPECIFIC OBJECTIONS AND RESPONSES

### TOPIC NO. 1

The method of distribution, sales and/or licensing of Google Toolbars to endusers, including the total number of Google Toolbars distributed, sold and/or licensed, and Google's knowledge concerning the amount/number of total Google Toolbar users since inception of the Google Toolbar.

3

**OBJECTIONS TO TOPIC NO. 1**

Google incorporates its General Objections as if each were fully set forth herein and states the following Specific Objections. Google objects to this topic on the ground that the phrases "the total number of Google Toolbars distributed, sold and/or licensed" and "the amount/number of total Google Toolbar users since inception of the Google Toolbar" render the topic vague and ambiguous. Google objects to this topic on the ground that it is overly broad and unduly burdensome to the extent it seeks information not relevant to any claim or defense presented by either party to this litigation. Google objects to this topic on the ground that it is not described with reasonable particularity. Subject to and without waiving the foregoing objections, Google will produce a witness able to testify to the number of Google Toolbars distributed, the method of distribution, and sales and licensing.

**TOPIC NO. 2**

The substance of any and all license agreements with any and all manufacturers (e.g., Sony, Dell, Hewlett Packard, Compaq) for the Google Toolbar, regardless of whether such agreements are still in effect or the technology no longer employed.

**OBJECTIONS TO TOPIC NO. 2**

Google incorporates its General Objections as if each were fully set forth herein and states the following Specific Objections. Google objects to this topic on the ground that the phrase "any and all license agreements with any and all manufacturers" renders the topic vague and ambiguous. Google objects to this topic as overly broad and unduly burdensome to the extent it seeks information not relevant to any claim or defense presented by either party to this litigation, particularly in that it seeks information "regardless of whether such agreements are

4

still in effect or the technology no longer employed." Google objects to this topic on the ground that it is not described with reasonable particularity. Subject to and without waiving the foregoing objections, Google will produce a witness able to testify to license agreements Google has with computer manufacturing companies for the Google Toolbar.

**TOPIC NO. 3**

The number or amount of Google Toolbars downloaded from date of inception through the present.

**OBJECTIONS TO TOPIC NO. 3**

Google incorporates its General Objections as if each were fully set forth herein and states the following Specific Objections. Google objects to this topic on the ground that the undefined term "downloaded" renders the topic vague and ambiguous. Google objects to this topic as overly broad and unduly burdensome to the extent it seeks information not relevant to any claim or defense presented by either party to this litigation. Subject to and without waiving the foregoing objections, Google will produce a witness able to testify to the number of Google Toolbars obtained from Google over the Internet.

**TOPIC NO. 4**

The identity of the creator(s), designer(s), or engineer(s) of the Google Toolbar.

**OBJECTIONS TO TOPIC NO. 4**

Google incorporates its General Objections as if each were fully set forth herein and states the following Specific Objections. Google objects to this topic as vague and ambiguous. Google further objects to this topic on the ground that it has already produced a witness, in

5

accordance with NetJumper's previous Rule 30(b)(6) deposition notice, who addressed this topic.

## TOPIC NO. 5

The exact structure and operation of the Google Toolbar, and specifically, the Next-Previous option on the Google Toolbar.

## OBJECTIONS TO TOPIC NO. 5

Google incorporates its General Objections as if each were fully set forth herein and states the following Specific Objections. Google objects to this topic on the ground that the undefined phrase "exact structure and operation" renders the topic vague and ambiguous. Google further objects to this topic on the ground that it has already produced a witness, in accordance with NetJumper's previous Rule 30(b)(6) deposition notice, who addressed this topic.

## TOPIC NO. 6

The history of the Google Toolbar development, including the dates when the Google Toolbar went into beta distribution and non-distribution.

## OBJECTIONS TO TOPIC NO. 6

Google incorporates its General Objections as if each were fully set forth herein and states the following Specific Objections. Google objects to this topic on the ground that the undefined terms "history", "beta-distribution", and "non-distribution" render the topic vague and ambiguous. Google objects to this topic as overly broad and unduly burdensome to the extent it seeks information not relevant to any claim or defense presented by either party to this litigation.

Google further objects to this topic on the ground that it has already produced a witness, in accordance with NetJumper's previous Rule 30(b)(6) deposition notice, who addressed this topic.

### TOPIC NO. 7

The identification of all people who (a) developed the Google Toolbar, (b) made the decision to implement the Google Toolbar, (c) adopted the Next-Previous feature, and (d) made the decision to adopt the Next-Previous feature.

