UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NETJUMPER SOFTWARE, L.L.C.
a Michigan limited liability corporation,

        Plaintiff,              Civil Action No. 04-70366-CV
                                            Hon. Julian Abele Cook

        v.                              Magistrate Judge R. Steven Whalen

GOOGLE INC.,
a Delaware corporation

        Defendant.

---

Andrew Kochanowski
Nabeel M. Hamameh
SOMMERS SCHWARTZ, PC
2000 Town Center, Suite 900
Southfield, MI 48075
(800) 967-1234

Michael H. Baniak
Gary E. Hood
BANIAK PINE & GANNON
150 North Wacker Drive, Suite 1200
Chicago, IL 60606

*Attorneys for NetJumper Software, L.L.C.*

Kathleen A. Lang (P34695)
L. Pahl Zinn (P57516)
DICKINSON WRIGHT PLLC
500 Woodward Avenue, Suite 4000
Detroit, MI 48226-3425
(313) 223-3500

Frank E. Scherkenbach
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA 02110-2804

Howard G. Pollack
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063

Jason W. Wolff
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130-2081

*Attorneys for Google Inc.*

**GOOGLE'S EMERGENCY MOTION FOR LEAVE
TO TAKE THE DEPOSITION OF RANDALL STARK**

Google Inc. ("Google") hereby moves pursuant to Rules 7 and 16 of the Federal Rules of Civil Procedure and E.D. Mich. Local Rule 7.1 and 26.2 for leave from the Court to take the deposition of Randall Stark. While discovery in this matter closed on October 24, 2005, Dr. Stark is a timely identified fact witness for Google who—through no fault of his own or Google's—is no longer available for the modified trial date orally set by the Court in its May 25, 2006 hearing.[1]

Case 2:04-cv-70366-JAC-RSW   Document 88-2   Filed 07/24/2006   Page 2 of

Furthermore, because Dr. Stark is leaving the country in September 2006 for approximately one year, time is of essence to resolve this dispute. In exchange for an expedited briefing scheduling, or waiving the briefing schedule provided in Rules 6 and 7 of the Federal Rules of Civil Procedure and E.D. Mich. Local Rules 6.1 and 7.1, Google will waive its right to a reply brief. Google asks that the Court provide NetJumper Software L.L.C. one week to file its opposition brief. Additionally, since primary counsel for Google is located outside of the Detroit area, Google requests a telephonic hearing in lieu of an in person hearing.

For the reasons set forth in its supporting brief and exhibits thereto, Google submits that there is good cause to allow Google to take Dr. Stark's deposition by September 1, 2006, and to present his deposition testimony at trial in lieu of his personal appearance.

---

[1] Trial was originally scheduled for March 7, 2006. Prior to May 25, 2006, the last modification to the Court's schedule was September 12, 2005. *See* Document Nos. 50 and 51. The proposed relief would have no effect on the Court's schedule.

1

Pursuant to E.D. Mich. Local Rule 7.1(a), Google attempted to resolve this matter with counsel for NetJumper Software L.L.C. ("NetJumper"), but despite repeated and reasonable efforts to contact counsel every day since the dispute arose, was unable to obtain concurrence in the relief sought.

Case 2:04-cv-70366-JAC-RSW    Document 86-2    Filed 07/24/2006    Page 3 of

Respectfully Submitted,
FISH & RICHARDSON P.C.

Dated: July 24, 2006

By: /s/ Jason W. Wolff
12390 El Camino Real
San Diego, CA 92130
(858) 678-5070
wolff@fr.com

*Attorneys for Google Inc.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NETJUMPER SOFTWARE, L.L.C.
a Michigan limited liability corporation,

        Plaintiff,                       Civil Action No. 04-70366-CV
                                             Hon. Julian Abele Cook

      v.                                     Magistrate Judge R. Steven Whalen

GOOGLE INC.,
a Delaware corporation

        Defendant.

---

| | |
|---|---|
| Andrew Kochanowski<br>Nabeel M. Hamameh<br>SOMMERS SCHWARTZ, PC<br>2000 Town Center, Suite 900<br>Southfield, MI 48075<br>(800) 967-1234 | Kathleen A. Lang (P34695)<br>L. Pahl Zinn (P57516)<br>DICKINSON WRIGHT PLLC<br>500 Woodward Avenue, Suite 4000<br>Detroit, MI 48226-3425<br>(313) 223-3500 |
| Michael H. Baniak<br>Gary E. Hood<br>BANIAK PINE & GANNON<br>150 North Wacker Drive, Suite 1200<br>Chicago, IL 60606 | Frank E. Scherkenbach<br>FISH & RICHARDSON P.C.<br>225 Franklin Street<br>Boston, MA 02110-2804 |
| *Attorneys for NetJumper Software, L.L.C.* | Howard G. Pollack<br>FISH & RICHARDSON P.C.<br>500 Arguello Street, Suite 500<br>Redwood City, CA 94063 |
| | Jason W. Wolff<br>FISH & RICHARDSON P.C.<br>12390 El Camino Real<br>San Diego, CA 92130-2081 |
| | *Attorneys for Google Inc.* |

