UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NETJUMPER SOFTWARE, L.L.C.,　　　　　　　　Case No. 04-70366-CV
a Michigan limited liability corporation,　　　　　　　Hon. Julian Abele Cook
　　　　　　　　　　　　　　　　　　　　　　　Magistrate Judge R. Steven Whalen
　　　Plaintiff,

vs.

GOOGLE INC.,
a Delaware corporation,

　　　Defendant.
_____/

| | |
|---|---|
| SOMMERS SCHWARTZ, PC | DICKINSON WRIGHT, PLLC |
| Andrew Kochanowski (P55117) | Kathleen A. Lang (P34695) |
| Nabeel N. Hamameh (P60981) | L. Pahl Zinn (P57516) |
| Attorneys For Plaintiff | Attorneys For Defendant |
| 2000 Town Center, 9th Floor | 500 Woodward Ave., Ste. 4000 |
| Southfield, MI 48075 | Detroit, MI 48226 |
| (248) 355-0300 | (313) 223-3500 |
| | |
| BANIAK, PINE & GANNON | FISH & RICHARDSON P.C. |
| Michael Baniak | Howard G. Pollack |
| Co-Counsel For Plaintiff | Attorneys For Defendant |
| 150 N. Wacker Drive, Suite 1200 | 500 Arguello Street, Ste. 500 |
| Chicago, IL 60606 | Redwood City, CA 94063 |
| (312) 673-0360 | (650) 839-5070 |
| | |
| | FISH & RICHARDSON P.C. |
| | Frank E. Scherkenbach |
| | 225 Franklin Street |
| | Boston, MA 02110-2804 |
| | (617) 542-5070 |

_____/

**PLAINTIFF NETJUMPER SOFTWARE, LLC'S OPPOSITION BRIEF TO DEFENDANT GOOGLE INC.'S EMERGENCY MOTION FOR LEAVE TO TAKE THE DEPOSITION OF <u>RANDALL STARK</u>**

Plaintiff, Netjumper Software, LLC ("Netjumper"), opposes Google Inc.'s ("Google") emergency

motion to depose Randall Stark. Google has filed the instant motion seeking to take the fact

LAW OFFICES
**SOMMERS SCHWARTZ, P.C.**
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

Dockets.Justia.com

discovery deposition of Randall Stark, who is identified by Google as a fact witness and who provided a declaration in support of Google's summary judgment motion. Randall Stark is not designated as an expert. Google cites the fact that Mr. Stark is leaving to complete graduate studies in England and will be unavailable for trial as the basis for its request. There are several fundamental flaws with Google's instant motion.

First, fact discovery has long been closed—it closed on October 24, 2005. Expert discovery, on the other hand, is currently still open. Mr. Stark is identified as a fact witness. As Google points out, Google first produced documents from Mr. Stark on March 15, 2005 and identified Mr. Stark on its First Supplement Initial Disclosure on April 29, 2005. Now, more than a year later and after fact discovery has been long closed, Google seeks to take the deposition of Mr. Stark despite having been afforded the opportunity to depose Mr. Stark while fact discovery was still open. Moreover, Mr. Stark is Google's own witness. Fed.R.Civ.P. 26(b)(2) provides in pertinent part that "[t]he frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that . . .; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought." See also *First Nat'l Ban of Ariz v Cities Serv. Co.,* 391 US 253, 290-99; 88 S Ct 1575, 1593-98; 20 L Ed2d 569 (1968) ("The trial court may properly deny further discovery if the nonmoving party has had a fully adequate opportunity for discovery.") Because Google had ample opportunity to depose its own fact witness while fact discovery was open, and because Google identified Mr. Stark long before discovery cut-off, this Court should limit discovery and deny Google's request to depose Mr. Stark.

Second, Google argues that the deposition testimony of Mr. Stark is crucial to its position that the Cyber Pilot Pro software somehow invalidates the patent-at-issue. Mr. Stark, however, was not and is not an expert and Plaintiff has an expert to rebut Google's position.

LAW OFFICES
**SOMMERS SCHWARTZ, P.C.**
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

2

Moreover, Google filed a summary judgment motion on these grounds with a declaration of Mr. Stark in support thereof, and Google's motion was denied by this Court. Google's argument is simply posturing and lacks any arguable merit, so the Court should disregard or discount Google's contention that Mr. Stark's testimony is relevant to its defense.

