EXHIBIT 9

Exhibit 9: Proposed Constructions for Claims 1-8 of the '172 Patent

| Term[1] | First Found at Claim | Google's Construction | NetJumper's Construction[2] |
|---|---|---|---|
| **(1) [Preambles]** "…for searching on a local computer a network of nodes with data files stored at corresponding ones of the nodes and each of the data files identifiable by a location identifier and several of the data files containing location identifiers for others of the data files…" | [1a], [5a] | The preambles are not limitations, but even if they were, there is no support for NetJumper's construction, which ignores the majority of the terms and inserts new limitations that have no relationship to the plain language of preambles.<br><br>The preamble term "searching" does not provide antecedent basis for the term "a search window" in the body. The court has already construed the term "search window" and it did not include the extra limitations NetJumper tries to insert to avoid the prior art. | The "concept of a 'search'" is required. This includes "enter[ing] keywords or terms to search the Internet," but does not cover "enter[ing] an already known URL into a small display field generated by the software."[3]<br><br>"Preamble provides antecedent basis for claim term 'search', which means 'entering keywords or terms on a local computer in order to search the Internet."[4] |
| **(2) "parsing", "parse"** | [1e], [5e] | The act of examining a string of text, breaking it into subunits, and establishing the relationships among the subunits.[5] | It either means (1) "extracting", or (2) the act of "examining the initial data file, identifying location identifiers in the initial data file, and extracting those location identifiers."[6] |

---

[1] The dispute on issues (1) and (6) concern the prior art and the validity of the '172 patent. The dispute on issues (2)-(5) (all part of the "parsing clause") concern the alleged infringement of claims 1-8 of the '172 patent.

[2] From NetJumper's Oppo. Brief, Exhibit 1, as well as NetJumper's Opposition to Google's Motion for Summary Judgment (Document No. 54), updated infringement contentions (Document No. 62, Exhibit 4), NetJumper's expert reports on liability.

[3] NetJumper's Expert Rebuttal Report of Bernard Galler, at 12 and 16. NetJumper's Opposition to Google's Motion for Summary Judgment argued that CyberPilot did not anticipate the patent because it "lack[ed] a search capability: one does not enter keywords or terms to search the Internet for, but enters an already known URL." *See* Document No. 54, at 32. The new construction notes the "small display field generated by the software." Both the claim language, and intrinsic record support for these limitations is not apparent.

[4] NetJumper Oppo. Brief, Exhibit 1.

[5] *See* Exhibit 4, Institute of Electrical and Electronic Engineers ("IEEE"), *Dictionary of Electrical and Electronic Terms* (1996), at 747; *see also* Exhibit 5 ('655 patent prosecution history), at G 351 (claim 1) and G 446-447 (response to Office action).

| | | | |
|---|---|---|---|
| **(3) "form"[7]** | [1e], [5e] | The act of forming or creating, but not storing, typically in volatile computer memory.[8] | Plain and ordinary meaning, namely, "form."[9] |
| **(4) "storing"** | [1e], [5e] | The act of persistently storing or saving, such as to a computer disk drive, for example as a file.[10] | Plain and ordinary meaning, namely "storing."[11] |
| **(5) "in response to a selection of the first icon"[12]** | [1e], [5e] | Referring to the acts of parsing, forming, and storing, they are performed in direct response to, and only if, the first icon was selected, which cannot happen until after the initial data file is retrieved and displayed.[13] | Contends that parsing is not "optional" and may be automatic; also contends that selection of the first icon does not have to happen *after* the initial data file is retrieved and displayed, in other words, it may happen before the initial data file is retrieved and displayed too. |
| **(6) "wherein said retrieving act further** | [4], [8] | This claim is performing acts in addition to the second retrieving limitation of claims 1 | Previous construction was that all members of the group are required; has |

---

[6] NetJumper Oppo. Brief, at 10.

[7] NetJumper suggests that the Court need not construe the terms "form" and "storing." Google disagrees because claim construction is an issue of law for the Court, and the two terms, as well as the others, must be differentiated and placed in their proper context as to what they would have meant to a person of ordinary skill in the art at the time of the alleged invention. *See* Google Brief, at 3 and n.9 (even "words of ordinary usage must nonetheless be construed in the context of the patent documents.") The reason for doing this is that the parties dispute that the accused technology meets these limitations, so the jury must understand what they mean to a technical person of ordinary skill so that they can be considered in view of the jury's factual findings of the accused product and prior art.

[8] *See, e.g.*, Exhibit 2 ('172 patent), at 7:15-21; see also 6:41-7:15 (describing Figure 3), 8:22-28 (describing Figure 5B), and 10:1-17 (describing Figure 8A, steps 802 and 804), Exhibit 3 ('172 patent prosecution history), at G 260. Google directly stated that this term in the parsing clause needed to be construed and explained how and why. *See* Google Brief, at 2, and 8-11.

[9] NetJumper Oppo. Brief, Exhibit 1. NetJumper has not rebutted Google's analysis.

[10] *Id.* Google directly stated that this term in the parsing clause needed to be construed and explained how and why. *See* Google Brief, at 2, and 8-11. NetJumper has not rebutted Google's analysis.

[11] NetJumper Oppo. Brief, Exhibit 1.

[12] Google's initial recitation of this limitation in Exhibit 1 inadvertently omitted the "a" before the word "selection." Just like, as Google suspects, NetJumper's recitation of this limitation in its Exhibit 1 inadvertently replaced "the" with "a" before the term "first icon." *See* NetJumper Oppo. Brief, Exhibit 1, n.4.

[13] *See* Exhibit 2, at 6:41-7:15, describing Figure 3, 7:15-21, 10:1-17, describing Figure 8A, steps 802 and 804; Exhibit 3, at G 125, G 208, G 213, and G 260-61.

Exhibit 9: Proposed Constructions for Claims 1-8 of the '172 Patent

| | | | |
|---|---|---|---|
| **comprises;** | | and 5. | also suggested, but not clarified, that there is an "automation" limitation.[14] |
| **retrieving the first data file corresponding to the one of the location identifiers in the stored initial list** | | Retrieving the first data file, which corresponds to one of the location identifiers in the <u>stored</u> initial list, the location identifiers… This step is performed after, and in response to, the step of selecting the second icon. It is also performed after the initial list of location identifiers has been stored in claims 1 and 5 (*see* parsing clause). | "Retrieving the first data file, which corresponds to one of the location identifiers selected from the group."[15] |
| **selected from a group consisting of: a next location identifier, a prior location identifier, a first location identifier and a last location identifier,** | | One member of the group is required. | One member of the group is required. |
| **together with displaying the first data file in the search window,** | | This step is performed after, and in response to, the step of selecting the second icon. This step is performed together with the retrieving step in this claim. | |
| **responsive to selection of the second icon."** | | The steps of these claims, namely retrieving and displaying, are performed in response to selection of the second icon. | Appears to dispute that the second icon must be selected before the steps of retrieving and displaying are performed.[16] |

---

[14] NetJumper's Opposition to Google's Motion for Summary Judgment (Document No. 54), at 36 and its attached Exhibit 2 (Galler Declaration), at 30-31.
[15] NetJumper Oppo. Brief, Exhibit 1.
[16] NetJumper Oppo. Brief, at 17.