**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

NET JUMPER SOFTWARE, L.L.C.
a Michigan limited liability corporation,

|  |  |
|---|---|
| Plaintiff/Counterclaim Defendant, | Civil Action No. 04-70366-CV<br>District Judge Julian Abele Cook, Jr. |
| v. | Magistrate Judge R. Steven Whalen |

GOOGLE INC.,
a Delaware corporation

        Defendant/Counterclaim
        Plaintiff.

_____

| | |
|---|---|
| Andrew Kochanowski<br>SOMMERS SHWARTZ, PC<br>2000 Town Center, Suite 900<br>Southfield, MI 48075 | Kathleen A. Lang (P34695)<br>L. Pahl Zinn (P57516)<br>DICKINSON WRIGHT PLLC<br>500 Woodward Avenue, Suite 4000<br>Detroit, MI 48226-3425<br>(313) 223-3500 |
| Michael H. Baniak<br>Gary E. Hood<br>MCDONNEL BOEHNEN HULBERT &<br>BERGHOFF, LLP<br>300 South Wacker Drive<br>Chicago, IL 60606 | Frank E. Scherkenbach<br>FISH & RICHARDSON P.C.<br>225 Franklin Street<br>Boston, MA 02110-2804 |
| *Attorneys for NetJumper Software, L.L.C.* | Howard G. Pollack<br>FISH & RICHARDSON P.C.<br>500 Arguello Street, Suite 500<br>Redwood City, CA 94063 |
| | Jason W. Wolff<br>FISH & RICHARDSON P.C.<br>12390 El Camino Real<br>San Diego, CA 92130-2081 |
| | *Attorneys for Google Inc.* |

**BRIEF IN SUPPORT OF GOOGLE'S MOTION TO STAY PENDING RESOLUTION
OF THE REEXAMINATION PROCEEDINGS BEFORE THE UNITED STATES
PATENT AND TRADEMARK OFFICE, OR IN THE ALTERNATIVE TO CONTINUE
THE TRIAL DATE TO LATE SEPTEMBER OR EARLY OCTOBER**

# STATEMENT OF THE ISSUES

1. Whether this case should be stayed pending the outcome of the reexamination of the '172 patent, which is substantially under way by the Patent Office?

    Defendant and Counterclaim Plaintiff Google Answers: Yes.

2. Whether, if a stay is not granted, the trial date should be continued by approximately nine weeks to late September or early October for the convenience of the non-party witnesses, the court, and the parties?

    Defendant and Counterclaim Plaintiff Google Answers: Yes.

## TABLE OF CONTENTS

Page

I. INTRODUCTION AND SUMMARY ..........................................................................1

II. BACKGROUND ........................................................................................................3

    A. The Status and Findings of the Reexaminations.....................................................3

III. ARGUMENT ..............................................................................................................4

    A. That Substantial New Questions of Patentability Have Been Found For All of the Asserted Claims of the '172 Patent Based On Multiple Prior Art References Not Previously Considered by the Patent Office, and That the Alleged Infringing Features of the Google Toolbar Have Been Discontinued, Both Strongly Support a Stay In This Case ...................................................................................5

        1. The Present Posture of the Case Favors a Stay..........................................6

        2. Granting a Stay Will Likely Simplify the Case ..........................................8

        3. A Stay of a Damages Trial Will Not Prejudice NetJumper - Money Damages Are More Than Adequate To Protect NetJumper's Interests ................................................................9

IV. IN THE ALTERNATIVE, GOOGLE REQUESTS THAT THE COURT CONTINUE THE TRIAL UNTIL LATE SEPTEMBER OR EARLY OCTOBER...................................................................................................11

V. CONCLUSION.........................................................................................................11

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Alltech, Inc. v. Agra-Partners, Ltd.*,
    2007 WL 3120085 at *2, No. 3:06-CV-337-R (W.D. Ky. 2007) ....................................... 8

*Bloom Eng'g Co., Inc. v. North Am. Mfg. Co., Inc.*,
    129 F.3d 1247, 1249 (Fed. Cir. 1997) ............................................................................ 7

