# Exhibit 1



UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

10/5/07

THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS

FISH & RICHARDSON P.C.

P.O. BOX 1022

MINNEAPOLIS, MN 55440-1022

# *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO 90/010014

PATENT NO. 5,890,172

ART UNI 3992

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified ex parte reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a replly has passed, no submission on behalf of the ex parte reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

| Order Granting / Denying Request For Ex Parte Reexamination | Control No. | Patent Under Reexamination |
|---|---|---|
| | 90/010,014 | 5,890,172 |
| | Examiner | Art Unit |
| | Majid A. Banankhah | 3992 |

**--The MAILING DATE of this communication appears on the cover sheet with the correspondence address--**

The request for *ex parte* reexamination filed <u>23 August 2007</u> has been considered and a determination has been made. An identification of the claims, the references relied upon, and the rationale supporting the determination are attached.

Attachments: a)☐ PTO-892, b)☒ PTO/SB/08, c)☐ Other: _____

1. ☒ The request for *ex parte* reexamination is GRANTED.

    RESPONSE TIMES ARE SET AS FOLLOWS:

    For Patent Owner's Statement (Optional): TWO MONTHS from the mailing date of this communication (37 CFR 1.530 (b)). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

    For Requester's Reply (optional): TWO MONTHS from the **date of service** of any timely filed Patent Owner's Statement (37 CFR 1.535). **NO EXTENSION OF THIS TIME PERIOD IS PERMITTED.** If Patent Owner does not file a timely statement under 37 CFR 1.530(b), then no reply by requester is permitted.

2. ☐ The request for *ex parte* reexamination is DENIED.

    This decision is not appealable (35 U.S.C. 303(c)). Requester may seek review by petition to the Commissioner under 37 CFR 1.181 within ONE MONTH from the mailing date of this communication (37 CFR 1.515(c)). **EXTENSION OF TIME TO FILE SUCH A PETITION UNDER 37 CFR 1.181 ARE AVAILABLE ONLY BY PETITION TO SUSPEND OR WAIVE THE REGULATIONS UNDER 37 CFR 1.183.**

    In due course, a refund under 37 CFR 1.26 ( c ) will be made to requester:

    a) ☐ by Treasury check or,

    b) ☐ by credit to Deposit Account No. _____, or

    c) ☐ by credit to a credit card account, unless otherwise notified (35 U.S.C. 303(c)).

cc:Requester ( if third party requester )
U S Patent and Trademark Office
PTOL-471 (Rev. 08-06)      Office Action in *Ex Parte* Reexamination      Part of Paper No. 20071003

## DECISION GRANTING EX PARTE REEXAMINATION

1. A substantial new question of patentability affecting claims all claims 1-18 United States Patent number 5,890,172 is raised by the request for *ex parte* reexamination.

2. The '172 patent is currently assigned to TENRETNI DYNAMICS, INC of SOUTHFIELD, MICHIGAN. The '172 Patent issued on March 30, 1999 to Borman et al. from application Serial No. 08/727,085 ("the '085 Application"), which was filed on Oct. 8, 1996. The '172 patent claim no earlier priority filing date.

### References that Raise SNQ

3. In the request for reexamination, the third part requester alleges that '172 patent claims 1-18 are anticipated or rendered obvious in light of the following references:

   I. NetCarta Corp., "A Trip to Hawaii with CyberPilot Pro," not later than March I, 1996 (the "CyberPilot reference," Request, App. C- 1)

   II. Isakowich, Tomas, et al., "RMM: A Methodology for Structured Hypermedia Design," Communications of the ACM, Vol. 38, No. 8, pp. 34-44, Aug. 1995. (the "Isakowich reference," Request, App. D)

   III. Wood, Andrew, et al., "HyperSpace: Web Browsing with Visualization," The 3rd Int'l WWW Conference, Darmstadt, Germany, April 1995 (the "Wood I reference," Request, App. E- 1)

   IV. Hendley, Robert, et al., "Narcissus: Visualising Information," Proceedings of the 1995 IEEE Symposium on Visualization, Atlanta, Georgia, October 30-31, 1995, IEEE Computer Society Press, Washington D.C., pp. 90-96 (the "Wood II reference," Request, App. E-2)

