# Exhibit 5

Dockets.Justia.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

IMRA AMERICA, INC., a Michigan
corporation,

                   Plaintiff,

     v.

IPG PHOTONICS CORPORATION, a
Delaware corporation

                   Defendant.

Case No. :  2:06-cv-15139

Judge: Hon. Anna Diggs Taylor
Magistrate: Hon. Mona K. Majzoub

---

Edward H. Pappas (P23224)
epappas@dickinson-wright.com
Robert L. Kelly (P34412)
rkelly@dickinson-wright.com
J. Benjamin Dolan (P47839)
bdolan@dickinson-wright.com
Dickinson Wright PLLC
38525 Woodward Avenue, Suite 2000
Bloomfield Hills, MI 48304-2970
Telephone:  (248) 433-7200
Facsimile:  (248) 433-7274

Craig S. Summers
craig.summers@kmob.com
Amy C. Chun
amy.chun@kmob.com
Knobbe, Martens. Olson & Bear, LLP
2040 Main Street, 14th Floor
Irvine, CA 92614
Telephone:  (949) 760-0404
Facsimile:  (949) 760-9502

Attorneys for Plaintiff
IMRA AMERICA, INC.

Barbara L. Mandell (P36437)
Dykema Gossett PLLC
39577 Woodward Avenue Suite 300
Bloomfield Hills, MI 48304
Telephone:  (248) 203-0570
Facsimile:  (248) 203-0763
bmandell@dykema.com

Kurt L. Glitzenstein
Fish & Richardson P.C.
225 Franklin Street
Boston, MA 02110
Telephone: 617-542-5070
Facsimile: 617-542-8906
glitzenstein@fr.com

Attorneys for Defendant
IPG PHOTONICS CORPORATION

---

## DEFENDANT IPG PHOTONICS CORPORATION'S MOTION TO STAY THE LITIGATION PENDING REEXAMINATION

For the reasons set forth in the accompanying Memorandum, Defendant IPG Photonics Corporation ("IPG") respectfully moves the Court to stay this litigation pending the reexamination of United States Patent No. 5,818,630 by the United States Patent & Trademark Office. Pursuant to Local Rule 7.1, IPG certifies that there was a conference between counsel for the parties in which IPG explained the nature of its motion but did not obtain concurrence in the relief sought.

Dated:  December 21, 2007

/s/ Kurt L. Glitzenstein
Barbara L. Mandell (P36437)
Dykema Gossett  PLLC
39577 Woodward Avenue - Suite 300
Bloomfield Hills, MI 48304
Telephone: 248-203-0570
Facsimile: 248-203-0763
bmandell@dykema.com

Kurt L. Glitzenstein
Fish & Richardson P.C.
225 Franklin Street
Boston, MA 02110
Telephone: 617-542-5070
Facsimile: 617-542-8906
glitzenstein@fr.com

Attorneys for Defendant
IPG PHOTONICS CORPORATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IMRA AMERICA, INC., a Michigan
corporation,

                     Plaintiff,

     v.

IPG PHOTONICS CORPORATION, a
Delaware corporation

                 Defendant.

Case No. :  2:06-cv-15139

Judge: Hon. Anna Diggs Taylor
Magistrate: Hon. Mona K. Majzoub

Edward H. Pappas (P23224)
epappas@dickinson-wright.com
Robert L. Kelly (P34412)
rkelly@dickinson-wright.com
J. Benjamin Dolan (P47839)
bdolan@dickinson-wright.com
Dickinson Wright PLLC
38525 Woodward Avenue, Suite 2000
Bloomfield Hills, MI 48304-2970
Telephone:  (248) 433-7200
Facsimile:  (248) 433-7274

Craig S. Summers
craig.summers@kmob.com
Amy C. Chun
amy.chun@kmob.com
Knobbe, Martens. Olson & Bear, LLP
2040 Main Street, 14th Floor
Irvine, CA 92614
Telephone:  (949) 760-0404
Facsimile:  (949) 760-9502

Attorneys for Plaintiff
IMRA AMERICA, INC.

