UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NETJUMPER SOFTWARE, L.L.C.,  Case No. 04-70366-CV
a Michigan limited liability corporation,  Hon. Julian Abele Cook
  Magistrate Judge R. Steven Whalen

    Plaintiff,

vs.

GOOGLE INC.,
a Delaware corporation,

    Defendant.
_____/

**NETJUMPER'S OPPOSITION TO GOOGLE'S MOTION
TO STAY PENDING RESOLUTION OF THE REEXAMINATION
PROCEEDINGS BEFORE THE UNITED STATES PATENT AND
TRADEMARK OFFICE, OR IN THE ALTERNATIVE TO CONTINUE THE
<u>TRIAL DATE TO LATE SEPTEMBER OR EARLY OCTOBER</u>**

LAW OFFICES
**SOMMERS SCHWARTZ, P.C.**
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

Dockets.Justia.com

# TABLE OF CONTENTS

STATEMENT OF THE ISSUES ................................................................................................ III

STATEMENT OF THE ISSUES ................................................................................................ III

INTRODUCTION .......................................................................................................................... 1

FACTS AND PROCEDURAL HISTORY ................................................................................... 2

ARGUMENT .................................................................................................................................. 4

    A.    A STAY IS NOT WARRANTED IN THIS CASE WHICH IS COMPLETE EXCEPT FOR TRIAL AND WHERE THE REEXAMINATION PROCEEDING HAS NOT PROCEEDED BEYOND THE INITIAL STAGES ......................................... 4

        1.    Factor (3) Militates Against a Stay Because Discovery is Complete and a Trial Date Has Been Set ................................................................. 5

        2.    A Stay Pending Reexamination Will Not Result in a Simplification of the Issues or Trial in this Case .................................................... 6

        3.    Delaying the Trial in this Case Would Unduly Prejudice NetJumper ........................................................................................................................ 7

    B.    A CONTINUANCE IS ALSO UNWARRANTED UNDER THE CIRCUMSTANCES IN THIS CASE ................................................................................ 8

CONCLUSION ............................................................................................................................... 9

LAW OFFICES
**SOMMERS SCHWARTZ, P.C.**
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

# TABLE OF AUTHORITIES

**CASES**

*Cooper Technologies Co. v. Thomas & Betts Corp.*, 2008 WL 906315 *1 (E.D. Tex. 2008) .................... 7

*Emhart Industries, Inc. v. Sankyo Seiki Manufacturing Co.*, 3 US PQ 2nd 1889 (ND Ill. 1987) ............... 5

*Ethicon, Inc. v. Quigg*, 849 F.2d 1422 (Fed. Cir. 1988) ........................................................................ 4

*Fortel Corp. v. Phone-Mate, Inc.*, 825 F.2d 1577 (Fed. Cir. 1987) ...................................................... 7

*Fujitsu Ltd. v. Nanya Technology Corp.*, 2007 WL 3314623 (N.D. Cal. 2007) ...................................... 6, 7

*IMAX Corp. v. In-Three, Inc*, 385 F. Supp. 2d 1030 (C.D. Cal. 2005) ...................................................... 4, 6

*KLA-Tencor Corp. v. Nanometrics, Inc.,* 2006 WL 708661 *3 (N.D. Cal. 2007) ...................................... 5

*Magna Donnelly Corp. v. Pilkington North America, Inc.* 2007 WL 772891*2 (WD Mich 2007) ........... 5

*Nanometrics, Inc. v. Nova Measuring Measurements, Limited*, 2007 WL 627920 *1 (ND Cal 2007) ...... 4

*Richo Co. v. Aeroflex, Inc.,* 2006 WL 3708069 (ND Cal 2006) ................................................................ 6

*Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660 (E.D. Tex. 2005) .............................. 6

*Viskase Corp.v. American National Can Co,* 261 F3rd 1316 (Fed Cir 2001) ............................................ 4

*Visto Corp. v. Research in Motion Ltd.*, 2007 WL 2900478 *1 (E.D. Tex. 2007) ...................................... 8

*Xerox Corp. v. 3Com Corp.*, 69 F. Supp. 2d 404 (W.D.N.Y. 1999) .................................................... 3, 4, 6

LAW OFFICES
**SOMMERS SCHWARTZ, P.C.**
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

# STATEMENT OF THE ISSUES

1. WHETHER THIS CASE, WHICH HAS BEEN PENDING FOR OVER FOUR YEARS, SHOULD BE STAYED PENDING THE OUTCOME OF THE REEXAMINATION OF THE "172 PATENT IN WHICH THE USPTO HAS NOT YET ISSUED A SINGLE OFFICE ACTION?

