UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NETJUMPER SOFTWARE, L.L.C.,

           Plaintiff,           Case number 04-70366

v.                                      Honorable Julian Abele Cook, Jr.

GOOGLE, INC.,

           Defendant.

## ORDER

On May 28, 2008, the Defendant, Google Inc., filed a motion to stay this litigation pending the final outcome of a reexamination of the patent at issue by the United States Patent & Trademark Office ("Patent Office"). In the alternative, Google asks that the trial date, which is currently set for July 22, 2008, be adjourned. The Plaintiff, NetJumper Software, LLC, opposes the motion.

I.

On February 2, 2004, NetJumper initiated this lawsuit, alleging that Google had infringed its U.S. Patent No. 5,890,172 (the '172 patent). On March 29, 2006, the Court entered an order that denied Google's motion for summary judgment which had addressed the alleged non-infringement and invalidity issues relating to the '172 patent. After construing certain terms of the challenged patent during a Markman hearing[1] on March 29, 2008, the Court issued a scheduling order which established the date of July 22, 2008 for a trial.

In support of its motion, Google asserts that it had submitted a request to the Patent Office

---

[1] *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996).

1

on August 23, 2007, in which it asked for a reexamination of the '172 patent for reasons involving prior art that had not been considered by the reviewing officials during the original prosecution of the patent. On October 5, 2007, the Patent Office found that substantial new questions of patentability had been raised as to all of the claims involving the '172 patent. According to Google, the Patent Office - with recognition that the '172 patent is the subject of the current litigation - will conduct its reexamination with "special dispatch."[2]

Although a motion to stay the proceedings is not found in the Federal Rules of Civil Procedure, the Court does possess the inherent power to control the disposition of those cases on its docket in an efficient and timely manner which includes the authority to stay proceedings. *Landis v. North American Co.,* 299 U.S. 248, 254 (1936). When addressing a party's request for a stay order, a court must exercise its judgment by weighing the competing interests and maintaining an even balance. *Id* at 254-55. The party, who seeks to obtain a stay, has an obligation to "make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Id.* at 255. The Sixth Circuit Court of Appeals has also stated that "the burden is on the party seeking the stay to show that there is a pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order." *Ohio Envtl. Council v. U.S. District Court,* 565 F.2d 393, 396 (6th Cir. 1977).

In patent cases, "courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a [Patent Office] reexamination."

---

[2]The term "special dispatch"is applied to those reexaminations that are placed on an accelerated schedule which, in turn, are given priority over other similarly situated claims. *Ethicon v. Quigg*, 849 F.2d 1422, 1426 (Fed.Cir. 1988).

*Ethicon*, 849 F.2d at 1426-27. Additionally, 28 U.S.C. § 471, part of a law which is commonly known as the "Civil Justice Reform Act of 1990," provides that a court shall implement a civil justice expense and delay reduction plan, the purpose of which is "to facilitate deliberate adjudication of civil cases on the merits, monitor discovery, improve litigation management, and ensure just, speedy, and inexpensive resolutions of civil disputes."

II.

When seeking to determine whether to issue a stay while awaiting the outcome of a pending reexamination of a patent claim by the Patent Office, courts are encouraged to conduct a three part inquiry that is focused upon "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Magna Donnelly Corporation v. Pilkington North America, Inc.*, 2007 WL 772891, 2 (W.D. Mich. 2007).

Turning to the first part of this recommended inquiry, NetJumper contends that, having already expended significant resources to advance this claim of infringement, it should not be forced to await a decision by the Patent Office which - arguably - may not be forthcoming for another year or so. In its assessment of the issues involved herein, the Court will take into account the possibility that a reexamination by the Patent Office may yield some change in the present status of the '172 patent. As such, a denial of Google's request could result in duplicative litigation if this case proceeds to trial as scheduled. As to the complaints by NetJumper that Google waited too long to apply for a reexamination, courts are encouraged to reject an application for a stay if it is clear that the motion is simply a dilatory tactic. *Xerox Corp. v. 3Com Corp.*, 69 F. Supp. 2d

3

404, 406-7 (W.D. N.Y. 1999). However, a look at the time-line of this case reveals that Google applied for the reexamination approximately eight months before a trial date had been set by the Court and over a year after losing its motion for summary judgment. The way in which these events have been spread out does not point to any dilatory approach by Google, as suggested by Netjumper. As such, the Court does not have any reason to believe that a stay of the proceedings would unduly prejudice NetJumper. In light of Google's representations that (1) its use of the allegedly infringing technology has been phased out, and (2) NetJumper is not currently operating as an ongoing business enterprise, the Court does not find the opponent of this motion to be in a position of vulnerability with regard to any continued alleged infringement.

The most persuasive of Google's arguments in favor of granting a stay goes to the second prong of the inquiry; namely, its proffered statistics which pertain to the results of reexaminations by the Patent Office, as well as a confirmation of relevant case law, that three quarters of the cases which have been reexamined by the Patent Office have resulted in some change in the status of the challenged patent whereas approximately one quarter of the reviewed patents are upheld in their entirety. *See, e.g., Tap Pharmaceutical Products, Inc. v. Atrix Laboratories, Inc.*, 70 U.S.P.Q.2d 1319, 1320 (N.D. Ill. 2004); *Rohm & Haas Co. v. Brotech Corp.*, 24 USPQ2d 1369 (D. Del. 1992); *Output Tech. Corp. v. Dataproducts Corp.*, 22 USPQ2d 1072, 1074 (W.D. Wash. 1991). Such statistics strongly militate in favor of granting a stay, even at this late stage in the pending federal court litigation. Thus, there is an extremely good chance that the Patent Office, after its reexamination of the '172 patent has been completed, will simplify or eliminate some or all of the contested issues from this litigation.

The recommended third prong under *Magna Donnelly* is to examine the stage of discovery

and to consider whether a definitive trial date has been set. Although a trial date has been set, it is not – standing alone – dispositive of the issue of whether to grant or deny the requested stay. There is some genuine dispute between the parties as to how much discovery remains. This issue, when taken together with the obligation of the Court under the Civil Justice Reform Act of 1990 which mandates that the parties be given a speedy, fair and economic resolution of their disputes, weigh in favor of avoiding the high likelihood of duplicating this litigation if the reexamination by the Patent Office yields controversial results.

### III.

In light of the foregoing factors, this Court finds that granting a stay pending the reexamination of the '172 patent by the Patent Office will (1) neither unduly prejudice nor present a clear tactical disadvantage to the non-moving party, and (2) simplify the controverted issues in this case. Moreover, although discovery is – arguably – incomplete, and even though a trial date has been set, this factor, without more, is not a sufficient basis upon which to deny the stay.

Therefore, this Court, in exercising its discretion, will grant Google's motion to stay these proceedings pending the publication of the decision by the Patent Office relating to its reexamination of the '172 patent.

IT IS SO ORDERED.


Dated: July 15, 2008                  s/ Julian Abele Cook, Jr.
    Detroit, Michigan              JULIAN ABELE COOK, JR.
                                  United States District Court Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on July 15, 2008.

s/ Kay Alford<br>
Case Manager