### OBJECTIONS TO TOPIC NO. 7

Google incorporates its General Objections as if each were fully set forth herein and states the following Specific Objections. Google objects to this topic on the ground that the undefined terms "adopted" and "adopt" render the topic vague and ambiguous. Google objects to this topic as overly broad and unduly burdensome to the extent it seeks information not relevant to any claim or defense presented by either party to this litigation. Google objects to this topic on the ground that it is not described with reasonable particularity. Google further objects to this topic to the extent it is duplicative of Topics 4 and 5. Google further objects to this topic on the ground that it has already produced a witness, in accordance with NetJumper's previous Rule 30(b)(6) deposition notice, who addressed this topic.

### TOPIC NO. 8

The reasons for choosing to include the Next-Previous feature in the Google Toolbar.

## OBJECTIONS TO TOPIC NO. 8

Google incorporates its General Objections as if each were fully set forth herein and states the following Specific Objections. Google objects to this topic on the ground that the undefined phrase "reasons for choosing to include" render the topic vague and ambiguous. Google further objects to this topic to the extent it is duplicative of Topics 4, 5, and 7. Google further objects to this topic on the ground that it has already produced a witness, in accordance with NetJumper's previous Rule 30(b)(6) deposition notice, who addressed this topic.

Case 2:04-cv-70366-JAC-RSW    Document 73-4    Filed 01/24/2006    Page 10 of

## TOPIC NO. 9

The substance of Google's policies regarding technology licensing.

## OBJECTIONS TO TOPIC NO. 9

Google incorporates its General Objections as if each were fully set forth herein and states the following Specific Objections. Google objects to this topic on the ground that the undefined term "substance" renders the topic vague and ambiguous. Google objects to this topic as grossly overbroad and unduly burdensome to the extent it seeks information not relevant to any claim or defense presented by either party to this litigation, particularly in that it seeks information about "Google's policies regarding technology licensing" without limitation. Google objects to this topic on the ground that it is not described with reasonable particularity. Google further objects to this topic to the extent it is duplicative of Topics 4 and 5. Subject to and without waiving the foregoing objections, Google will produce a witness able to testify to Google's technology licensing policies with regard to the accused Google Toolbar and Viewer.

8

## TOPIC NO. 10

The incremental revenues and/or benefits received or anticipated/expected to be received from (a) the Google Toolbar, and (b) the Next-Previous option in the Google Toolbar.

## OBJECTIONS TO TOPIC NO. 10

Google incorporates its General Objections as if each were fully set forth herein and states the following Specific Objections. Google objects to this topic on the ground that the undefined term "incremental revenues" renders the topic vague and ambiguous. Subject to and without waiving the foregoing objections, Google will produce a witness able to testify to expected revenue and/or benefits deriving from the Google Toolbar and its "Next" and "Previous" features.

## TOPIC NO. 11

The costs associated with development of (a) the Google Toolbar, and (b) the Next-Previous option of the Google Toolbar.

## OBJECTIONS TO TOPIC NO. 11

Google incorporates its General Objections as if each were fully set forth herein and states the following Specific Objections. Google objects to this topic on the grounds that it is vague and ambiguous and not described with reasonably particularity. Subject to and without waiving the foregoing objections, Google will produce a witness able to testify to development costs of the Google Toolbar and its "Next" and "Previous" features.

## TOPIC NO. 12

The meaning, interpretation, construction or scope of any claim or claim term of the '172 patent and/or the '655B1 patent including the basis or support of any position taken.

## OBJECTIONS TO TOPIC NO. 12

Google incorporates its General Objections as if each were fully set forth herein and states the following Specific Objections. Google objects to the extent this topic as vague and ambiguous. Google objects to this topic because it is not limited to asserted claims of the patents-in-suit. Google objects to this topic to the extent that it seeks testimony on subject matter that is protected by the attorney-client privilege and/or the attorney work-product doctrine. Google further objects to this topic on the ground that it is not a proper subject for a party deposition notice as it seeks expert legal opinions.

## TOPIC NO. 13

The type of search conducted by Google employees or third parties relating to the scope of the '172 patent and/or the '655B1 patent and the outcome or result of each search.

## OBJECTIONS TO TOPIC NO. 13

Google incorporates its General Objections as if each were fully set forth herein and states the following Specific Objections. Google objects to this topic to the extent it is vague and ambiguous. Google objects to this topic because it seeks testimony on subject matter that is protected by the attorney-client privilege and/or the attorney work-product doctrine.