**BRIEF IN SUPPORT OF GOOGLE'S EMERGENCY MOTION FOR LEAVE
TO TAKE THE DEPOSITION OF RANDALL STARK**

Dr. Stark is one of the creators of the CyberPilot Pro software ("CyberPilot"), a product that Google contends constitutes prior art invalidating the patents-in-suit. Google produced what it alleges are authentic prior art documents and things from Dr. Stark on March 15, 2005; identified Dr. Stark in its First Supplemental Initial Disclosure Statement of April 29, 2005;[1] submitted an unopposed declaration from Dr. Stark in support of its summary judgment motion filed on August 17, 2005;[2] and timely identified Dr. Stark as a fact witness in its trial witness list on October 11, 2005.[3]

Shortly after learning of the Court's new proposed trial schedule on May 25, 2006—which changed the trial date by nearly one year—Google contacted Dr. Stark to confirm his availability for trial. On June 21, 2006, counsel for Google first learned that Dr. Stark had been accepted to a graduate studies program in Cambridge, England and would be moving there in September 2006 for approximately one year. Accordingly, Dr. Stark will be unavailable for the presently scheduled trial date in February 2007.

Promptly after learning of Dr. Stark's unavailability, on June 27, 2006, counsel for Google called the issue to the attention of counsel for NetJumper Software L.L.C. ("NetJumper") and asked if NetJumper would consent to Google's taking Dr. Stark's deposition out of turn. On June 28, 2006, counsel for NetJumper indicated it had no objection and arrangements were made to take Dr. Stark's deposition in August 2006.[4] That agreement has now unfortunately been rescinded or conditioned. The series of events resulting in the present dispute is this:

---

[1] Exhibit 1 (FIRST SUPPLEMENTAL INITIAL DISCLOSURE STATEMENT OF DEFENDANT GOOGLE INC.).
[2] Document No. 41, Exhibit F.
[3] Exhibit 2 (GOOGLE INC.'S WITNESS LIST).
[4] Exhibit 3 (July 8, 2006 letter to Mr. Hamameh, counsel for NetJumper, from counsel for Google). Dr. Stark's deposition has been noticed for August 22, 2006. Exhibit 4 (NOTICE OF DEPOSITION OF RANDALL STARK).

1

- On July 12, 2006, a draft stipulation was provided to counsel for NetJumper extending expert discovery by two weeks and granting Google leave to take Dr. Stark's deposition.[5]
- On July 17, 2006, counsel for NetJumper (by telephone) informed counsel for Google that the draft stipulation was acceptable, but asked to extend expert discovery by another two weeks (i.e., four weeks total). Google agreed.
- On July 19, 2006, counsel for NetJumper (by telephone) asked Google for an extra week to file its responsive claim construction brief. Together with the other terms in the draft stipulation—and a reciprocal extension for Google's reply brief—Google agreed.
- On July 20, 2006, NetJumper rescinded its agreement to the terms of Dr. Stark's deposition, claiming that it thought Dr. Stark was an expert rather than a fact witness, but suggested that if Google were to allow NetJumper to reopen fact discovery on other unspecified matters, it might permit Google leave to take Dr. Stark's deposition.[6]

There is good cause to allow Google to take Dr. Stark's deposition, and NetJumper's attempt to now condition its consent to that deposition on reopening fact discovery for other reasons is inappropriate. Dr. Stark's testimony is critical to Google's invalidity defense. Google contends that CyberPilot contains every element of every asserted claim in the patents-in-suit and therefore invalidates it by anticipation.[7] In order to further authenticate the existence, availability, functionality, operation, public use, and publication of CyberPilot and its associated documentation, and to meet its burden of proving the invalidity of the patents-in-suit by clear and convincing evidence, Google requires the testimony of Dr. Stark. Because Dr. Stark cannot attend the trial as it is presently scheduled by the Court, and through no fault of Google's, Google respectfully requests the opportunity to take Dr. Stark's deposition by September 1, 2006, and to present his deposition testimony at trial in lieu of his personal appearance.

Respectfully Submitted,

FISH & RICHARDSON P.C.

Dated: July 24, 2006

By: /s/ Jason W. Wolff
12390 El Camino Real
San Diego, CA 92130
(858) 678-5070
wolff@fr.com
*Attorneys for Google Inc.*

---

[5] Exhibit 5 (July 12, 2006 e-mail to Mr. Hamameh from counsel for Google).
[6] Exhibit 6 (July 20, 2006 e-mail to counsel for Google from Mr. Hamameh).
[7] See *Atofina v. Great Lakes Chemical Corp.*, 441 F. 3d 991, 999 (Fed. Cir. 2006).

2

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2006, I electronically filed GOOGLE'S EMERGENCY MOTION FOR LEAVE TO TAKE THE DEPOSITION OF RANDALL STARK, together with its accompanying Brief and attached Exhibits 1-6, in support, with the Clerk of the Court using the ECF system, which will send notice of such filing upon the following attorney: ANDREW KOCHANOWSKI and MICHAEL␣TOBONJAK.

Case 2:04-cv-   -RSW   Document 88-2   Filed 07/24/2006   Page 7 of

By: /s/ Jason W. Wolff

FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
(858) 678-5070
wolff@fr.com