Third, Google argues that the basis for its request is that Mr. Stark will be unavailable to testify at trial of the matter (trial is currently scheduled for February 2007), because he will be in England for a graduate program. Google wishes to use the deposition of Mr. Stark at trial in lieu of trial testimony. Google has not provided any rationale basis for its request to re-open fact discovery for the limited basis of taking the deposition of Randall Stark to preserve his testimony, and to use his deposition in lieu of trial testimony. Google's request is premature and the rationale behind this request is also flawed.

The fact that Mr. Stark will be in England will not necessarily preclude him from either returning to the country briefly for trial, or to give video and audio testimony through a video teleconference at trial or prior to trial. The flight from England to Detroit is approximately the same distance from Detroit to Bellevue, Washington where Google wishes the deposition to take place. Since Mr. Stark would be the only one traveling if he returns from England, it would be less burdensome on all the parties as opposed to having all parties and counsel travel to Bellevue, Washington. Also, no evidence exists (or, at least none was proffered by Google) to suggest that Mr. Stark may not be back in the country during trial for other reasons or that he is completely unavailable since we can still know his whereabouts in England.

Trial is currently scheduled approximately seven months away. Additional time should be allowed to lapse to determine Mr. Stark's true unavailability which will not be adequately assessed until we are closer to the trial date. Further, the February 2007 may very well end up getting adjourned again. Since most graduate programs end in May, Mr. Stark may be back in

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

the country if trial is adjourned to, say, May 2007. Alternatively, if the trial proceeds in February 2007 as scheduled, Google has not shown the imperativeness of taking Mr. Stark's deposition prior to September 1, 2006 other than the fact that he may be out of the country. Waiting until a time closer to the trial date makes the most logical, common and economical sense. Many things can happen between now and the trial date, and to have the parties flying cross-country for a deposition that may or may not be necessary is a waste of resources.

Google had ample opportunity to depose Randall Stark to preserve his testimony during the fact discovery phase, but it chose not to do so. Even if Google wishes to use the deposition of Mr. Stark in lieu of trial testimony regardless of his availability, there are no exigent circumstances requiring the taking of this particular deposition prior to September 1, 2006. Now that fact discovery has closed, Google is trying to re-open fact discovery on a limited basis to only allow for the deposition of Randall Stark because he will be out of the country. Google does not wish to re-open fact discovery and allow Netjumper to take additional depositions as well. Google's self-serving position should not be entertained by the Court. Either both parties are entitled to additional fact discovery depositions or neither is allowed additional fact discovery. Contrary to Google's position in its motion, Google's hardship arises from its own conduct, and not the Court's Scheduling Order. Google's motion is an attempt to circumvent this Court's Scheduling Order with no justifiable basis because there is no immediate need for the deposition of Randall Stark.

For the forgoing reasons, Netjumper Software respectfully requests that this Honorable Court deny Google's motion for leave to take the deposition of Randall Stark. Alternatively, if this Court is inclined to grant Google's motion, then it is respectfully requested that 1.) Randall Stark's deposition be taken on a date closer to the actual trial date instead of immediately as requested by Google in order to ascertain Mr. Stark's future availability as a trial witness, and

4

to ensure no additional adjournments of trial, and 2.) that fact discovery be equally opened to both parties and that Netjumper Software also be allowed to take additional fact discovery depositions.

Respectfully submitted,

**SOMMERS SCHWARTZ, P.C.**

s/ Nabeel N. Hamameh (P60981)
Nabeel N. Hamameh (P60981)
Attorneys for Plaintiff
2000 Town Center, Suite 900
Southfield, MI 48075
(248) 355-0300
nhamameh@sommerspc.com

Dated:  July 28, 2006

**PROOF OF SERVICE**

I certify that on July 28, 2006, I electronically filed the forgoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Jason W. Wolff; wolff@fr.com
L. Pahl Zinn; pzinn@dickinsonwright.com

s/Nabeel N. Hamameh  (P60981)
Sommers Schwartz, PC
2000 Town Center, Suite 900
Southfield, MI 48075
(248) 355-0300
nhamameh@sommerspc.com