*Donnelly Corp. v. Guardian Indus.*,
    2007 WL 3104794 at*3, No. 05-74444 (E.D. Mich. October 22, 2007) ........................... 4

*eBay Inc. v. MercExchange, L.L.C.*,
    547 U.S. 388, 391 (2006) .............................................................................................. 10

*Emhart Indus. v. Sankyo Seiki Mfg. Co., Ltd.*,
    3 U.S.P.Q.2d 1889, 1891 (N.D. Ill. 1987) ....................................................................... 7

*Eng'd Data Prod., Inc. v. GBS Corp.*,
    506 F.Supp.2d 461, 475 (D. Colo. 2007) ........................................................................ 2

*Ethicon, Inc. v. Quigg*,
    849 F.2d 1422 at 1426-27 (Fed. Cir. 1988) ................................................................. 5, 9

*Fortel Corp. v. Phone-Mate, Inc.*,
    825 F.2d 1577 (Fed. Cir. 1987) ...................................................................................... 8

*Gioello Enterprises, Ltd. v. Mattel, Inc.*,
    2001 WL 125340 at *2, No. C.A. 99-375 GMS (D. Del. Jan. 29, 2001) ......................... 10

*Gould v. Control Laser Corp.*,
    705 F.2d 1340, 1341-42 (Fed. Cir. 1983) ....................................................................... 9

*IMRA Amer. Inc. v. IPG Photonics Corp.*,
    No. 2:06-cv-15139 (E.D. Mich. April 3, 2008) ............................................................... 4

*KLA-Tencor Corp. v. Nanometrics, Inc.*,
    2006 WL 708661 at *4, No. C 05-03116 (N.D. Cal. March 16, 2006) ........................ 2, 7

*Magna Donnelly Corp. v. Pilkington North Am., Inc.*,
    2007 WL 772891 at *2, No. 4:06-CB-126 (W.D. Mich. March, 12,
    2007) ........................................................................................................................... 6, 9

*Middleton, Inc. v. Minn. Mining and Mfg. Co.*,
    2004 WL 1968669 at *3, No. 4:03-CV-40493 (S.D. Iowa Aug. 24,
    2004) ............................................................................................................................... 5

*Nanometrics, Inc. v. Nova Measuring Instruments, Ltd.*,
    2007 WL 627920 at *3, No. C 06-2252 SBA (N.D. Cal. Feb. 26, 2007) ........................ 10

# TABLE OF AUTHORITIES

**Page**

*Ralph Gonocci Revocable Living Trust v. Three M Tool & Mach. Inc.*,
    68 U.S.P.Q.2d 1755, 1757 (E.D. Mich. 2003) .................................................................. 4

*Ricoh Co., Ltd. v. Aeroflex Inc.*,
    2006 WL 3708069 at*5-6, No. C03-4669 MJJ, C-02289 MJJ (N.D.
    Cal. Dec. 14, 2006) ..................................................................................................... 6, 10

*Softview Computer Prods. Corp. v. Haworth Inc.*,
    56 U.S.P.Q.2d 1633, 1635 (S.D.N.Y. 2002) .................................................................... 5

*Viskase Corp. v. Am. Nat'l Can Co.*,
    261 F.3d 1316, 1328 (Fed. Cir. 2001) .............................................................................. 5

## Statutes

35 U.S.C. § 252 ............................................................................................................... 2, 7, 8

35 U.S.C. § 307 ............................................................................................................... 2, 7, 8

## I. INTRODUCTION AND SUMMARY

Google requests that the case be stayed pending the outcome of the reexamination of the sole remaining patent in this case, which has been undergoing reexamination for the past several months. Specifically, on August 23, 2007, Google filed a request for reexamination for the only remaining patent asserted by NetJumper in this case.[1] On October 5, 2007, the Central Reexamination Unit of the United States Patent & Trademark Office ("Patent Office") found that there exist substantial new questions of patentability as to all 18 claims of the '172 patent, though only 8 are asserted against Google. The reexamination is now nearly eight months underway with "special dispatch" considering that the patent is currently in litigation. Further action by the Patent Office is imminent and expected in the next couple months, before the presently scheduled trial. Given that motions to stay pending reexam are routine, and in view of the current posture of this case – substantial further motion practice and discovery are in the offing, and the trial date has only just been set – the case should be stayed, as doing so would save substantial time, resources, and energy of the Court, the parties, and the non-party witnesses. In addition, a stay is appropriate because:

- The Patent Office found that substantial new questions of patentability are raised by <u>nine</u> different non-cited prior art references (several, but not all, are common with the prior art raised in the litigation).

- The alleged infringing feature of the Google Toolbar has been discontinued.

- The sole potential remedy remaining for NetJumper in this case, should the claims even survive reexamination, is money damages for alleged past infringement.

Considering the high number of prior art references already found to raise substantial new questions of patentability of the '172 patent, and Patent Office statistics showing that claims subject to reexam are canceled or modified 75% of the time[2], it is particularly likely that the asserted claims in this patent will either be canceled or modified substantially. When this happens, any further litigation of the present claims, including trial, will be moot, as Google will

---

[1] U.S. Patent No. 5,890,172 (the '172 patent).

1

have intervening rights and thus no liability for alleged infringement of the earlier asserted, but invalid, claims. *See* 35 U.S.C. §§ 252, 307(b); *Eng'd Data Prod., Inc. v. GBS Corp.*, 506 F.Supp.2d 461, 475 (D. Colo. 2007) (granting intervening rights on claims that were substantively changed during reexamination). For these and the reasons that follow, Google urges that the Court stay the present litigation pending the outcome of the reexamination proceeding now well under way at the Patent Office, as it is the most efficient use of the Court's and the parties' time, resources, and energy and will not prejudice NetJumper in the least, given that the only potential remedy is damages. Even if the outcome at the Patent Office is allowance of the claims unchanged from their present form, the reexamination is likely to simplify this case for trial since some of the prior art in the reexamination is shared with Google's defenses. Cancellation of the claims, of course, would obviate a trial (and any further work in this case) altogether.

Alternatively, Google requests that the trial date be continued. The Court's order, setting trial for July 22, 2008, presents a conflict and substantial hardship for Google's third party fact witnesses and trial counsel.[3] (*See* Declaration of Jason W. Wolff ("Wolff Decl.") at ¶¶ 1-5.) Therefore, Google respectfully requests that trial be moved to a new date in late September or early October that is equally convenient for the Court, the parties, and the non-party witnesses. Further, as noted below (*see* § III.A.1), there has been no expert discovery in this case since the submission of eleven expert reports by six different experts on issues concerning liability and damages. Expert discovery was postponed primarily due to the death of NetJumper's liability expert, Bernard Galler, and pending the Court's resolution of the claim construction issues, which the Court recently decided. In short, a substantial amount of work remains in the roughly seven weeks that remain until trial, for both the parties and the Court.[4] Moving the schedule out

---

[2] *KLA-Tencor Corp. v. Nanometrics, Inc.*, 2006 WL 708661 at *4, No. C 05-03116 (N.D. Cal. March 16, 2006) (Exhibit 10).

[3] Google is available for the mediation with Magistrate Judge Whalen, which has been set for July 2, 2008.

[4] Counsel for Google, Frank Scherkenbach, and counsel for NetJumper, Andy Kochanowski, conferred on May 16, 2008 concerning the dates set by the court. At that time, Mr. Kochanowski indicated that he was not sure if the trial dates would work and would get back

an additional nine or so weeks will not have a prejudicial impact on NetJumper (*see* § III.A.3, below), which has no substantial operations and exists simply for the purpose of litigating this case.