   V. Wood, Andrew, et al., "HyperSpace: A World-Wide Web Visualiser and its Implications for Collaborative Browsing and Software Agents," submitted to HCI'95, UK (the "Wood III reference," Request, App. E-3), cited in the Wood I reference

   VI. Ward, Darrell, et al., "Classroom Presentation of Dynamic Events Using Hypertext," Proceedings of the 12th SIGCSE Technical Symposium on

      Computer Science Education, St. Louis, Missouri, 1981, ACM Press, New York, pp. 126- 31 (the "Ward reference," Request, App. F)

VII.    Newcomb, Steven et al., "The "Hytime" Hypermedia/Time-based Document Structuring Language," Communications of the ACM, Vol. 34, No. 11, pp. 67-83, Nov. 1991 (the "Newcomb reference," Request, App. G)

VIII.    HyperCard Basics Manual, Apple Computer, Inc., 1990 (the "HyperCard reference," Request, App. H)

IX.    U.S. Patent No. 6,035,330, "World Wide Web navigational mapping system and method," filed March 29, 1996, issued to Astiz et al. on March 7, 2000 (the "Astiz patent," Request, App. I)

The aforementioned newly cited references were not considered or applied in rejecting any claim by the Examiner during the prosecution of the '085 application and are not cumulative to the art of record in the original file.

### Substantial New Question of Patentability

4.    A prior art patent or printed publication raises a substantial new question of patentability where there is:

(A)    a substantial likelihood that a reasonable Examiner would consider the prior art patent or printed publication **important** in deciding whether or not the claim is patentable, MPEP §2242 (I) and,

(B)    the same question of patentability as to the claim has not been decided in a previous or pending proceeding or in a final holding of invalidity by a federal court. See MPEP §2242 (III).

A discussion of the specifics now follows:

5. It is agreed that the consideration of CyberPilot reference alone raises a substantial new question of patentability as to claims 1-8, and 15-18 of the Borman '172 patent. Request page 9, section V. (A.), through page 17, the first paragraph after the chart for claims 17-18, are hereby incorporated by reference from the request for reexamination for their explanation of the teaching provided in CyberPilot reference that was not present in the prosecution of the application which became the Borman '172 patent. Further, there is a substantial likelihood that a reasonable examiner would consider this teaching important in deciding whether or not the claims are patentable. Accordingly, the CyberPilot reference raises a substantial new question of patentability as to claims 1-8, and 15-18, which question has not been decided in a previous examination of the Borman '172 patent.

6. It is agreed that the consideration of CyberPilot reference taken with the Ward, the Newman Comb, or the HyperCardred references raises a substantial new question of patentability as to claims 9-14 of the Borman '172 patent. Request page 22, section V.(B.), through the end of chart for claims 12-14 on page 27, are hereby incorporated by reference from the request for reexamination for their explanation of the teaching provided in CyberPilot, the Ward, the Newman Comb, and the HyperCardred references that was not present in the prosecution of the application which became the Borman '172 patent. Further, there is a substantial likelihood that a reasonable examiner would consider these teachings important in deciding whether or not the claims are patentable. Accordingly, the CyberPilot, the Ward, the Newman Comb, and the HyperCardred references raises a substantial new question of patentability as to claims 9-14, which question has not been decided in a previous examination of the Borman '172 patent.

7. It is agreed that the consideration of Astize reference alone raises a substantial new question of patentability as to claims 1-8, and 15-18 of the Borman '172 patent.

Request page 27, section V. (C.), through page 33, the first paragraph, are hereby incorporated by reference from the request for reexamination for their explanation of the teaching provided in Astize reference that was not present in the prosecution of the application which became the Borman '172 patent. Further, there is a substantial likelihood that a reasonable examiner would consider this teaching important in deciding whether or not the claims are patentable. Accordingly, the Astize reference alone raises a substantial new question of patentability as to claims 1-8, and 15-18, which question has not been decided in a previous examination of the Borman '172 patent.

8. It is agreed that the consideration of Astize reference taken with the Ward, the Newman Comb, or the HyperCardred references raises a substantial new question of patentability as to claims 9-14 of the Borman '172 patent. Request page 33, section V.(D.), through page 38, are hereby incorporated by reference from the request for reexamination for their explanation of the teaching provided in Astize, the Ward, the Newman Comb, and the HyperCardred references that was not present in the prosecution of the application which became the Borman '172 patent. Further, there is a substantial likelihood that a reasonable examiner would consider these teachings important in deciding whether or not the claims are patentable. Accordingly, the Astize, the Ward, the Newman Comb, and the HyperCardred references raises a substantial new question of patentability as to claims 9-14, which question has not been decided in a previous examination of the Borman '172 patent.