Barbara L. Mandell (P36437)
Dykema Gossett PLLC
39577 Woodward Avenue Suite 300
Bloomfield Hills, MI 48304
Telephone:  (248) 203-0570
Facsimile:  (248) 203-0763
bmandell@dykema.com

Kurt L. Glitzenstein
Fish & Richardson P.C.
225 Franklin Street
Boston, MA 02110
Telephone: 617-542-5070
Facsimile: 617-542-8906
glitzenstein@fr.com

Attorneys for Defendant
IPG PHOTONICS CORPORATION

**DEFENDANT IPG PHOTONICS CORPORATION'S MEMORANDUM IN SUPPORT
OF ITS MOTION TO STAY THE LITIGATION PENDING REEXAMINATION**

## STATEMENT OF THE ISSUES PRESENTED

Should this litigation be stayed pending the United States Patent and Trademark Office's reexamination of the patent-in-suit?

Defendant IPG Photonics Corporation's Answer:  YES.

STATEMENT OF CONTROLLING OR MOST APPROPRIATE AUTHORITY

*Ethicon, Inc. v. Quigg*, 849 F.2d 1422 (Fed. Cir. 1988)

*Donnelly Corp. v. Guardian Indus. Corp.*, 2007 WL 3104794 (E.D. Mich. Oct. 22, 2007)

*Ralph Gonnocci Revocable Living Trust v. Three M Tool & Machine Inc.*, 68 U.S.P.Q.2d 1755 (E.D. Mich. 2003)

Defendant IPG Photonics Corporation ("IPG") respectfully requests that the Court stay this lawsuit pending reexamination of the patent-in-suit by the United States Patent and Trademark Office ("USPTO").

## I.    INTRODUCTION

Today, December 21, 2007, IPG filed an *ex-parte* reexamination request with the USPTO, seeking reexamination of IMRA's U.S. Patent No. 5,818,630 ("the '630 patent" or "the patent-in-suit"). Reexamination is a statutory procedure in which the USPTO reevaluates the patentability of a patent based on specific public domain prior art patents and publications that raise a substantial new question of patentability. The USPTO routinely grants reexamination requests, finding 91% of the time that the information presented in a request presents a substantial new question of patentability. After a reexamination request is granted, over 70% of the time the reexamined claims are either invalidated or modified during the reexamination procedure. Thus, it is highly likely that IPG's reexamination request will be granted, and will result in either elimination or narrowing of the claims, in addition to requiring IMRA to take a position on why its claims are patentable.

By the present motion, IPG seeks to stay this litigation until the USPTO completes reexamination of the patent-in-suit. Many courts, including in this District, have a "liberal policy" of granting such stay requests, recognizing that staying litigation pending reexamination of a patent's invalidity is the prudent course of action, as it prevents wasting judicial resources litigating a patent that will likely change in scope, or be invalidated, during the reexamination.

This case is also ripe for stay given that it is still in a relatively early stage. Only last week did IMRA finally define the full scope of the case, in terms of identifying the full set of claims and accused products at issue. Although IPG served IMRA today with its expert report

1

on invalidity, IMRA disclosed earlier today that it would not provide its expert report on the infringement issues, despite its obligation to do so pursuant to the deadline set in the scheduling stipulation filed just two weeks ago. Rather, IMRA wants to further delay making this critical threshold disclosure by another seven weeks, until February 8, 2008. There have been no motions of any kind filed, including on issues of claim construction and summary judgment. No depositions have been taken; indeed, although IPG has noticed several, IMRA has not yet noticed even a single deposition.

By staying the case now, the parties will be saved the expense and burden of any further discovery and litigation regarding a patent that is highly unlikely to survive reexamination. To the extent anything does emerge, the stay will avoid the expense and burden of duplicating such efforts to take account of any modifications or cancellations of claims, or any arguments made by IMRA, during the reexamination.

## II.    **BACKGROUND**

IMRA filed this suit on November 16, 2006, alleging generally that IPG willfully infringed the '630 patent. (IMRA's Complaint, Dkt. 1.) However, IMRA's complaint did not specify the asserted claims, or clearly identify the accused products. IMRA filed an amended complaint on December 22, 2006, but still failed to clarify these core issues. (IMRA's First Amended Complaint, Dkt. 4.) In its answer to IMRA's amended complaint, IPG raised the affirmative defense, *inter alia*, that the '630 patent is invalid. (IPG's Answer, Affirmative Defenses, and Counterclaims, Dkt. 6 at ¶ 23.) IPG also filed a counterclaim seeking, *inter alia*, a declaratory judgment of invalidity. (*Id.* at ¶¶ 45-48.)