    Plaintiff and Counter-Claim Defendant NetJumper answers: NO

2. WHETHER, IF A STAY IS NOT GRANTED, THE TRIAL DATE SHOULD BE CONTINUED BY APPROXIMATELY NINE WEEKS UNTIL LATE SEPTEMBER OR EARLY OCTOBER FOR THE CONVENIENCE OF DEFENDANT'S NON-PARTY WITNESSES?

    Plaintiff and Counter-Claim Defendant NetJumper answers: NO

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

## INTRODUCTION

This Court should deny Defendant and Counter-Claim Plaintiff Google, Inc.'s ("Google's") Motion to Stay Pending Resolution of the Reexamination Proceedings Before the United States Patent and Trademark Office, or in the Alternative, to Continue the Trial Date to late September or Early October ("Motion to Stay") because the Motion was filed at the eleventh hour for the sole purpose of disadvantaging Plaintiff NetJumper Software, L.L.C. ("NetJumper"), a small company with limited resources. Contrary to Google's characterization, the reexamination proceeding of US Patent No. 5,890,172 (the "'172 Patent") is not "well underway," but rather has barely begun. Google requested the reexamination from the USPTO almost ten months ago, but the only action from the USPTO to date is the October 5, 2007 initial grant of Google's ex-parte request for reexamination. As a result, there is significant uncertainty as to whether the reexamination will be complete anytime soon. Moreover, recent statistics indicate that reexaminations are taking upwards of almost thirty months as a median average to complete.

Additionally, Google continues to infringe NetJumper's '172 Patent despite its repeated misrepresentations to the contrary in its Motion to Stay. Finally, this case was filed over four years ago in February, 2004. Trial is set for July 22, 2008. Both discovery cut-off and dispositive motion cut-off have long passed, the Court has issued its claim construction order and denied Google's motion for summary judgment. As such, except for the trial, this case is essentially complete. Therefore, this is exactly the type of case in which a stay pending reexamination is not warranted.

Google's alternate request for a continuance of approximately nine weeks based on its assertion that certain third-party witnesses are allegedly unavailable for the July 22nd trial and that expert discovery is remaining to be completed is equally without merit. As stated above, discovery has closed and the Court has heard and denied Google's motion for summary judgment. Any incomplete expert discovery is due entirely to Google's failure to timely notice and take depositions of Plaintiff's experts,

who have always been available for deposition. NetJumper should not be penalized for Google's failure to complete expert discovery in a case that has been pending for more than four years by the grant of the stay Google now seeks.

## **FACTS AND PROCEDURAL HISTORY**

On February 2, 2004, NetJumper filed its complaint in this case alleging that Google infringed the '172 Patent. On March 29, 2006, this Court issued an order denying Google's motion for summary judgment of non-infringement and invalidity of the '172 Patent. In July 2007, this Court conducted a *Markman* hearing and issued its order construing claims on March 28, 2008. On May 13, 2008, this Court issued its final scheduling order setting the date for motions in limine for July 7, 2007, the joint final pre-trial report for July 7, 2008, the final pre-trial conference for July 14, 2008 and trial to begin on July 22, 2008. Additionally, on May 19, 2008, the Court set a settlement conference for June 27, 2008.

Pursuant to the amended scheduling order issued September 12, 2005, the discovery cut-off was October 24, 2005 and the dispositive motion cut-off was November 7, 2005. On September 1, 2006, the Court entered an order extending expert discovery to September 30, 2006. Google claims that a stay or a continuance is warranted in part due to the alleged necessity to complete expert discovery of "six different experts" and due to the alleged unavailability of certain third party witnesses. Again contrary to Google's representations, there are not six different experts in this case, but rather only four: two for Google and two for NetJumper.[1]

With respect to the expert witnesses, Google offers no explanation for why these experts could not have been deposed at any time previously during the four-year pendency of this case. Plaintiff's experts have at all times remained available for deposition during the discovery period. Thus, the

---

[1] Bernard Galler, listed as a rebuttal expert on page 6 of Google's Brief in Support of Motion to Stay, is deceased and was already deposed in this case prior to his death. As a result, he cannot be listed as an expert remaining to be deposed. Moreover, Defendant's counsel has previously informed Plaintiff's

LAW OFFICES
**SOMMERS SCHWARTZ, P.C.**
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

2

asserted necessity to complete additional expert discovery prior to the July 22, 2008 trial date is due solely to the dilatory actions of Google and not to any behavior on the part of NetJumper. Significantly, Google's counsel recently sent a letter to Plaintiff's counsel suggesting a proposed schedule for taking depositions of the experts prior to the July 22nd trial date. **See Exhibit 1**. Apparently, despite Google's protestations to the contrary, the remaining discovery of the experts can indeed be accomplished prior to the existing trial date. As to the alleged unavailability of certain third-party witnesses, one of them, Russel Beale, was not even previously identified as a witness by Google. **See Exhibit 2, Google's Witness List**. While NetJumper recognizes that witnesses often have conflicting obligations, the identified third-party witnesses should have known of the imminence of a trial in this case, particularly considering that the case has been pending for over four years.