## TOPIC NO. 14

The substance of Google's advertisements and/or publications as related to Google's web-surfing and/or web-navigation systems, including but not limited to the Google Toolbar and the Next-Previous option.

## OBJECTIONS TO TOPIC NO. 14

Google incorporates its General Objections as if each were fully set forth herein and states the following Specific Objections. Google objects to this topic to the extent it is vague and ambiguous and therefore unintelligible. Google objects to this topic as overly broad and unduly burdensome, and seeking information not relevant to any claim or defense presented by any party to this litigation. Google objects to this topic on the ground that it is not described with reasonable particularity. Subject to and without waiving the foregoing objections, Google will produce a witness able to testify as to Google's advertisements and/or publications related to Google's Toolbar and Viewer.

## TOPIC NO. 15

The type and amount of damages that Goograb allegedly caused to Google and the basis and/or cause of those damages.

## OBJECTIONS TO TOPIC NO. 15

Google incorporates its General Objections as if each were fully set forth herein and states the following Specific Objections. Google objects to the extent this topic as vague and ambiguous. Google objects to this topic to the extent that it seeks testimony on subject matter that is protected by the attorney-client privilege and/or the attorney work-product doctrine. Google further objects to this topic on the ground that it is not a proper subject for a party

deposition notice as it seeks expert legal opinions. Google further objects to this topic on the ground that Google voluntarily dismissed its trademark counterclaims, including but not limited to those relating to Goograb.

**TOPIC NO. 16**

The basis for Google's assertion/contention that the Google Toolbar does not infringe on the '172 patent and/or the '655B1 patent.

**OBJECTIONS TO TOPIC NO. 16**

Google incorporates its General Objections as if each were fully set forth herein and states the following Specific Objections. Google objects to this topic because it seeks testimony on subject matter that is protected by the attorney-client privilege and/or the attorney work-product doctrine. Google further objects to this topic on the ground that it is not a proper subject for a party deposition notice as it seeks expert legal opinions.

**TOPIC NO. 17**

The basis for Google's assertion/contention that the '172 patent and/or the '655B1 is invalid.

**OBJECTIONS TO TOPIC NO. 17**

Google incorporates its General Objections as if each were fully set forth herein and states the following Specific Objections. Google objects to this topic because it seeks testimony on subject matter that is protected by the attorney-client privilege and/or the attorney work-product doctrine. Google further objects to this topic on the ground that it is not a proper subject for a party deposition notice as it seeks expert legal opinions.

## TOPIC NO. 18

The basis for Google's Third Affirmative Defense which states that NetJumper is estopped from asserting any interpretation of any claims of either of the patents-in-suit that would cover the Google Toolbar and/or Google Viewer.

## OBJECTIONS TO TOPIC NO. 18

Google incorporates its General Objections as if each were fully set forth herein and states the following Specific Objections. Google objects to this topic because it seeks testimony on subject matter that is protected by the attorney-client privilege and/or the attorney work-product doctrine. Google further objects to this topic on the ground that it is not a proper subject for a party deposition notice as it seeks expert legal opinions.

## TOPIC NO. 19

The basis for Google's Fourth Affirmative Defense that NetJumper's claims are barred by the doctrine of unclean hands.

## OBJECTIONS TO TOPIC NO. 19

Google incorporates its General Objections as if each were fully set forth herein and states the following Specific Objections. Google objects to this topic because it seeks testimony on subject matter that is protected by the attorney-client privilege and/or the attorney work-product doctrine. Google further objects to this topic on the ground that it is not a proper subject for a party deposition notice as it seeks expert legal opinions.

## TOPIC NO. 20

With respect to the following agreements: (1) their content, (2) the number of Google Toolbars downloaded as a result of each agreement, (3) the revenues generated by each agreement, (4) the amount(s) paid by Google under each agreement, and (5) the costs associated with each agreement.

a. The Google Promotion and Distribution Agreement with RealNetworks, Inc, as set forth in G005470-005555.

b. The Google Toolbar Promotion and Distribution Agreement between Google and Toshiba America Information Systems, Inc., Google's G005556-005568.

c. The Google Toolbar Promotion and Distribution Agreement between Google and AG, Com., Inc., Google's G005597-005631.

d. The Google Promotion and Distribution Agreement between Google and Atom Shockwave Corp., Google's G005597-005631.

e. The Google Toolbar Distribution Agreement between Google and Computer Shopper Magazine, Google's G005632-005637.

f. The Google Promotion and Distribution Agreement between Google and Cyberlink Corp., Google's G005638-005671.