## II.   BACKGROUND

### A.   The Status and Findings of the Reexaminations

On October 5, 2007, shortly after the Court heard argument on claim construction, the Patent Office granted Google's request for ex parte reexamination of the '172 patent. (Exhibit 1) The Patent Office confirmed that any one of a number of non-cited prior art references, alone, raised ***substantial new questions of patentability*** as to claims 1-18 of the '172 patent:

- Claims 1-8 and claims 15-18 of the '172 patent based on *any of* NetCarta Corp., "A Trip to Hawaii with CyberPilot Pro," not later than March 1, 1996 (the "CyberPilot reference"); Wood, Andre, et al., "HyperSpace: Web Browsing with Visualization," The 3rd Int'l WWW Conference, Darmstadt, Germany, April 1995 (the "Wood reference"); or U.S. Patent No. 6,035,330, "World Wide Web navigational mapping system and method," filed March 29, 1996, issued to Astiz et al. on March 7, 2000 (the "Astiz patent") *alone;*

- Claims 9-14 of the '172 patent based on *any of* the CyberPilot reference, the Wood reference, or the Astiz patent taken with *any of* Ward, Darrel, et al., "Classroom Presentation of Dynamic Events Using Hypertext," Proceedings of the 12th SIGCSE Technical Symposium on Computer Science Education, St. Louis, Missouri, 1981, ACM Press, New York, pp. 126-31 (the "Ward reference"); Newcomb, Steven et al., "The Hytime" Hypermedia/Time-based Document Structuring Language," Communications of the ACM, Vol. 34, No. 11, pp. 67-83, Nob. 1991 (the "Newcomb reference"); or HyperCard Basics Manual, Apple Computer, Inc., 1990 (the "HyperCard reference").

*Id.* Further action by the Patent Office is imminent. (Wolff Decl. at ¶ 1.)

The determination by the Patent Office's Reexamination Unit should be given consideration by the Court in this case. When it reorganized the reexamination process in July 2005, the Patent Office attempted to ensure reexaminations were conducted by teams of its best examiners. Patent Office Press Release #05-38, "USPTO Improves Process for Reviewing

---

to Google shortly. Mr. Kochanowski did not respond until May 27, when he indicated that the dates would in fact work, which is why this motion is being filed now.

Patents" (July 29, 2005)[5]. These "20 highly skilled primary examiners who have a full understanding of reexamination practice and relevant case law [were assigned to] concentrate solely on reexamination" in order to "enhance the quality and reduce the time of reexaminations" to less than two years, on average. *Id*. With this process well under way, the Court and the parties would benefit substantially from letting the Patent Office do its job.

## III. ARGUMENT

This Court recognizes that there is a "liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissuance proceedings." *Donnelly Corp. v. Guardian Indus.*, 2007 WL 3104794 at*3, No. 05-74444 (E.D. Mich. October 22, 2007, Mag. Judge Pepe) (granting stay of proceedings pending reexamination or reissuance even **before** the request for reexamination was filed with the PTO, noting doing so "will promote efficient and expeditious disposition of the claims, will conserve judicial resources, and will ensure that adjudication is informed by the expertise of the USPTO.") (Exhibit 3). Issuing a stay pending resolution of a reexamination has many potential advantages, "including the narrowing or elimination of issues, . . . the encouragement of settlement, the benefit to the court of PTO expertise, the simplicity of introducing the PTO record as evidence at trial, and the reduction of costs for both the parties and the court." *Id*. *See also IMRA Amer. Inc. v. IPG Photonics Corp.*, No. 2:06-cv-15139 (E.D. Mich. April 3, 2008) (granting motion to stay pending reexamination where the USPTO had not even yet found whether substantial new questions of patentability had been raised) (Order attached as Exhibit 4, Motion attached as Exhibit 5). In *Ralph Gonocci Revocable Living Trust v. Three M Tool & Mach. Inc.*, 68 U.S.P.Q.2d 1755 (E.D. Mich. 2003), Judge Duggan found that there are numerous advantages to granting a stay pending resolution of a reexamination, including:

1. Prior art presented to the Court will have been first considered by the USPTO, with its particular expertise.

---

[5] Available at http://www.uspto.gov/web/offices/com/speeches/05-38.htm. (Exhibit 2)

2. Many discovery problems relating to prior art can be alleviated by the USPTO examination.

3. In those cases resulting in effective invalidity of the patent, the suit will likely be dismissed.

4. The outcome of the reexamination may encourage a settlement without the further use of the Court.

5. The record of reexamination would likely be entered at trial, thereby reducing the complexity and length of the litigation.