9. It is agreed that the consideration of "Wood I" reference alone raises a substantial new question of patentability as to claims 1-8, and 15-18 of the Borman '172 patent. Request page 39, section V. (E.), through page 44, the second paragraph, are hereby incorporated by reference from the request for reexamination for their explanation of the teaching provided in "Wood I" reference that was not present in the

prosecution of the application which became the Borman '172 patent. Further, there is a substantial likelihood that a reasonable examiner would consider this teaching important in deciding whether or not the claims are patentable. Accordingly, the "Wood I" reference alone raises a substantial new question of patentability as to claims 1-8, and 15-18, which question has not been decided in a previous examination of the Borman '172 patent.

10. It is agreed that the consideration of "Wood I" reference taken with the Ward, the Newman Comb, or the HyperCardred references raises a substantial new question of patentability as to claims 9-14 of the Borman '172 patent. Request page 44, section V.(F.), through page 49, end of claim chart for claims 12-14, are hereby incorporated by reference from the request for reexamination for their explanation of the teaching provided in "Wood I", the Ward, the Newman Comb, and the HyperCardred references that was not present in the prosecution of the application which became the Borman '172 patent. Further, there is a substantial likelihood that a reasonable examiner would consider these teachings important in deciding whether or not the claims are patentable. Accordingly, the "Wood I", the Ward, the Newman Comb, and the HyperCardred references raises a substantial new question of patentability as to claims 9-14, which question has not been decided in a previous examination of the Borman '172 patent.

## Conclusion

11. Extensions of time under 37 C.F.R §1.136(a) will not be permitted in this proceeding because the provisions of 37 C.F.R. §1.136 apply only to "an Applicant" and not to parties in a reexamination proceeding. Additionally, 35 U.S.C. §305 requires that *ex parte* reexamination proceedings "will be conducted with <u>special dispatch</u>" (37 C.F.R.

§1.550(a)). Extensions of time in *ex parte* reexamination proceedings are provided for in 37 C.F.R. §1.550(c).

12.    The Patent Owner is reminded of the continuing responsibility under 37 C.F.R. § 1.565(a) to apprise the Office of any litigation activity, or other prior or concurrent proceeding, involving Patent number 5,890,172 throughout the course of this reexamination proceeding. The third party requester is also reminded of the ability to similarly apprise the Office of any such activity or proceeding throughout the course of this reexamination proceeding. See MPEP §§ 2207, 2282 and 2286.

# NOTICE RE PATENT OWNER'S CORRESPONDENCE ADDRESS

Effective May 16, 2007, 37 CFR 1.33(c) has been revised to provide that:

The patent owner's correspondence address for all communications in an *ex parte* reexamination or an *inter partes* reexamination is designated as the correspondence address of the patent.

> *Revisions and Technical Corrections Affecting Requirements for Ex Parte and Inter Partes Reexamination*, 72 FR 18892 (April 16, 2007)(Final Rule)

**The correspondence address for any pending reexamination proceeding not having the same correspondence address as that of the patent is, by way of this revision to 37 CFR 1.33(c), automatically changed to that of the patent file as of the effective date.**

This change is effective for any reexamination proceeding which is pending before the Office as of May 16, 2007, including the present reexamination proceeding, and to any reexamination proceeding which is filed after that date.

Parties are to take this change into account when filing papers, and direct communications accordingly.

In the event the patent owner's correspondence address listed in the papers (record) for the present proceeding is different from the correspondence address of the patent, it is strongly encouraged that the patent owner affirmatively file a Notification of Change of Correspondence Address in the reexamination proceeding and/or the patent (depending on which address patent owner desires), to conform the address of the proceeding with that of the patent and to clarify the record as to which address should be used for correspondence.