In interrogatories served on March 19, 2007, IPG sought specific identification of the asserted claims of the '630 patent, and the accused products. (Declaration of Michael S. Forman

2

("Forman Decl."), Ex. 1.) IMRA's response on April 18, 2007 alleged that one specific IPG product (the YLR-200-SM) infringes claims 1 and 46-48 of the '630 patent. (Forman Decl., Ex. 2.) IMRA also purported to provide infringement contentions by including a claim chart allegedly comparing this product to the asserted claims. However, the chart was substance-free, in that it merely parroted the claim limitations and made conclusory assertions that each was present in the accused product. (*Id.* at 5-7.)

Over seven months later, IMRA greatly expanded the scope of the case. In a supplemental interrogatory served on November 21, 2007, IMRA expanded its allegations to include twenty claims, and thirty categories of accused products.[1] (Forman Decl., Ex. 3.)

Based largely on this significant expansion of the case, which greatly increased both the scope of fact discovery and the range of issues to be considered by the experts, IPG and IMRA agreed to jointly seek an extension to the discovery cut-off. (Dkt. 22.) As part of this, the parties stipulated that opening expert reports would be exchanged on December 21, 2007, and rebuttal expert reports on January 25, 2008. (*Id.*) The Court granted the extension, and reset the discovery cut-off to February 15, 2008. (Dkt. 23.)

Although IPG believed that the full scope of the case had finally been defined, it had not. Just last week, on December 11, 2007, ten days before the newly reset deadline to exchange opening expert reports, IMRA expanded the case yet again, adding four new claims and additional accused products. (Forman Decl., Ex. 4.)[2]

Counsel for the parties recently (and repeatedly) conferred regarding the case schedule in light of IMRA's expansion of the number of asserted claims and accused products. IMRA

---

[1] In late October, IMRA suggested to IPG that it would assert these twenty claims (Forman Decl., Ex. 6), but nonetheless waited until November 21st to supplement its interrogatory responses.

proposed extending the due dates for certain events, including further delaying the deadline for exchanging both parties' opening expert reports by another *seven* weeks, to February 8, 2008, but refused to seek any extension of the trial date or other key pretrial events.

Today, December 21, 2007, IPG filed an *ex parte* reexamination request with the USPTO. This reexamination request identifies multiple pieces of public domain prior art, each and every one of which IPG contends raises a substantial new question of patentability for all twenty-four asserted claims of the '630 patent. A copy of IPG's reexamination request is included as Ex. 5 to the Forman Declaration.

## III.    ARGUMENT

### A.  Legal Standards

#### 1.  Reexamination by the USPTO

Reexamination is a statutory procedure by which the USPTO reopens patent prosecution to reevaluate the patentability of a patent based on specific prior art patents and publications that raise a substantial new question of patentability. *See* 35 U.S.C. § 302 (2007) ("Any person at any time may file a request for reexamination by the Office of any claim of a patent on the basis of any prior art cited under the provisions of section 301 of this title."). Within three months of the request, the USPTO must determine "whether a substantial new question of patentability affecting any claim of the patent concerned is raised by the request, with or without consideration of other patents or printed publications." 35 U.S.C. § 303(a) (2007). "If a substantial new question of patentability exists, the PTO must issue an order for reexamination." *Ralph Gonnocci Revocable Living Trust v. Three M Tool & Machine Inc.*, 68 U.S.P.Q.2d 1755, 1756 (E.D. Mich. 2003). The USPTO orders a reexamination for 91% of requests submitted.

---

[2] Exhibit 4 is a letter marked "Attorneys' Eyes Only." IMRA has confirmed that letter was inadvertently designated

*See Tse v. Apple Inc.*, 2007 WL 2904279, at *3 (N.D. Cal. Oct. 4, 2007).

"Ultimately, the reexamination procedure will result in an order either cancelling [*sic*] the patent, confirming the patent, or amending the patent." *Gonnocci*, 68 U.S.P.Q.2d at 1756. "The intent of Congress in establishing the reexamination procedure was to provide an inexpensive and rapid resolution that would provide the federal courts with the expertise of the USPTO in resolving patent claims." *Donnelly Corp. v. Guardian Indus. Corp.*, 2007 WL 3104794, at *4 (E.D. Mich. Oct. 22, 2007); *see also Patlex Corp. v. Mossinghoff*, 758 F.2d 594, 602 (Fed. Cir. 1985) (describing the principal benefits of the reexamination procedure).