Google requested a re-examination of the '172 Patent on August 23, 2007. The only action issuing from the USPTO to date is the grant of Google's request in a decision dated October 5, 2007. See Exhibit 1 to Google's Brief in Support of Motion to Stay. There is no indication from the USPTO how long it will take to complete the proceeding. As reexaminations routinely take between 18 months to two years (See *Xerox Corp. v. 3Com Corp.*, 69 F.Supp.2d 404, 407 (W.D.N.Y. 1999) (average time for reexamination 19.2 months not accounting for time for any appeal)), it is highly likely that the reexamination will not be resolved "imminently" as Google asserts. That average time has only increased, according to very recent statistics.[2] Significantly, when Google filed its request for reexamination in August of 2007, it did not request a stay of this case at that time. Moreover, Google gives no explanation for why it did not file its request for reexamination earlier despite having been aware of the majority of the prior art asserted in its request almost two years prior to making that

---

counsel that Google did not intend to use Joel Steckel, listed as a rebuttal expert on page 6 of Google's Brief in Support of Motion to Stay.

request. **See Exhibit 3, Expert Report of Joseph Hardin, January 6, 2006 – Exhibit B, Hardin Invalidity Report Documents and Things Considered.** Nor has Google expressed any intention to be bound by a validity determination of the USPTO, should such a determination issue from the reexamination.

NetJumper is a small corporation with limited resources. It has incurred significant expenses litigating this case over the past four years. Any further delay in resolution of this case would seriously prejudice NetJumper. One of NetJumper's experts has already passed away during the unusually long pendency of this case and Google continues to blatantly infringe the '172 Patent. **See Exhibit 4, Google Screen Shot**. This case is essentially complete except for the trial; NetJumper is entitled to have its day in court.

## ARGUMENT

### A. A STAY IS NOT WARRANTED IN THIS CASE WHICH IS COMPLETE EXCEPT FOR TRIAL AND WHERE THE REEXAMINATION PROCEEDING HAS NOT PROCEEDED BEYOND THE INITIAL STAGES

A court is not required to issue a stay pending the outcome of a reexamination proceeding. *Viskase Corp.v American National Can Co,* 261 F.3d 1316, 1328 (Fed. Cir. 2001); *Nanometrics, Inc. v Nova Measuring Measurements, Ltd.,* 2007 WL 627920 *1 (N.D. Cal. 2007). Google correctly notes that a stay is in the discretion of the trial court. *Ethicon, Inc. v Quigg*, 849 F.2d 1422, 1427-28 (Fed. Cir. 1988). A party seeking a stay must "make out a clear case of hardship or inequity." *IMAX Corp. v. In-Three, Inc*, 385 F.Supp.2d 1030, 1032 (C.D. Cal. 2005)(citations omitted). """Parties should not be permitted to abuse the [reexamination] process by applying for reexamination after protracted, expensive discovery or trial preparation,"""" as is the situation here. *Xerox Corp*, 69 F.Supp.2d at 407

---

[2] R. Sterne, *The Real World Impact of Current USPTO Reexamination Practice and Procedure,* UDayton Significant Developments In Computer and Cyberspace Law Symposium, 6/6/08.

4

(citations omitted). In determining whether or not to grant a stay, courts generally consider three factors:

> (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set.

*Magna Donnelly Corp. v Pilkington North America, Inc.*, 2007 WL 772891 *2 (W.D. Mich. 2007).