g. The Google Promotion and Distribution Agreement between Google and Cyberlink Corp., Google's G005672-005715.

h. The Amendment to Google Toolbar and Google Desk Bar Promotion and Distribution Agreement between Google and Div-Xnetworks, Inc., Google's G005716-005755.

i. Google Toolbar Distribution Agreement between Google and Edizioni Master SRL, Google's G005756-005761.

j. The Google Toolbar Promotion and Distribution Agreement between Google and Fujitsu Computer Systems Corporation, Google's G005762-005773.

k. The Google Toolbar Promotion and Distribution Agreement between Google and Globalscape Texas, LP, Google's G005774-005798.

l. The Google Toolbar Promotion and Distribution Agreement between Google and Hewlett-Packard Company, Google's G005799-005842.

m.  The Google Toolbar and Google Desk Bar Promotion and Distribution Agreement between Google and IGN Entertainment, Inc., Google's 005843-005883.

n.  The Google Toolbar Distribution Agreement between Google and Sony (including Sony USA, and other Sony entities throughout the world).

o.  The Google Distribution Agreement between Google and the three entities referenced in a letter dated July 21, 2005 from Julie M. Wheeler, litigation case manager, to Nabeel Hamameh.

**OBJECTIONS TO TOPIC NO. 20**

Google incorporates its General Objections as if each were fully set forth herein and states the following Specific Objections. Google objects to this topic because it seeks testimony on subject matter that is protected by the attorney-client privilege and/or the attorney work-product doctrine. Google further objects to this topic to the extent it is duplicative of Topics Nos. 1, 2 and possibly 9. Google objects to this topic because it is formulated in a compound and confusing manner, with many discrete subparts, and, furthermore, while styled as a Rule 30(b)(6) topic, it appears to be a compound interrogatory.

**TOPIC NO. 21**

The identify of the person(s) who made the decision to implement the above agreements.

**ADDITIONAL TOPIC NO. 21**

Google incorporates its General Objections and Objections to Additional Topic No. 1 as if each were fully set forth herein and states the following Specific Objections. Google objects to this topic because it seeks testimony on subject matter that is protected by the attorney-client privilege and/or the attorney work-product doctrine. Google further objects to this topic to the extent it is duplicative of Topics Nos. 1 and 2. Google further objects to this topic because it is overbroad and not described with reasonable particularity.

## TOPIC NO. 22

The rationale, financial analysis, and basis for Google's payments under the above agreements.

## OBJECTIONS TO TOPIC NO. 22

Google incorporates its General Objections and Objections to Additional Topic No. 1 as if each were fully set forth herein and states the following Specific Objections. Google objects to this topic because it seeks testimony on subject matter that is protected by the attorney-client privilege and/or the attorney work-product doctrine. Google further objects to this topic to the extent it is duplicative of Topics Nos. 1 and 2. Google further objects to this topic because it is overbroad and not described with reasonable particularity. Google objects to this topic on the ground that the terms "rationale", "financial analysis", and "basis for Google's payments" render the topic vague and ambiguous.

## TOPIC NO. 23

The identification of all documents supporting the analysis of #3 above.

## OBJECTIONS TO TOPIC NO. 23

Google incorporates its General Objections and its Specific Objections to Topic No. 3 as if each were fully set forth herein and states the following Specific Objections. Google objects to this topic because it seeks testimony on subject matter that is protected by the attorney-client privilege and/or the attorney work-product doctrine. Google further objects to this topic to the extent it is duplicative of Topics Nos. 1 and 2. Google further objects to this topic because it is

overbroad and not described with reasonable particularity. Furthermore, while styled as a Rule 30(b)(6) topic, it appears to be an interrogatory.

Dated: October 19, 2005

FISH & RICHARDSON P.C.

By: _____
Jason W. Wolff

Attorneys for Defendant/Counterclaim Plaintiff
GOOGLE INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served, via Facsimile and U.S. mail, upon all counsel of record, as identified below, on October 19, 2005:

Nabeel Hamameh  
Sommers Schwartz, P.C.  
2000 Town Center, Suite 900  
Southfield, MI 48075

Attorneys for Plaintiff  
NETJUMPER SOFTWARE, L.L.C.

Michael H. Baniak, Esq.  
Baniak Pine & Gannon  
150 N. Wacker Drive, Suite 1200  
Chicago, IL 60606  
Facsimile: (312) 673-0361

Attorneys for Plaintiff  
NETJUMPER SOFTWARE, L.L.C.

_____  
Jason W. Wolff

10550736.doc