6. Issues, defenses, and evidence will be more easily limited in pre-trial conferences after a reexamination.

7. The cost will likely be reduced for both the Court and the parties.

*Id.* at 1757; *see also Softview Computer Prods. Corp. v. Haworth Inc.*, 56 U.S.P.Q.2d 1633, 1635 (S.D.N.Y. 2002) (articulating the same advantages). This is in accordance with the general view: "[i]ndeed, `[c]ourts have routinely stayed infringement actions pending the outcome of reexamination proceeding." *Middleton, Inc. v. Minn. Mining and Mfg. Co.*, 2004 WL 1968669 at *3, No. 4:03-CV-40493 (S.D. Iowa Aug. 24, 2004) (finding "there is no question that a district court in which an infringement action has been filed has the discretion to stay the infringement action pending the outcome of the reexamination proceeding") (citations omitted) (Exhibit 6).

### A. That Substantial New Questions of Patentability Have Been Found For All of the Asserted Claims of the '172 Patent Based On Multiple Prior Art References Not Previously Considered by the Patent Office, and That the Alleged Infringing Features of the Google Toolbar Have Been Discontinued, Both Strongly Support a Stay In This Case

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422 at 1426-27 (Fed. Cir. 1988) (citations omitted). The decision of whether to grant a stay pending reexamination of a patent is within the Court's discretion. *Viskase Corp. v. Am. Nat'l Can Co.*, 261 F.3d 1316, 1328 (Fed. Cir. 2001). When considering a motion to stay pending reexamination, courts consider the following factors: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical

5

disadvantage to the non-moving party." *Magna Donnelly Corp. v. Pilkington North Am., Inc.*, 2007 WL 772891 at *2, No. 4:06-CB-126 (W.D. Mich. March, 12, 2007) (Exhibit 11).

### 1. The Present Posture of the Case Favors a Stay

The present status of the case favors granting a stay. It will not only avoid unnecessary burden and cost to the parties, but it will conserve judicial resources.

Courts have granted stays "even where discovery has been completed and even when a trial date has been scheduled or is forthcoming." *Gonocci*, 68 U.S.P.Q.2d at 1757. Here, although fact discovery has been completed, much remains to be done in this litigation. There have been no expert depositions on any of their 2006 and later expert reports at all and, in particular, no discovery regarding the following 11 expert reports submitted in this case:

- Phillip Green, expert reports on damages January 6, 2006 and September 16, 2006
- Barbara Luna, rebuttal expert reports on damages February 3, 2006 and October 20, 206
- Joel Steckel, rebuttal survey report on damages February 3, 2006
- Bernard Galler, expert report on infringement January 6, 2006
- Joseph Hardin, expert report on invalidity January 6, 2006
- Bernard Galler, rebuttal expert report on invalidity February 1, 2006
- Joseph Hardin, rebuttal expert report on infringement February 3, 2006
- Garry Kitchen, expert report on infringement August 29, 2007
- Garry Kitchen, rebuttal report on invalidity August 29, 2007

Given that the trial date was just recently set, the parties have not invested substantially in their trial preparation. This is precisely the circumstance and the stage of litigation appropriate for a stay pending reexamination. *See also Ricoh Co., Ltd. v. Aeroflex Inc.*, 2006 WL 3708069 at*5-6, No. C03-4669 MJJ, C-02289 MJJ (N.D. Cal. Dec. 14, 2006) ("Undoubtably [sic] the parties have spent considerable time and resources thus far-substantial discovery has been conducted and the parties have submitted witness lists and lengthy summary judgment motions. Yet far more time and resources remain to be spent before this matter is concluded.") (granting

stay); see *also Emhart Indus. v. Sankyo Seiki Mfg. Co., Ltd.*, 3 U.S.P.Q.2d 1889, 1891 (N.D. Ill. 1987) (granting stay despite completion of costly discovery). These factors favor granting a stay.