Telephone Numbers for reexamination inquiries:

| | |
|---|---|
| Reexamination and Amendment Practice | (571) 272-7703 |
| Central Reexam Unit (CRU) | (571) 272-7705 |
| Reexamination Facsimile Transmission No. | (571) 273-9900 |

### How to Communicate with the USPTO

ALL correspondence relating to this *ex parte* reexamination proceeding should be directed as follows:

**Please mail any communications to:**

Attn: Mail Stop "Ex Parte Reexam"
Central Reexamination Unit
Commissioner for Patents
P. O. Box 1450
Alexandria VA 22313-1450

**Please FAX any communications to:**

(571) 273-9900
Central Reexamination Unit

**Please hand-deliver any communications to:**

Customer Service Window
Attn: Central Reexamination Unit
Randolph Building, Lobby Level
401 Dulany Street
Alexandria, VA 22314

Any inquiry concerning this communication or earlier communications from the Reexamination Legal Advisor or Examiner, or as to the status of this proceeding, should be directed to the Central Reexamination Unit at telephone number (571) 272-7705.

Signed:
MAJID A. BANANKHAH
CRU EXAMINER-AU 3992

Majid A. Banankhah
CRU Examiner
GAU 3992
(571) 272-3770

Conferee: Ovidio Escalante

Conferee:

Sheet 1 of 1

| Substitute Form PTO-1449 (Modified) | U.S. Department of Commerce Patent and Trademark Office | Attorney's Docket No. 21238-001RX1 | Application No. |
|---|---|---|---|
| Information Disclosure Statement by Applicant (Use several sheets if necessary) (37 CFR §1.98(b)) | | Applicant | |
| | | Filing Date | Group Art Unit |

## U.S. Patent Documents

| Examiner Initial | Desig. ID | Document Number | Publication Date | Patentee | Class | Subclass | Filing Date If Appropriate |
|---|---|---|---|---|---|---|---|
| | AA | | | | | | |
| | AB | | | | | | |
| | AC | | | | | | |
| | AD | | | | | | |
| | AE | | | | | | |
| | AF | | | | | | |

## Foreign Patent Documents or Published Foreign Patent Applications

| Examiner Initial | Desig. ID | Document Number | Publication Date | Country or Patent Office | Class | Subclass | Translation Yes | No |
|---|---|---|---|---|---|---|---|---|
| | AG | | | | | | | |
| | AH | | | | | | | |

## Other Documents (include Author, Title, Date, and Place of Publication)

| Examiner Initial | Desig. ID | Document |
|---|---|---|
| MB | AI | NetCarta Corp., "A Trip to Hawaii with CyberPilot Pro," not later than March 1, 1996 (the "CyberPilot reference") |
| MB | AJ | Isakowich, Tomas, et al., "RMM: A Methodology for Structured Hypermedia Design," Communications of the ACM, Vol. 38, No. 8, pp. 34-44, Aug. 1995 |
| MB | AK | Wood, Andrew, et al., "HyperSpace: Web Browsing with Visualization," The 3rd Int'l WWW Conference, Darmstadt, Germany, April 1995 |
| MB | AL | Hendley, Robert, et al., "Narcissus: Visualising Information," Proceedings of the 1995 IEEE Symposium on Visualization, Atlanta, Georgia, October 30-31, 1995, IEEE Computer Society Press, Washington D.C., pp. 90-96 |
| MB | AM | Wood, Andrew, et al., "HyperSpace: A World-Wide Web Visualiser and its Implications for Collaborative Browsing and Software Agents," submitted to HCI'95, UK |
| MB | AN | Ward, Darrell L. and Tom C. Irby, "Classroom Presentation of Dynamic Events Using Hypertext," Proceedings of the 12th SIGCSE Technical Symposium on Computer Science Education, St. Louis, Missouri, 1981, ACM Press, New York, pp. 126-131 |
| MB | AO | Newcomb, Steven et al., "The "Hytime" Hypermedia/Time-based Document Structuring Language," Communications of the ACM, Vol. 34, No. 11, pp. 67-83, Nov. 1991 |
| MB | AP | HyperCard Basics Manual, Apple Computer, Inc., 1990 |
| MB | AQ | U.S. Patent No. 6,035,330, "World Wide Web navigational mapping system and method," filed March 29, 1996, issued to Astiz et al. on March 7, 2000 |

| Examiner Signature | Date Considered |
|---|---|
| | 9/4/07 |

EXAMINER: Initials citation considered. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

Substitute Disclosure Form (PTO-1449)