### 2. Staying Litigation Pending Reexamination

Courts have the inherent power to manage their dockets, including the power to stay a case pending the result of a reexamination by the USPTO. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988). While the decision to stay a litigation pending reexamination is discretionary, there is a liberal policy in many Districts, including this one, in favor of granting a stay. *Donnelly*, 2007 WL 3104794, at *3; *Lentek Int'l, Inc. v. Sharper Image Corp.*, 169 F. Supp. 2d 1360, 1362 (M.D. Fla. 2001) ("As several courts have noted, the sponsors of the patent reexamination legislation clearly favored the liberal grant of stays by the district courts when patents are submitted for reexamination...."); *ASCII Corp. v. STD Entertainment USA, Inc.*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994) ("[T]here is a liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissuance proceedings."); *GPAC, Inc. v. D.W.W. Enters., Inc.*, 144 F.R.D. 60, 62 (D.N.J. 1992) ("Congress noted its

---

and that there is no confidential material contained in the letter. Therefore, it was not necessary to file this exhibit under seal.

approval of district courts liberally granting stays within their discretion.").[3]

In deciding whether to grant a stay, courts consider the following three factors: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Gonnocci*, 68 U.S.P.Q.2d at 1757. There are numerous advantages to granting a stay pending resolution of a reexamination, including:

1. All prior art presented to the Court will have been first considered by the PTO, with its particular expertise.

2. Many discovery problems relating to prior art can be alleviated by the PTO examination.

3. In those cases resulting in effective invalidity of the patent, the suit will likely be dismissed.

4. The outcome of the reexamination may encourage a settlement without the further use of the Court.

5. The record of reexamination would likely be entered at trial, thereby reducing the complexity and length of the litigation.

6. Issues, defenses, and evidence will be more easily limited in pre-trial conferences after a reexamination.

7. The cost will likely be reduced both for the parties and the Court.

*Id.*; *see also Softview Computer Prods. Corp. v. Haworth Inc.*, 56 U.S.P.Q.2d 1633, 1635 (S.D.N.Y. 2000) (articulating the same seven advantages).

## B. A Stay of the Litigation Pending the Outcome of the Reexamination is Warranted

The Court should stay this litigation pending resolution of the reexamination of the '630

---

[3] Other Districts are more inclined to deny requests to stay cases pending reexamination. *See, e.g., PureChoice, Inc. v. Honeywell Int'l, Inc.*, 2007 WL 1189844 (E.D. Tex. Apr. 20, 2007); *Biax Corp. v. Fijitsu Computer Sys. Corp.*, 2007 WL 614187 (E.D. Tex. Feb. 26, 2007).

patent in light of the extensive body of prior art raised in the request for reexamination. Each of the three factors that courts consider in considering a stay request in these circumstances warrants granting IPG's motion.[4]

    1.  <u>Staying This Litigation Will Simplify the Issues and Avoid Wasting Resources</u>

Staying the litigation until resolution of the reexamination will very likely eliminate, or at least narrow or simplify, the issues in dispute. *IMAX Corp. v. In-Three, Inc.*, 385 F. Supp. 2d 1030, 1032 (C.D. Cal. 2005) ("A stay will always simplify the issues in the litigation to some extent.") Reexamination here should lead to the invalidation—or at minimum substantial modification—of all of twenty-four asserted claims of the '630 patent. As noted, patent claims are invalidated or modified in over 70% of reexamination proceedings. *See Donnelly*, 2007 WL 3104794 at *5; *see also Tse*, 2007 WL 2904279, at *3 ("[T]he PTO cancels all claims in approximately twelve percent of all reexaminations and changes some claims in approximately sixty-four percent.").

At minimum, by staying the case until the reexamination is concluded, the Court will have the benefit of the USPTO's expert opinion on the applicability of the prior art that has been raised in the reexamination. *Donnelly*, 2007 WL 3104794, at *6 ("[C]ourts routinely have recognized the benefits to courts of having USPTO expertise and experience to inform patent trial proceedings."); *Gonnocci*, 68 U.S.P.Q.2d at 1759 ("Although not binding on this Court, the PTO's decision will be admissible and carries a presumption of validity.").

The *Donnelly* court found that this factor favored the grant of a stay, for multiple reasons.