### 1. Factor (3) Militates Against a Stay Because Discovery is Complete and a Trial Date Has Been Set

This case has been pending for over four years. Google requested the reexamination ten months ago but only now seeks a stay of next month's trial. As set forth in section II above, this case is virtually complete. The depositions of the four remaining experts can be accomplished before trial as evidenced by Google's counsel's recent proffer of a deposition schedule to NetJumper's counsel. **See Exhibit 1**. Based on the lengthy pendency of this case and the fact that not only is discovery complete, but dispositive motions have been heard and decided, Google's Motion to Stay is unfounded. *Cf. KLA-Tencor Corp. v Nanometrics, Inc.,* 2006 WL 708661 *3 (N.D. Cal. 2007) ("this is not a case where re-examination is sought on the eve of trial or after protracted discovery"). The cases relied upon by Google are not to the contrary. For example, in *Emhart Industries, Inc. v Sankyo Seiki Manufacturing Co.*, 3 U.S.P.Q. 2d 1889, 1891-1892 (N.D. Ill. 1987), the court granted a stay where the case had been pending for only 18 months, no pretrial order had been issued or trial scheduled, the plaintiff was responsible for delays of depositions necessary to determine whether defendant has the basis for filing a request for reexamination and, significantly, the defendant assured the court that it would be bound by a USPTO decision of validity.

In contrast, this case has been pending for over four years, the trial date is set for next month, the necessity for any additional discovery was due to Google's and not NetJumper's delay and Google has

LAW OFFICES
**SOMMERS SCHWARTZ, P.C.**
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

5

provided no indication that it would be bound by a decision of validity of the '172 Patent from the USPTO in the reexamination proceeding. The other two cases relied upon by Google are equally distinguishable. See *KLA-Tencor Corp*, 2006 WL 708661 at *1 (litigation was in very early stages of discovery and claim construction briefing had not yet occurred); *Ricoh Co. v Aeroflex, Inc.*, 2006 WL 3708069 (N.D. Cal. 2006) (court granted second request for stay pending reexamination after previously denying request for stay because procedural posture at USPTO was significantly different than at time of first request for stay; at time of second request, USPTO had issued a non-final office action rejecting all of the claims of the patent-in-suit and had ordered the patentee to respond to the office action within two months and indicated that the next office action would be the final office action).

In circumstances like this one, where there is uncertainty as to the length of the pending reexamination and where there has been significant progress in the litigation, many courts have denied motions to stay. See, e.g. *Xerox Corp*, 69 F.Supp.2d 404; *IMAX*, 385 F.Supp.2d 1030; *Fujitsu Ltd. v. Nanya Technology Corp.*, 2007 WL 3314623 (N.D. Cal. 2007); *Soverain Software LLC v. Amazon.com, Inc.*, 356 F.Supp.2d 660 (E.D. Tex. 2005).[3]

### 2. A Stay Pending Reexamination Will Not Result in a Simplification of the Issues or Trial in this Case

The Court has already issued its order on claim construction and denied Google's motion for summary judgment. As such the USPTO's expertise in reexamining the '172 Patent will not significantly assist the court in this case as, except for trial, the significant decisions have already been made. See *Soverain*, 356 F.Supp.2d at 662-63)("[T]he Court is unwilling to adopt a *per se* rule that patent cases should be stayed during reexamination because some of the relevant claims may be affected. To do so would not promote the efficient and timely resolution of patent cases, but would

---

[3] Google makes the surprising claim that it will seek leave to file another summary judgment motion if its motion for a stay is denied. However, it is unlikely that such leave would be granted since the Court previously denied Google's motion for summary judgment and dispositive motion cut-off is long past.

6

invite parties to unilaterally derail timely patent case resolution by seeking reexamination. Some of the claims may change in this case, but the Court is of the opinion that the interests of justice will be better served by dealing with that contingency when and if it occurs, rather than putting this case indefinitely on hold."); *Cooper Technologies Co. v. Thomas & Betts Corp.*, 2008 WL 906315 *1 (E.D. Tex. 2008)(while some claims may be voided, others likely to remain such that "waiting for the completion of the reexamination may only simplify the case to a limited degree. This factor is speculative and does not support a stay.").

Nor will there be any cost savings as a result of a decision on reexamination due to the advanced stage of the litigation. As Google correctly explains, the claims at issue in this litigation will either survive reexamination or not. Any significant changes to the claims would be subject to Google's intervening rights. *Fortel Corp. v. Phone-Mate, Inc.*, 825 F.2d 1577 (Fed. Cir. 1987). Thus, the reexamination will result in only one of two outcomes: the claims of the '172 Patent will be found valid or invalid. Most likely, at least some of the claims will be found valid as only 12% of reexaminations result in elimination of claims. *Fujitsu*, 2007 WL 3314623 at *3. If the USPTO validates any of the claims of the '172 Patent, there would still be a necessity for a trial in this case. More importantly, Google's failure to agree to be bound by a finding of validity from the USPTO renders a trial unavoidable. As such, the USPTO's ultimate decision on the reexamination is not likely to result in any simplification of the sole remaining event in this case, the trial.