A stay would also avoid the chance of duplicative litigation, thus conserving judicial resources. During reexamination the Patent Office "changes some claims in approximately 64% of the cases" and "cancels all claims in approximately 12% of the cases." *KLA-Tencor Corp.* 2006 WL 708661 at *4, No. C 05-03116 (N.D. Cal. March 16, 2006) (internal quotations omitted). Thus, 75% of the reexamined patent claims are modified or canceled, a metric that "suggest that in a typical case there is a substantial probability a reexamination will have a major impact on the issues to be resolved in the litigation." *Id*. (internal quotations omitted).

Given the high likelihood that the claims will be changed or cancelled as a result of the reexamination proceeding in this case, a stay is appropriate. If the claims are cancelled, of course, any further litigation of the existing claims will have been wasted. But even if the claims are substantively changed rather than cancelled, past claim construction, infringement and invalidity analyses, as well as the work of the experts, would likely have to be redone,[6] in light of the new claims:

> [35 U.S.C.] Sections 307 and 252 shield those who deem an adversely held patent to be invalid; if the patentee later cures the infirmity by reissue or reexamination, the making of substantive changes in the claims is treated as an irrebuttable presumption that the original claims were materially flawed. Thus the statute relieves those who may have infringed the original claims from liability during the period before the claims are validated.

*Bloom Eng'g Co., Inc. v. North Am. Mfg. Co., Inc.*, 129 F.3d 1247, 1249 (Fed. Cir. 1997). Further proceedings based on any currently asserted claim not identical to whatever claim may or may not emerge from reexamination would be for naught. A stay prevents the possibility -- indeed probability -- of further proceedings, including potentially, a trial being rendered moot by the reexamination proceeding before the Patent Office.

---

[6] As noted above, there has been no expert discovery on the current reports in this case. Between them, the parties have offered reports from six experts, none of whom have been deposed on these reports. Both liability and damages reports also would likely need to be supplemented in view of the outcome of the reexamination proceeding.

Moreover, Google has removed the alleged infringing next and previous buttons from its Toolbar in all new releases of the software. NetJumper therefore cannot claim to be suffering any ongoing harm. And even as to past alleged infringement, if the claims are modified, Google will have intervening rights and no liability for alleged infringement. *See* 35 U.S.C. §§ 252, 307(b).[7] Granting a stay also avoids the Court having to consider additional issues pertaining to the pretrial motions now on schedule, reconsider its claim constructions once the USPTO has issued its Office action, and any further motions in view of this Court's claim construction and the present state of the evidence put forward by NetJumper.[8]

### 2. Granting a Stay Will Likely Simplify the Case

The reexamination proceeding will simplify the issues remaining to be tried, both by reducing the number of asserted claims and by providing the Court with the benefit of the Patent Office's expertise.

As noted above, the reexamination proceeding will likely result in the cancellation of some or all of the '172 patent's claims. If the Patent Office confirms that the asserted claims under reexamination are not patentable, further proceedings may be unnecessary. In that event, "the infringement and validity issues . . . would be resolved." *Alltech, Inc. v. Agra-Partners, Ltd.*, 2007 WL 3120085 at *2, No. 3:06-CV-337-R (W.D. Ky. 2007). Barring cancellation, the reexamination proceeding will likely narrow and clarify some or all claims through amendment. *Id.* (noting "[e]ven if the PTO does not find the entire patent invalid, the reexamination could still simplify the issues in question. If the PTO cancels any of the twenty-one claims it is examining, the infringement and validity issues that could potentially be raised concerning those claims would be resolved.").

---

[7] Substantive amendment of the claims during reexamination also precludes any past damages based on the reexamined claims. *See, e.g., Fortel Corp. v. Phone-Mate, Inc.*, 825 F.2d 1577 (Fed. Cir. 1987) (holding that any claim for damages as to acts occurring prior to issuance of a reexamination certificate are extinguished except as to claims that are confirmed without substantive change).