---

[4] While the USPTO has not yet ordered the reexamination of the '630 patent, it must render a decision on whether to do so within three months. *See* 35 U.S.C. § 303(a) (2007). It is not uncommon for a Defendant to simultaneously file a motion to stay when seeking a reexamination at the USPTO. *See, e.g., Gonnocci*, 68 U.S.P.Q.2d at 1756 (granting a motion to stay that was filed on the same day as the reexamination request); *Tse*, 2007 WL 2904279, at

2007 WL 3104794, at *6. First, it was statistically likely that at least some of the patent claims would be canceled or modified based on the reexamination. *Id.* Second, issues related to discovery and trial would be simplified by having the expert opinion of the USPTO. *Id.* Third, patent invalidity was a major issue pending in the case, and thus the case would be greatly simplified based on the reexamination. *Id.* All of these reasons likewise apply here. Invalidity is a key issue in this case. IPG has not only raised the affirmative defense of patent invalidity, but it has filed a counterclaim seeking a declaration of patent invalidity as well. (IPG's Answer, Affirmative Defenses, and Counterclaims, Dkt. 6.)

### 2. The Early Stage of This Litigation Weighs Strongly in Favor of a Stay

When a case is in its early stages, a stay is warranted in the interests of judicial efficiency and economy. *See Donnelly*, 2007 WL 3104794, at *6-7. While this case has been pending for approximately a year, it is still in its relatively early stages. Claim construction has not occurred. Neither party has filed a summary judgment motion.

While the parties have answered interrogatories and produced documents, neither has yet taken a deposition. Indeed, as noted above, IMRA has not even noticed any depositions. Although opening expert reports are due today, December 21, 2007, IMRA stated earlier today that it would not comply with this deadline, which was set in the joint stipulation that the parties filed just two weeks ago. Rather, IMRA wants to further delay opening expert reports by another seven weeks, to February 8, 2008. Where a patent owner is unwilling or unable to take a position on why its claims are allegedly infringed, clearly the case is at a very early stage.

Moreover—and critically—IMRA only last week finally defined the scope of this case, by identifying the full scope of claims and products at issue. Last April, this case was about only

---

*2 ("In light of the 'liberal policy' favoring stays pending reexamination, a court can grant a stay even if the Patent

four claims. It expanded to twenty claims in November. It now stands, as of mid-December, at twenty-four claims. Given how long this case has been in flux, it was simply not possible until now for IPG to present a comprehensive reexamination request that would deal with all of the asserted claims. IMRA's delay in identifying these claims directly impeded IPG's, and its expert's, ability to perform a complete prior art investigation and invalidity analysis.

IMRA's delay in other regards has also impacted IPG's ability to develop its invalidity defense. Specifically, IMRA also refused until last week, on December 13, to provide a full and complete response to IPG's interrogatory seeking IMRA's contentions on the dates on which it allegedly conceived and reduced to practice the inventions claimed in the '630 patent, and identification of the evidence allegedly corroborating these dates. This information is important to invalidity, since whether a reference is prior art to the '630 patent can in some instances turn on these dates of conception and reduction to practice. *See* 35 U.S.C. §§ 102(a), (e), (g) (2007). Given all of this, compounded by the fact that the complex fiber laser and amplifier technology in the '630 patent necessitated close review by IPG's expert, IPG's reexamination request was filed with the USPTO as early as practicable.

In *Donnelly*, the Court granted a stay pending reexamination even though that case was much farther along than the current litigation. It had been pending for a year and a half, and the parties had already produced documents, responded to interrogatories and requests for admission, and conducted several depositions. 2007 WL 3104794 at *7. Despite all the work that had been done, the court noted that "substantial fact discovery on all fronts still remains before summary judgment briefs could be submitted," and concluded that "the stage of the litigation weighs *strongly* in favor of granting Defendants' motion [to stay]." *Id.* (emphasis

---

Office is still considering whether to grant a party's reexamination request.")

9

added).

This case is also in its relative infancy when compared to other cases where courts have granted stays. For example, in *Gonnocci*, the parties had conducted "substantial discovery" and even filed summary judgment motions, yet the Court still found that "far more time and resources remain to be spent before this matter is concluded" and granted the request for a stay. 68 U.S.P.Q.2d at 1758; *see also Softview*, 56 U.S.P.Q.2d at 1636 (staying a litigation that had been pending for three years even though "a great deal of activity" in the litigation had taken place, including the filing of "extremely voluminous summary judgment motions" because "much remains to be done before the case is ready for trial"). One court even granted a stay pending a reexamination where the case had been pending for *eight years* and was less than two months away from trial. *Middleton, Inc. v. Minnesota Mining & Mfg. Co.*, 2004 WL 1968669 (S.D. Iowa Aug. 24, 2004).