### 3. Delaying the Trial in this Case Would Unduly Prejudice <u>NetJumper</u>

NetJumper is a small company with limited resources. In litigating this case for over four years, NetJumper has been forced to expend significant time and economic expenses to prosecute its rights under the '172 Patent. Google could have filed **both** its request for a reexamination and the instant Motion to Stay almost two years ago when it admittedly had knowledge of the prior art asserted in the

LAW OFFICES
**SOMMERS SCHWARTZ, P.C.**
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

reexamination request. **See Exhibit 3.** Yet, with no explanation for this delay, Google has now filed its Motion to Stay only six weeks prior to trial and after all other significant events in this case have been completed. By unnecessarily waiting until the eve of trial, the only basis for seeking a stay at this late stage can be to gain a tactical advantage over NetJumper and deny NetJumper its day in court. The fact that NetJumper does not manufacture or sell products based on the '172 Patent and the fact that it did not seek an injunction in this case is irrelevant. NetJumper has already expended significant resources in prosecuting this case and should not be forced to wait until the resolution of the USPTO's reexamination (the timing of which is completely uncertain) to obtain a decision in this case. See *Visto Corp. v. Research in Motion Ltd.*, 2007 WL 2900478 *1 (E.D. Tex. 2007)(where USPTO had not provided guidance on length of time for reexamination, potential delay for indefinite period will prejudice plaintiff).

Additionally, Google misleads the Court with respect to current infringement. To this date, Google continues to infringe the '172 Patent. **See Exhibit 4**, which is a compilation of screen shots taken last week of a new Google toolbar. It shows that the "Next and Previous" feature is <u>still</u> being marketed by Google. A stay would only encourage Google to continue infringing the '172 Patent with impunity. The only way to prevent significant prejudice to NetJumper is to deny the stay and allow this case to proceed to trial as scheduled.

### B. A CONTINUANCE IS ALSO UNWARRANTED UNDER THE CIRCUMSTANCES IN THIS CASE

Google's alternative request for a continuance of the trial until late September or early October should also be denied by the Court. Google contends that four third-party witnesses, only three of whom were previously identified, may have scheduling difficulties with the current trial date.[4] Google

---

[4] It is interesting that Google now insists a continuance is necessary for the convenience of third-party witnesses when it previously demonstrated a complete lack of regard for such witnesses' convenience. During discovery in 2005, Google subpoenaed the deposition of NetJumper's third-party witness, Rajat

8

also asserts that the extra time is necessary in order to complete the remaining expert discovery. As stated above, Google now admits that the remaining expert discovery can be completed prior to the scheduled trial date. See **Exhibit 1**. As such, a continuance is not necessary to permit discovery delayed by Google until long past the discovery cut-off. Google should not be permitted to benefit from its own dilatory actions particularly when the relief it seeks will cause prejudice to NetJumper. In any trial, there will be scheduling difficulties with witnesses. It was Google's obligation to make sure its witnesses would be available for a trial that has been imminent in this four-year-old case. To now claim that the scheduled trial date is inconvenient for some of Google's witnesses is insufficient grounds for the grant of a continuance.

## **CONCLUSION**

For the reasons set forth above NetJumper respectfully requests that the Court deny Google's Motion to Stay in its entirety and proceed with the current trial date.

Respectfully submitted,

Andrew Kochanowski (P55117)
SOMMERS SCHWARTZ, P.C.
Attorneys for Plaintiff
2000 Town Center Drive, Suite 900
Southfield, MI 48075
(248) 355-0300
akochanowski@sommerspc.com

Dated: June 11, 2008

---

Bhatnagar. Google rescheduled the deposition but failed to notify Mr. Bhatnagar, who having taken a day off from work and travelling to the location set forth in the subpoena, arrived at an empty building no longer occupied by Google's counsel who had previously moved to new offices, again without notifying Mr. Bhatnagar.

9

**PROOF OF SERVICE**

I certify that on 6-11-08, I electronically filed
the forgoing paper with the Clerk of the Court using
the ECF system which will send notification of such
filing to the following:

Kathleen A. Lang; klang@dickinsonwright.com
L. Pahl Zinn; pzinn@dickinsonwright.com
Jason W. Wolff; wolff@fr.com
Michael H. Baniak; baniak@mbhb.com

        s/Andrew Kochanowski (P55117)
        Sommers Schwartz, PC
        2000 Town Center, Suite 900
        Southfield, MI 48075
        (248) 355-0300
        akochanowski@sommerspc.com