[8] If a stay is not granted, Google will seek leave to file an additional dispositive summary judgment motion based on the Court's recent claim construction order. This, also, would obviate the need for trial. Google has notified NetJumper of this issue, but received no written response. (Exhibit 9.)

In the event that the '172 patent's claims do survive reexamination, the PTO's expertise would assist the court and the parties in moving forward with this litigation. This Court has noted "Congress itself has recognized that an advantage of the reexamination process is that it allows the validity of the patent to be 'tested in the Patent Office where the most expert opinions exist and at a much reduced cost.'" *Magna Donnelly*, 2007 WL 772891 at *3 (citing *Ethicon*, 849 F.2d at 1426). "[C]ourts routinely have recognized the benefits to courts of having PTO expertise and experience to inform patent trial proceedings." *Id*. The potential cost savings in this case are particularly significant, given that the accused feature – which has always been made available by Google for free, as part of a Toolbar which is likewise free – is no longer available in new releases of the software, and will soon be disabled from all past versions. Google respectfully suggests that it makes no sense to have an expensive trial to resolve a dispute which is now largely moot, when a far simpler and more economic alternative in terms of both time and money is available and substantially underway.

### 3. A Stay of a Damages Trial Will Not Prejudice NetJumper - Money Damages Are More Than Adequate To Protect NetJumper's Interests

NetJumper will not suffer prejudice in the event of a stay. First, a stay will not result in a lengthy delay, especially since the "special dispatch" reexamination has already been pending nearly eight months. *See* Exhibit 8 and Wolff Decl. at ¶ 1; *see also Magna Donnelly*, 2007 WL 772891 at *2 ("Considering the USPTO has implemented a policy of concluding all reexaminations in less than 2 years, the USPTO could very well adjudicate [the patents'] 'special dispatch' reexaminations in less than a year.") "Although the stay may delay the Court's determination as to the defendant's counterclaim of invalidity ... it would not be for such a protracted or indefinite period to constitute an abuse of discretion." *See Gould v. Control Laser Corp.*, 705 F.2d 1340, 1341-42 (Fed. Cir. 1983) (noting that entry of a stay pending reexamination does not last so long as to constitute an abuse of discretion because: (1) by statute the PTO reexamination must proceed with special dispatch; and (2) stays to enable reexamination do not foreclose subsequent review on the merits by federal courts).

Second, NetJumper never sought injunctive relief, nor could it obtain it in the wake of the substantial change in the law that has occurred while this case was pending. *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006) (reciting four pronged test) and 396-397 (Kennedy, concurring) (suggesting that granting an injunction to a non-practicing entity is not in the public interest). In any event, the alleged infringing product is no longer made by Google so there is no longer a question of potential injunctive relief.

Third, any potential money damages would be a sufficient remedy -- especially given that NetJumper does not practice the '172 patent, has no substantial operations, and exists merely to keep this lawsuit alive. (*See* Exhibit 7.) Should the Patent Office ultimately uphold the validity of the asserted claims unchanged from their present form (which is highly unlikely), NetJumper would be entitled to seek monetary damages, including prejudgment interest, for the entire past period of any infringement. Since NetJumper has no business to protect and does not seek lost profits, this potential damage award would sufficiently protect NetJumper from suffering any undue prejudice or tactical disadvantage. *See, e.g., Ricoh*, 2006 WL 3708069, at *3 ("Moreover, Ricoh has indicated that it is not seeking lost profits, but instead is seeking reasonable royalty damages. As a result, the Court finds that a stay would not significantly prejudice Ricoh's potential remedies."). The availability of a wholly adequate remedy at law disposes of any notion that NetJumper will suffer prejudice if a stay is granted. *See, e.g., Nanometrics, Inc. v. Nova Measuring Instruments, Ltd.*, 2007 WL 627920 at *3, No. C 06-2252 SBA (N.D. Cal. Feb. 26, 2007 ("Assuming the PTO does not cancel or substantively change the [patent-in-suit], [patentee's] potential recovery of damages will not be affected by the re-examination proceeding. [Patentee] will be able to recover for any infringement that occurs prior to" the patent's expiration) (internal citations omitted). Courts routinely find that "money damages is an adequate remedy for any delay in redress" where the patentee was not "selling or actively licensing goods or services related to" the patent-in-suit. *Gioello Enterprises, Ltd. v. Mattel, Inc.*, 2001 WL 125340 at *2, No. C.A. 99-375 GMS (D. Del. Jan. 29, 2001) (granting motion for stay pending reexamination).