Here, the parties still have considerable additional fact discovery (including depositions in the U.S. and abroad), IMRA's opening expert report, both parties' rebuttal expert reports, expert discovery and depositions, *Markman* briefing, and summary judgment briefing to complete before this case will be ready for trial. It would be beneficial to both the Court and the parties to prevent the expenditure of a great deal of time, effort and money into a case that should go away, and at minimum will likely significantly change, once the USPTO completes reexamination. All of this additional effort and expense would thus be wasted by proceeding in the face the high likelihood that claims will be cancelled, or at least altered, during reexamination.

### 3. A Stay Would Not Unduly Prejudice IMRA or Present a Clear Tactical Disadvantage to IMRA

Staying this litigation will not unduly prejudice, or present any clear tactical disadvantage

10

to, IMRA. While the requested stay will certainly cause some delay, such delay alone does not amount to sufficient prejudice to overcome the liberal policy in favor of granting a stay. *KLA-Tencor Corp. v. Nanmetrics, Inc.*, 2006 WL 708661, at *3 (N.D. Cal. Mar. 16, 2006) ("[T]he delay inherent to the reexamination process does not constitute, by itself, undue prejudice."). The delay should be minimized by the USPTO. Patent examiners are obligated to conduct reexamination proceedings "with special dispatch." 35 U.S.C. § 305 (2007). Furthermore, reexamination proceedings for patents currently involved in litigation take priority over other cases. *See* MPEP § 2261 (Forman Decl., Ex. 7.)

Moreover, IMRA has not sought to expeditiously enforce its patent rights. The '630 patent issued in 1998. IPG has sold the accused products since the mid-to-late 1990's. IMRA cannot credibly maintain that it will be unfairly prejudiced by delay pending resolution of the reexamination, when it itself delayed *eight years* before filing this suit. And as noted above, IMRA has delayed throughout this case in defining the scope of the asserted claims an accused products, and refuses to this day to articulate any contention as to why even a single IPG product infringes even a single IMRA claim.

Nor is IMRA suffering any irreparable harm such as loss of market share or loss of good will due to IPG's allegedly infringing actions. For example, IMRA did not seek a preliminary injunction against IPG's allegedly infringing activities. That is because while IMRA sells some lasers (*see* http://www.imra.com/products-lasers.html), those lasers are "ultrafast" lasers, which IPG does not make or sell and which occupy a different market segment than the accused IPG products. Since IPG's allegedly infringing sales present no threat to IMRA's market share, delay will not result in undue prejudice. *See Baxa Corp. v. Forhealth Techs., Inc.*, 2006 WL 4756455, at *2 (M.D. Fla. May 5, 2006) (rejecting patentee's argument that a stay would irreparably harm

11

its market share where patentee failed to move for a preliminary injunction).

To the contrary, both IPG and IMRA will benefit from a stay of this litigation. IMRA will be spared the effort and expense of engaging in costly litigation that may turn out to be wasteful in light of the reexamination results. *See Donnelly*, 2007 WL 3104794 at *9 (noting that the patentee will benefit from a stay of the litigation). Given all the work that remains to be done in this case, IMRA will benefit from waiting until reexamination is complete before engaging in these tasks. *Id.*

## IV.    CONCLUSION

For the foregoing reasons, IPG respectfully requests the Court to stay this litigation pending the result of the reexamination of the '630 patent.

Dated:  December 21, 2007

/s/ Kurt L. Glitzenstein
Barbara L. Mandell (P36437)
Dykema Gossett PLLC
39577 Woodward Avenue - Suite 300
Bloomfield Hills, MI 48304
Telephone: 248-203-0570
Facsimile: 248-203-0763
bmandell@dykema.com

Kurt L. Glitzenstein
Fish & Richardson P.C.
225 Franklin Street
Boston, MA 02110
Telephone: 617-542-5070
Facsimile: 617-542-8906
glitzenstein@fr.com

Attorneys for Defendant
IPG PHOTONICS CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2007, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

**Edward H. Pappas**
**John B. Dolan**
**Robert L. Kelly**
**Amy C. Chun**
**Craig S. Summers**

By: /s/ Kurt L. Glitzenstein_____