All of the factors favor granting a stay pending the reexamination proceeding.

## IV. IN THE ALTERNATIVE, GOOGLE REQUESTS THAT THE COURT CONTINUE THE TRIAL UNTIL LATE SEPTEMBER OR EARLY OCTOBER

Alternatively, Google requests that the trial date be reset to a date in late September or early October. The Court's order setting trial for July 22, 2008, particularly presents a hardship for Google and its third party expert and fact witnesses:

- Google's third party expert on noninfringement and invalidity, Joseph Hardin, who is a professor at the University of Michigan and not a professional expert witness is presently out of the country and has several other commitments between now and the scheduled trial date, which substantially interfere with his ability to prepare for those commitments and the pre-trial and trial work that is in the offing. (*See* Wolff Decl. at ¶ 2.)

- Third party prior art witness Edward Mendelsohn is on vacation from June 13 through late August, which would interfere with Google's ability to have him explain the prior art he is knowledgeable about. (*Id*. at ¶ 3.a.)

- Third party prior art witness Randall Stark is presently residing in England and plans to attend a conference in Toronto around the time of the trial, which would interfere with Google's ability to put him on as a witness in person at trial. (*Id*. at ¶ 3.b.)

- Third party prior art witness Russell Beale, who resides in England, is presently on sabbatical and has not yet been located to determine his availability. (*Id*. at 3.c.)

Furthermore, as is noted above, there has been no expert discovery in this case since the submission of eleven expert reports by six different experts on issues concerning liability and damages. (*See* § III.A.1, above.) In short, a substantial amount of work remains in seven weeks that remain between now and trial. Moving the schedule out an additional nine or so weeks will not have a prejudicial impact on NetJumper, which has no substantial operations and exists simply for the purpose of litigating this case. (*See* § III.A.3, above.) Nor will NetJumper be harmed by the allegedly infringing, and now discontinued, feature of the Google Toolbar in the few short weeks that the continuance of the trial date is requested, should a stay not be granted.

## V. CONCLUSION

For the reasons set forth above, Google respectfully requests that the Court stay this case until reexamination proceeding have concluded, or alternatively continue to trial date until late

11

September or early October, at a time mutually agreeable to the Court, parties, and third party witnesses.

Dated: May 28, 2008

Respectfully submitted,

FISH & RICHARDSON P.C.


By: /s/ Jason W. Wolff
12390 El Camino Real
San Diego, CA 92130
(858) 678-5070
wolff@fr.com

Attorneys for Defendant/Counterclaim Plaintiff
GOOGLE INC.

## CERTIFICATE OF SERVICE

I hereby certify that on May 28, 2008, I electronically filed this BRIEF IN SUPPORT OF GOOGLE'S MOTION TO STAY PENDING RESOLUTION OF THE REEXAMINATION PROCEEDINGS BEFORE THE UNITED STATES PATENT AND TRADEMARK OFFICE, OR IN THE ALTERNATIVE TO CONTINUE THE TRIAL DATE TO LATE SEPTEMBER OR EARLY OCTOBER, together with its supporting Declaration and Exhibits, with the Clerk of the Court using the ECF system, which will send notice of such filing upon the following attorneys: ANDREW KOCHANOWSKI and MICHAEL H. BANIAK.

    By: /s/ Jason W. Wolff
    FISH & RICHARDSON P.C.
    12390 El Camino Real
    San Diego, CA 92130
    (858) 678-5070
    wolff@fr.com